**FITAPELLI & SCHAFFER, LLP**
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **JESSY MANGAHAS, on behalf of herself and all others similarly situated,** | |
| **Plaintiff,** | |
| **-against-** | **No: 22 Civ. 4150** |
| **EIGHT ORANGES INC. DBA THE BAO; CHIBAOLA, INC. DBA ULUH; JOANNE HONG BAO, individually, and RICHARD LAM, individually,** | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **Defendants.** | |

Jessy Mangahas ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover minimum wages, overtime compensation, unlawful deductions, tip misappropriation, spread of hours pay, and other damages for Plaintiff and her similarly situated co-workers – servers, runners, bussers, bartenders, barbacks (collectively, "Tipped Workers") who work or have worked at The Bao located at 13 St. Mark Place, New York, NY 10003 ("The Bao") and Uluh located at 152 2nd Ave., New York, NY 10003 ("Uluh") (together "Defendants" or the "Restaurants'").

2.      The Bao is owned and operated by Eight Oranges Inc., Richard Lam ("Lam"), and Joanne Hong Bao ("Hong Bao").[1]

---

[1] Lam and Hong Bao are husband and wife and have remained as such throughout the relevant time period.

3.      Uluh is owned and operated by Chibaola Inc., Lam, and Hong Bao.

4.      During the relevant time period, Richard Lam and Joanne Hong Bao owned and operated the Restaurants together.

5.      The Bao is a Shanghai-style xiao long bao soup dumpling restaurant. Similarly, Uluh "offers a modern edge to traditionally crafted dishes from the many regions of China and Asia."[2]

6.      Defendants have been part of a single integrated enterprise that jointly employs Plaintiff and similarly situated Tipped Workers.

7.      At all times relevant, Plaintiff and other Tipped Workers were directed to work between Defendants' Restaurants at the direction and control of Defendants' common management and ownership. For example, Luhei Zhang regularly directed Plaintiff and other Tipped Workers to work at both Restaurants both on a continuous basis and also when one restaurant is short staffed. Plaintiff and other Tipped Workers are shared between locations without the need to apply for employment or undergo new training.

8.      Likewise, Defendants routinely shared supplies between the Restaurants, sending Plaintiff and other Tipped Workers to pick up supplies such as food, drinks, ingredients, serving ware, napkins, and other supplies.

9.      Defendants have failed to properly compensate Tipped Workers who work or have worked for them throughout the relevant time period.

10.     At all times relevant, Defendants paid Plaintiff and other Tipped Workers at or below the "tipped" minimum wage rate for tipped employees.

11.     Defendants have not satisfied the strict requirements under the Fair Labor Standards

---

[2] *See* Uluh's Website, (available at https://www.uluhny.com/)(last visited May 18, 2022).

Act ("FLSA") and/or the New York Labor Law ("NYLL") by which they could take a tip credit towards the hourly rates paid to Tipped Workers.

12.    In this regard, Defendants failed to provide Plaintiff and other Tipped Workers with notification of the tipped minimum wage rate or tip credit provisions of the FLSA and/or NYLL.

13.    Defendants also require Plaintiff and other Tipped Workers to engage in a tip distribution scheme wherein they must share tips with employees working as managers, expeditors, soup dumpling cooks, and the dessert cooks.

14.    Expeditors, managers, soup dumpling cooks, and dessert cooks are not entitled to share tips under the FLSA and the NYLL.

15.    Individuals employed as expeditors work in the back-of-the-house and are responsible for plating food dishes and organizing food trays for service to customers by servers or food runners. In this regard, expeditors do not wait on customers, take customer orders, or deliver food or beverages to customers. As a result, expeditors are not entitled to share tips under the FLSA and the NYLL.

16.    Individuals employed as soup dumpling cooks and dessert cooks work in the back-of-the-house and are responsible for preparing soup dumplings and desserts. Both cooks do not interact with customers. In that regard, the cooks do not wait on customers, take customer orders, or deliver food or beverages to customers. As a result, the soup dumpling cooks at The Bao and the dessert cooks at Uluh are not entitled to share tips under the FLSA or the NYLL.

17.    Defendants at The Bao also required Plaintiff and Tipped Workers to turn in all cash tips to the cash register comingling tips on a daily basis. At the end of the week, the tips that Plaintiff and Tipped Workers received were less than what they should have received. As a result, based on information and belief Defendants and/or their management kept a percentage of

Plaintiff's and Tipped Workers' tips.

18.     Defendants also require Plaintiff and other Tipped Workers to spend a substantial amount of time, 2 hours or more than 20% of their worktime, performing non-tip producing side work duties that were related to their tipped occupation, and require Plaintiff and other Tipped Workers to perform non-tipped producing side work unrelated to their tipped occupation.

19.     Defendants require Plaintiff and Tipped Workers to perform side work at the start, during, and at the end of each shift, usually before or after service when the restaurant is closed to the public.

20.     The duties that Defendants require Plaintiff and Tipped Workers to perform are duties that are customarily assigned to employees in other restaurants that typically receive at least the full minimum wage rate.

21.     The side work that Defendants require of Plaintiff and Tipped Workers are not specific to particular customers, tables, or sections, but is performed in mass quantities for the entire shift or for future shifts.

22.     Defendants require Plaintiff and Tipped Workers to spend this time performing non-tip producing side work, including, but not limited to: 1) cleaning bathrooms, 2) cleaning windows, 3) picking up supplies from the opposite restaurant, 4) shoveling snow and applying salt, 5) cleaning shelves, 6) scrapping the dining room and kitchen floor, 7) cleaning the sidewalk, 8) preparing to go orders, 9) throwing out garbage, 10) assist with dishes or bring buckets to the back for placement of the dishes, 11) cleaning the garbage from the bar and host stand, and 12) setting up and breaking down the restaurants' indoor and outdoor tables, among other tasks.

23.     As some of these duties are not related to Plaintiff's duties as a Tipped Worker, Plaintiff and similarly situated Tipped Workers are engaged in dual occupations for which they

are entitled to the full minimum wage.

24.    Defendants also maintained a policy and practice whereby they take unlawful deductions from Plaintiff and Tipped Workers' compensation.

25.    Specifically, Defendants would deduct the value of any customer walk outs, plate and glass breakage, and the value of any incorrect customer orders, from Plaintiff and Tipped Workers' wages.

26.    Additionally, Defendants unlawfully deducts an hour from Plaintiff and Tipped Workers hours for lunch at The Bao despite whether or not they take the hour off.

27.    Defendants also maintained a policy and practice whereby they require Plaintiff and Tipped Workers to purchase their t-shirt uniforms and failed to reimburse Plaintiff and Tipped Workers for these costs.

28.    Defendants also maintain a policy and practice whereby they failed to pay Plaintiff and Tipped Workers the spread of hours premium pay in violation of the NYLL.

29.    In that regard, Plaintiff and Tipped Employees often worked shifts and/or split shifts of ten (10) hours or more, and do not receive spread of hours pay, at the basic minimum hourly wage rate, for each day that they worked over ten hours.

30.    Defendants failed to provide Plaintiff and Tipped Workers with proper annual wage notices as require by the NYLL.

31.    Defendants also failed to provide Plaintiff and Tipped Workers with accurate wage statements with each payment of wages as require by the NYLL.

32.    On May 9, 2022, Plaintiff's counsel sent Defendants a pre-litigation demand letter outlining these multiple wage and hour violations. *See* **Exhibit A**.

33.    In response to the letter, on May 16, 2022, Defendants called a meeting with the

Tipped Workers who had not joined the action. At this meeting, under orders from Defendants, He Stefan communicated a bribe to Tipped Workers – if they did not join the case, they would receive an extra $2.00 per hour and 20% more tips.

34.    Defendants also threatened that the worst was yet to come and if others joined the lawsuit the restaurant(s) would close.

35.    On May 17, 2022, Defendants called a meeting with Plaintiff and four Opt-In Plaintiffs (Thinley Kalsang, Upendra Shahi, Vorraalan Aphiromdechanon, and Jason Quijije). At this meeting, under orders from Defendants, He Stefan offered them $1000 for each year they worked at a maximum of 4 years and instructed them not to speak with their attorneys or there would be no settlement any they would receive nothing.

36.    Based on information and belief, Defendants have continued to call meetings with opt-in Plaintiffs and putative class members and proceeded to offer money and/or benefits for not participating in this case and/or dropping the case.

37.    Plaintiff now brings this action on behalf of herself and similarly situated current and former Tipped Workers who elect to opt in to this action pursuant to the FLSA, specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and others similarly situated Tipped Workers of their lawfully earned wages.

38.    Plaintiff brings this action on behalf of herself and similarly situated current and former Tipped Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiff

**Jessy Mangahas**

39.    Jessy Mangahas ("Mangahas" or "Plaintiff") is an adult who is a resident of Queens, New York.

40.    Plaintiff began working for Defendants as a Tipped Worker in approximately 2018.

41.    Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

42.    A written consent form for Plaintiff is being filed with this Class and Collective Action Complaint.

### Defendants

43.    Defendants jointly employed Plaintiff and similarly situated Tipped Workers at all times relevant.

44.    Defendants have substantial control over Plaintiff's and Tipped Workers' working conditions, and over the unlawful policies and practices alleged herein.

45.    Defendants are part of a single integrated enterprise that has jointly employed Plaintiff and similarly situated employees at all times relevant.

46.    During all relevant times, Defendants' operations are interrelated and unified.

47.    During all relevant times, the Restaurants shared common management, and were centrally controlled and/or owned by Defendants.

48.    During all relevant times, Defendants allowed and instructed Plaintiff and Tipped Workers to transfer or be shared by and between different restaurant locations controlled and/or owned by Defendants.

49.    During all relevant times, Defendants have applied the same employment policies,

7

practices, and procedures to Plaintiff and all Tipped Workers.

50.    During all relevant times, Defendants have controlled the labor relations of the Restaurants.

51.    During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA and NYLL.

**The Bao**

52.    Eight Oranges Inc. is a domestic business corporation organized and existing under the laws of New York. It lists its DOS Process address as Eight Oranges Inc., 13 St. Mark Place, New York, NY 10003.

53.    Eight Oranges Inc. has done business as The Bao throughout the relevant time period.

54.    The Bao is listed as the trade name (DBA) for Eight Oranges Inc. under the New York State Liquor Authority.

55.    Eight Oranges Inc. was and is a covered employer within the meaning of the FLSA and the NYLL.

56.    Eight Oranges Inc. has maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices that applied to her.  Specifically, Eight Oranges Inc. is listed as the corporate payor on Plaintiff's pay stubs from The Bao.

57.    The Eight Oranges Inc. applies the same employment policies, practices, and procedures to all Tipped Workers at The Bao, including policies, practices, and procedures with respect to payment of wages.

58.    Upon information and belief, at all relevant times, Eight Oranges Inc. has had an annual gross volume of sales in excess of $500,000.

59.    At all times relevant, Defendants have employed more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce.

**Uluh**

60.    Chibaola Inc. is a domestic business corporation organized and existing under the laws of New York. It lists its DOS Process address as Chibaola Inc., 13 St. Mark Place, New York, NY 10003.

61.    Chibaola Inc. has done business as Uluh throughout the relevant time period.

62.    Uluh is listed as the trade name (DBA) for Chibaola Inc. under the New York State Liquor Authority.

63.    Chibaola Inc. was and is a covered employer within the meaning of the FLSA and the NYLL.

64.    Chibaola Inc. has maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices that applied to her.  Specifically, Chibaola Inc. is listed as the corporate payor on Plaintiff's pay stubs from Uluh.

65.    The Chibaola Inc. applies the same employment policies, practices, and procedures to all Tipped Workers at Uluh, including policies, practices, and procedures with respect to payment of wages.

66.    Upon information and belief, at all relevant times, Chibaola Inc. has had an annual gross volume of sales in excess of $500,000.

67.    At all times relevant, Defendants have employed more than 2 employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce.

**Richard Lam**

68.    Upon information and belief, Lam is a resident of the State of New York.

9

69.     At all relevant times herein, Lam has owned and operated the Restaurants.

70.     At all relevant times, Lam has maintained a direct and significant management role at the Restaurants.

71.     At all relevant times, Lam has been actively involved in managing the day-to-day operations of the Restaurants.

72.     Lam makes determinations regarding the hiring and firing of employees.

73.     The New York State Department of State identifies Lam as the CEO of the Restaurants.

74.     At all relevant times, Lam has had the power to stop any illegal pay practices that harmed Plaintiff and Tipped Workers at the Restaurants.

75.     At all relevant times, Lam has had the power to transfer the assets and/or liabilities of the Restaurants.

76.     At all relevant times, Lam has had the power the declare bankruptcy on behalf of the Restaurants.

77.     At all relevant times, Lam has had the power to enter into contracts on behalf of the Restaurants.

78.     At all relevant times, Lam has had the power to close, shut down, and/or sell the Restaurants.

79.     Lam is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, he has employed and/or jointly employed Plaintiff.

**Joanne Hong Bao**

80.     Upon information and belief, Hong Bao is a resident of the State of New York.

81.     At all relevant times herein, Hong Bao has owned and operated the Restaurants.

82.    At all relevant times, Hong Bao has maintained a direct and significant management role at the Restaurants.

83.    At all relevant times, Hong Bao has been actively involved in managing the day-to-day operations of the Restaurants.

84.    Hong Bao makes determinations regarding the hiring and firing of employees.

85.    Hong Bao is named as the president of Uluh under the New York State Liquor Authority.

86.    At all relevant times, Hong Bao has had the power to stop any illegal pay practices that harmed Plaintiff and Tipped Workers at the Restaurants.

87.    At all relevant times, Hong Bao has had the power to transfer the assets and/or liabilities of the Restaurants.

88.    At all relevant times, Hong Bao has had the power the declare bankruptcy on behalf of the Restaurants.

89.    At all relevant times, Hong Bao has had the power to enter into contracts on behalf of the Restaurants.

90.    At all relevant times, Hong Bao has had the power to close, shut down, and/or sell the Restaurants.

91.    Hong Bao is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, he has employed and/or jointly employed Plaintiff.

## JURISDICTION AND VENUE

92.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

93.    This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to

29 U.S.C. § 216(b).

94.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District,  and Defendants conduct business in this District.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

95.     Plaintiff brings the First and Second Cause of Action, FLSA claims, on behalf of:

> All current and former Tipped Workers employed at the Restaurants in New York between May 20, 2018 and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

96.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective for their minimum wages and overtime compensation owed.

97.     Consistent with Defendants' policies, patterns, or practices, Plaintiff and the FLSA Collective were not paid the proper minimum wage for all hours worked up to 40 per workweek and premium overtime compensation for all hours worked beyond 40 per workweek.

98.     Defendants also failed to furnish Plaintiff and the FLSA Collective with proper notice of the tip-credit.

99.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

100.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, the minimum wages for all hours worked up to 40 per workweek and premium overtime wages for all

hours worked in excess of 40 hours per workweek.

101.    A violation of the FLSA is "willful" if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988).

102.    Defendants knew or should have known that their wage and hour practices relating to Tipped Workers violated the FLSA's prohibition against improper tip sharing arrangements, management or the house receiving portions of gratuities, excessive side work and unlawful deductions. In this regard, district courts around the country, including district courts throughout New York, have dealt with hundreds of similar violations against comparable restaurants.

103.    Defendants failed to undertake any diligent review of its wage and hour practices relating to Tipped Workers.

104.    Defendants did not consult with counsel regarding their wage and hour practices relating to Tipped Workers.

105.    As a result, Defendants acted willful due to their reckless disregard of their conduct.

## CLASS ACTION ALLEGATIONS

106.    Plaintiff brings the Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and the class of persons consisting of:

> All current and former Tipped Workers at the Restaurants
> between October 5, 2015[3] and the date of the final judgment
> in this matter (the "NYLL Class").

107.    The NYLL Class members are so numerous that joinder of all members is

---

[3] This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

108.    There are more than fifty members of the NYLL Class.

109.    Plaintiff's claims are typical of those claims that could be alleged by any NYLL Class member, and the relief sought is typical of the relief which would be sought by each NYLL Class member in separate actions.

110.    Plaintiff and the NYLL Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all NYLL Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the NYLL Class members.

111.    Plaintiff is able to fairly and adequately protect the interests of the NYLL Class members and has no interests antagonistic to the NYLL Class members.

112.    Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

113.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

114.    Common questions of law and fact exist as to the NYLL Class that predominate

14

over any questions only affecting Plaintiff and the NYLL Class members individually and include, but are not limited to, the following:

(a) Whether Defendants failed to furnish Plaintiff and the NYLL Class with proper notice of the tip-credit;

(b) Whether Defendants failed to pay Plaintiff and the NYLL Class minimum wages for all of the hours they worked;

(c) Whether Defendants correctly compensated Plaintiff and the NYLL Class for hours worked in excess of 40 per workweek.

(d) Whether Defendants distributed a portion of the tips to workers who are not entitled to receive tips;

(e) Whether Defendants required Plaintiff and the NYLL Class to spend more than 20% and/or 2 hours, whichever is less, of their time performing non-tipped side work duties;

(f) Whether Defendants deduction breakage, walk outs, and wrong orders against the wages of Plaintiff and the NYLL Class;

(g) Whether Defendants failed to properly distribute tips;

(h) Whether Defendants failed to reimburse Plaintiff and the NYLL Class for purchasing t-shirts from Defendants as part of Plaintiff's and the NYLL Class's uniform;

(i) Whether Defendants failed to furnish Plaintiff and the NYLL Class with spread of hours premium pay for working shifts and/or split shifts of ten (10) hours or more for each day that they worked over ten hours;

(j) Whether Defendants failed to furnish Plaintiff and the NYLL Class with a proper time of hire wage notice, as required by the NYLL; and

(k) whether Defendants failed to furnish Plaintiff and the NYLL Class with accurate statements with every payment of wages, as required by the NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

115.    Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Jessy Mangahas**

116.    Throughout her employment, Mangahas' schedule varied, but she has generally worked the following scheduled hours, unless she missed time for vacation, sick days, or holidays, or obtained additional shifts:

  (a) Prior to December 2021, four to six days a week from approximately 11:00am to 9:30pm or 10:30pm.

  (b) Beginning in December 2021, Mangahas received consistent shifts at both the Bao and Uluh.

   i.  The Bao: 3 days per week from approximately 11:00am to 9:30/10:30pm; and

   ii. Uluh: 3 days per week from approximately 11:00am to 9:30pm.

117.    After receiving Plaintiff's demand letter, Defendants reduced her schedule from 6 days per week to 5 days per week.

118.    Throughout Plaintiff's employment, Defendants applied a tip credit towards the minimum wage paid to her for work performed as a server.

119.    Defendants failed to properly notify Plaintiff in writing of the tip credit provisions of the FLSA and NYLL.

120.    Defendants unlawfully required Plaintiff to share tips with managers, expeditors, Soup dumpling cooks, and dessert cooks, employees in positions that are not entitled to share tips under the FLSA and NYLL.

121.    Defendants also require Plaintiff to spend this time performing non-tip producing side work for more than 20 percent of her worktime and/or two hours, including, but not limited

to: 1) cleaning bathrooms, 2) cleaning windows, 3) picking up supplies from the opposite restaurant, 4) shoveling snow and applying salt, 5) cleaning shelves, 6) scrapping the dining room and kitchen floor, 7) cleaning the sidewalk, 8) preparing to go orders, 9) throwing out garbage, 10) assist with dishes or bring buckets to the back for placement of the dishes, and 11) setting up and breaking down the restaurants' indoor and outdoor tables, among other tasks.

122.    As a result of the above, Defendants do not satisfy the requirements under the FLSA and NYLL by which they could apply a tip credit to the hourly rates paid to Plaintiff, and Defendants have failed to compensate her at the proper minimum and overtime wage rate.

123.    At all times relevant, Plaintiff was entitled to receive the full statutory minimum wage rate for the first 40 hours of work each workweek and time and one-half the full minimum wage rate for all hours worked beyond 40 per workweek.

124.    Defendants made deductions from Plaintiff's compensation for reasons including, breakage, walk outs, and wrong orders.

125.    Additionally, Defendants failed to reimburse Plaintiff with the costs associated with purchasing t-shirts, as part of a uniform, from Defendants, in violation of 12 N.Y.C.R.R. Part 146 § 146-1.8.

126.    Defendants also failed to pay Plaintiff spread of hours premium pay for shifts and/or split shifts worked in excess of ten (10) hours or more in violation of the NYLL.

127.    Defendants failed to furnish Plaintiff with proper annual wage notices, as required by the NYLL.

128.    Moreover, Defendants failed to furnish Plaintiff with accurate statements of wages with each payment of wages as required by the NYLL.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

129.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

130.    At all times relevant, Plaintiff and the FLSA Collective were, are, or have been employees, and Defendants were, are, or have been employers of Plaintiff and the FLSA Collective, within the meaning of 29 U.S.C §§ 201 *et seq*.

131.    At all times relevant, Defendants have been employers of Plaintiff and the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq*.

132.    Defendants have not been eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq*., because Defendants failed to give proper § 203(m) notice, required Plaintiff and the FLSA collective to share tips with tip-ineligible positions, and required them to perform a substantial amount of non-tipped "side work" in excess of 20 percent of their work time. Defendants compensated Plaintiff and the FLSA Collective at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201 *et seq*.

133.    Defendants also required Plaintiff and the FLSA Collective to pay for tools of the trade, such as uniforms.

134.    Defendants applied an automatic 1-hour break deduction, even in instances where Plaintiff and the FLSA Collective did not take a break.

135.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA

in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated

damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29

U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

136.    Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

137.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and

the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA

Collective.

138.    Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime

wages to which they were entitled under the FLSA – at a rate of 1.5 times the full minimum wage

rate – for all hours worked beyond 40 per workweek.

139.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA

Collective have suffered damages by being denied overtime compensation in amounts to be

determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys'

fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## THIRD CAUSE OF ACTION
### New York Labor Law – Minimum Wages
### (Brought on behalf of Plaintiff and the NYLL Class)

140.    Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

141.    At all times relevant, Plaintiff and the NYLL Class have been employees of

Defendants, and Defendants have been employers of Plaintiff and the NYLL Class within the

meaning of the NYLL §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

142.    Defendants have failed to pay Plaintiff and the NYLL Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

143.    Pursuant to the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff and the members of the NYLL Class the full minimum wage at a rate of (a) $11.00 per hour on and after December 31, 2016; $13.00 per hour on and after December 31, 2017; $15.00 per hour on and after December 31, 2018.

144.    Defendants have failed to notify Plaintiff and the NYLL Class of the tip credit in writing as required by the NYLL and the supporting New York State Department of Labor Regulations.

145.    Defendants also required Plaintiff and the NYLL Class to spend a substantial amount of time, 2 hours or more than 20% of their work time, performing non-tip producing side work duties that were related to their tipped occupation, and required Plaintiff and the NYLL Class to perform non-tip producing side work unrelated to their tipped occupation.

146.    Defendants also required Plaintiff and the NYLL Class to share a portion of their tips to tip-ineligible positions.

147.    Defendants applied an automatic 1-hour break time, even in instances where Plaintiff and the NYLL Class did not take a break.

148.    As a result, Plaintiff and the NYLL Class have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during this time period.

149.    Due to Defendants' violations of the NYLL, Plaintiff and the NYLL Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Overtime Wages**
**(Brought on behalf of Plaintiff and the NYLL Class)**

150.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

151.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the NYLL Class.

152.    Defendants failed to pay Plaintiff and the NYLL Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times the full minimum wage rate – for all hours worked beyond 40 per workweek.

153.    Due to Defendants' violations of the NYLL, Plaintiff and the NYLL Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Tip Misappropriation**
**(Brought on behalf of Plaintiff and the NYLL Class)**

154.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

155.    Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff and the NYLL Class in violation of NYLL, Article 6, § 196-d, and

the supporting New York State Department of Labor Regulations.

156.    Defendants unlawfully retained part of the gratuities earned by Plaintiff and the NYLL Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

157.    Defendants require Plaintiff and the NYLL Class to share portions of the gratuities and/or service charges they received with employees other than servers, bussers, runners, bartenders, or similar employees, in violation of NYLL, Article 6 § 196-d, and the supporting New York State Department of Labor Regulations.

158.    By Defendants' knowing or intentional demand for, acceptance of, and/or retention of a portion of the gratuities and/or service charges received by Plaintiff and the NYLL Class, Defendants have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

159.    Due to Defendants' willful violations of the NYLL, Plaintiff and the NYLL Class are entitled to recover from Defendants their unpaid gratuities and/or service charges, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Uniform Reimbursement
### (Brought on behalf of Plaintiff and the NYLL Class)

160.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

161.    Defendants required Plaintiff and the NYLL Class to purchase t-shirts but failed to reimburse or compensate them for these purchases.

162.    Due to Defendants' violations of the NYLL, Plaintiff and the NYLL Class are entitled to recover from Defendants the amounts of the legally required reimbursements for the

purchase of these uniforms, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Spread of Hours Pay
### (Brought on behalf of Plaintiff and the NYLL Class)

163.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

164.    Defendants have failed to pay Plaintiff and the NYLL Class compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours or for workdays that Plaintiff and the NYLL Class worked.

165.    Due to Defendants' violations of the NYLL, Plaintiff and the NYLL Class are entitled to recover from Defendants their unpaid spread of hours wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## EIGHTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Annual Wage Notices
### (Brought on behalf of Plaintiff and the NYLL Class)

166.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

167.    Defendants have failed to supply Plaintiff and the NYLL Class with a proper time of hire wage notice, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring and at subsequent wage changes, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the

minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

168.    Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff and the NYLL Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide them with wage notices, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

<u>**NINTH CAUSE OF ACTION**</u>
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff and the NYLL Class)**

169.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

170.    Defendants failed to supply Plaintiff and the NYLL Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

171.    Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiff and the NYLL Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that

Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars, and reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-d).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notices, to all Tipped Workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at the Restaurants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid minimum wages and overtime compensation and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.    Designation of Plaintiff Jessy Mangahas as the representative of the NYLL Class and counsel of record as Class Counsel;

E.    Unpaid minimum wages, overtime compensation, unlawful deductions, uniform reimbursement, tip misappropriation, spread of hours pay, and other unpaid wages, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.    Statutory penalties of fifty dollars for each workday that Defendants failed to

provide Plaintiff and the NYLL Class with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

G.      Statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff and the NYLL Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

H.      Prejudgment and post-judgment interest;

I.      Reasonable attorneys' fees and costs of the action; and

J.      Such other relief as this Court shall deem just and proper.

Dated:  May 20, 2022
        New York, New York

                                    Respectfully submitted,


                                    /s/ Brian S. Schaffer
                                    Brian S. Schaffer

                                    **FITAPELLI & SCHAFFER, LLP**
                                    Brian S. Schaffer
                                    Armando A. Ortiz
                                    Katherine K. Bonilla
                                    28 Liberty Street, 30th Floor
                                    New York, NY 10005
                                    Telephone: (212) 300-0375

                                    *Attorneys for Plaintiff, opt in plaintiffs and the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against THE BAO and ULUH RESTAURANT and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Jessy Mangahas (Mar 25, 2022 17:16 EDT)
Signature

# Jessy Mangahas
_____
Full Legal Name (Print)