Jonathan Ng (jonathan@whiteng.co)
Rolanzo White (rolanzo@whiteng.co)
WHITE & NG, LLC
221 River Street, 9th Floor
Hoboken, New Jersey 07030
201.422.2115
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSY MANGAHAS on behalf of herself And all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>EIGHT ORANGES INC. DBA THE BAO; CHIBAOLA, INC. DBA ULUH; JOANNE HONG BAO, individually, and RICHARD LAM, individually,<br><br>Defendants. | Case No.: 1:22-cv-04150 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOANNE HONG BAO'S MOTION TO DISMISS COMPLAINT AGAINST DEFENDANT JOANNE HONG BAO FOR FAILURE TO STATE A CLAIM**

## TABLE OF CONTENTS

| | PAGE |
|---|---|
| TABLE OF AUTHORITIES | 2 |
| I. PRELIMINARY STATEMENT | 4 |
| II. FACTS | |
| A. Defendant Joanne Hong Bao's Role | 4 |
| B. Plaintiff(s)' Factual Assertions | 5 |
| III. ARGUMENT | |
| A. The Non-Employing Entities and Individuals are Entitled to Dismissal of the Claims Against them Because they did not "Employ" Plaintiff(s), therefore, they are not "Employers" under the FLSA and NYLL | 5 |
| 1. Legal Standard for Dismissal | 6 |
| 2. Argument for Dismissal | 6 |
| IV. CONCLUSION | 8 |

# TABLE OF AUTHORITIES

| | PAGE |
|---|---|
| **CASES** | |
| *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.* 493 F.3d 87 (2d Cir. 2007) | 6 |
| *Bell Atl. Corp. v. Twombly* 550 U.S. 544 (2007) | 6 |
| *Cannon v. Douglas Elliman* 2007 U.S. Dist. LEXIS 91139 (S.D.N.Y. Dec. 10, 2007) | 7, 8 |
| *Cook v. Arrowsmith Shelburne, Inc.* 69 F.3d 1235 (2d Cir. 1995) | 7 |
| *Herman v. RSR Sec. Servs. Ltd.* 172 F.3d 132, 139 (2d Cir. 1999) | 7 |
| *Lin v. Comprehensive Health Mgmt., Inc.* 2009 U.S. Dist. LEXIS 29779 (S.D.N.Y. Apr. 9, 2009) | 8 |
| *Pearson v. Component Tech. Corp.* 247 F.3d 471 (3d Cir. 2001) | 8 |
| *SEC v. Simpson Capital Mgmt., Inc.* 586 F. Supp. 2d 196 (S.D.N.Y. 2008) | 6 |
| *Smith v. Local 819 I.B.T. Pension Plan* 291 F.3d 236 (2d Cir. 2002) | 6, 8 |
| **RULES/STATUTES** | |
| Fed. R. Civ. P. 12(b)(6) | 4, 6 |
| 29 U.S.C. § 203(d) | 6 |
| 29 U.S.C. § 203(g) | 6 |
| 29 U.S.C. § 216 | 7 |

Defendant Joanne Hong Bao, by their attorneys, White & Ng, LLC, submit this memorandum of law, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in support of their motion to dismiss the claims against them for failure to state a claim.

## I. PRELIMINARY STATEMENT

Plaintiff(s)'s claims in this action are simple. She alleges that, while working at The Bao and/or Uluh, she did not receive the appropriate amount of tips and overtime wages that she was supposedly due. Yet Plaintiff(s), has failed to set forth any facts in the Complaint to establish an employer-employee relationship, which is needed because her alleged claims are rooted in the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Rather than conduct any due diligence about the proper defendants for this action, Plaintiff(s) has seemingly named Defendant Joanne Hong Bao as a defendant purely because of her status as the wife of Defendant Richard Lam, the true employer of Plaintiff(s).

Plaintiff(s)'s failure to establish an employer-employee relationship is further illustrated by her failure to state any relevant information that shows Defendant Joanne Hong Bao exercised any sort of control over the day-to-day operations of The Bao or Uluh, including but not limited to, management duties in relation employee scheduling, hiring or firing of employees, or employees' duties. Under the FLSA and NYLL, "employers" normally carry a certain degree of responsibility within the business, however, Plaintiff(s) has failed to provide any facts to show that Defendant Joanne Hong Bao had any responsibilities at the businesses that would allow her to be considered an "employer" for FLSA and NYLL purposes. For this reason alone, the Complaint, as to Defendant Joanne Hong Bao, should be dismissed.

## II. FACTS

### A. Defendant Joanne Hong Bao's Role

Eight Oranges, Inc. and Chibaola, Inc. are both restaurants located in Manhattan, New York, doing business as The Bao and Uluh, respectively. Defendant Richard Lam is the sole shareholder and owner of both entities. Furthermore, Defendant Richard Lam is also the individual responsible for the day-to-day operations, as well as the overall management, of the restaurants.

Defendant Joanne Hong Bao is the wife of Defendant Richard Lam. (Bao Aff. ¶ 3.) Additionally, Defendant Joanne Hong Bao does not work at any of the defendant businesses, participate in the management of its employees, nor does she hold any formal management or executive position within the Defendants Eight Oranges, Inc. and Chibaola, Inc. (Bao Aff. ¶ 5-7.) Defendant Joanne Hong Bao occasionally visits the restaurants along with her husband, however, during her visits to the restaurants, she did not participate in the management of the restaurants' operations, nor did she involve herself in the control of the restaurants' employees. (Bao Aff. ¶ 8.)

### B. Plaintiff(s)' Factual Assertions

According to the Complaint, Plaintiff(s) began working for the Defendants in approximately 2018. (Compl. ¶ 40.) Plaintiff(s) claims that Joanne Hong Bao and Richard Lam owned and operated the restaurants during the relevant time periods. (Compl. ¶ 2-4.) Also, Plaintiff(s) properly asserts that Defendant Joanne Hong Bao is named as president of Uluh under the New York Liquor Authority. (Compl. ¶ 85.) However, Plaintiff(s)'s Complaint contains no other factual allegations setting forth any relationship between herself and Defendant Joanne Hong Bao. Nor does Plaintiff(s) state any other factual allegations setting forth any relationship between Defendant Joanne Hong Bao and the other defendants.

## III. ARGUMENT

### A. The Non-Employing Entities and Individuals are Entitled to Dismissal of the Claims Against them Because they did not "Employ" Plaintiff(s), therefore, they are not "Employers" under the FLSA and NYLL

The non-employing entities and individuals are entitled to dismissal of the claims against them, pursuant to Rule 12(b)(6), for failure to state a claim.

### 1. Legal Standard for Dismissal

To survive a motion to dismiss pursuant to Rule 12(b)(6), "the Plaintiff(s) must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, to state a claim, the complaint must contain enough facts to suggest that the allegations are "plausible." *Twombly*, 550 U.S. at 556. A formulaic recitation of the elements of a cause of action will not do. *Id.* At 555.

Further, while the Court must construe factual allegations in the light most favorable to the Plaintiff(s), it is not required to accept legal conclusions asserted in the Complaint. *SEC v. Simpson Capital Mgmt., Inc.*, 586 F. Supp. 2d 196, 199 (S.D.N.Y. 2008). Thus, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotations omitted).

### 2. Argument for Dismissal

The FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The FLSA defines the concept "to employ" as meaning to "suffer or permit to work." 29 U.S.C. § 203(g). An FLSA claim

can only be brought against an "employer." 29 U.S.C. § 216. Whether an entity or individual is an individual's employer is a question of law.[1]

Factors that suggest an employer-employee relationship include whether the alleged "employer" had (1) the ability to hire and fire employees; (2) supervision and control of work schedules or conditions of employment; (3) authority to determine concerning rate and method of payment (4) and maintenance of employment records. *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). No one factor is dispositive. *See id.* Plaintiff(s) has not alleged the existence of any of these facts with respect to the non-employing individual, Defendant Joanne Hong Bao. While Plaintiff(s) refers to all Defendants, whether entities or individuals, as her "employer," she asserts that she only worked for The Bao and Uluh. While Defendant Joanne Hong Bao is not a shareholder of the two Defendant entities, did not participate in management of the restaurants, rarely interacted with the employees of The Bao and Uluh, and was rarely physically present at both restaurants. Plaintiff(s) makes no assertions whatsoever concerning her relationship with Defendant Joanne Hong Bao, and, thus, fails to set forth facts sufficient to state a claim against them as her "employer."

Plaintiff(s) also fails to allege that the defendants are a "single integrated enterprise," such that they should be liable for each others' alleged violations of the FLSA and NYLL. To support her claims against Defendant Joanne Hong Bao on a single employer theory, Plaintiff(s) would need to set forth allegations showing that they had an interrelation of operations, common management, centralized control over labor relations, and common ownership or financial control with the entities for which she allegedly worked. *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d

---

[1] The New York Labor Law employs similar standards to the FLSA with respect to employment status, so the same analysis can be used to analyze both federal and state wage claims. *Cannon v. Douglas Elliman*, 2007 U.S. Dist. LEXIS 91139, at *9 (S.D.N.Y. Dec. 10, 2007).

1235, 1240-41 (2d Cir. 1995); *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 486 (3d Cir. 2001). But no such facts are alleged in the Complaint that specifically states that Defendant Joanne Hong Bao had any of the aforementioned authority over the The Bao or Uluh. The only assertion in the Complaint that even arguably provides a connection between Defendant Joanne Hong Bao and the other Defendants is the fact that Defendant Joanne Hong Bao's name appeared within the New York Liquor Authority. Even though that allegation were true, it would be insufficient to establish that the separately organized and operated entities, for which Defendant Richard Lam had control over, act as a single employer.

Even reading the Complaint generously, Plaintiff(s) has failed to provide any factual support for her contention that she was an "employee" of Defendant Joanne Hong Bao in order to impose liability against Defendant Joanne Hong Bao under the Fair Labor Standards Act or New York Labor Law. Her conclusory allegation that Defendant Joanne Hong Bao was her "employer" is simply insufficient to prevent a motion to dismiss. *Smith*, 291 F.3d at 240; *see also Lin v. Comprehensive Health Mgmt., Inc.*, 2009 U.S. Dist. LEXIS 29779, *7-8 (S.D.N.Y. Apr. 9, 2009) (simply pleading that defendants were employers within the meaning of the FLSA was insufficient to overcome motion to dismiss); *Cannon*, 2007 U.S. Dist. LEXIS, at *12 (granting motion to dismiss because plaintiffs did not show that defendant played a role in supervising their work and, thus, did not sufficiently allege employer status).

## IV. CONCLUSION

For all the reasons stated herein, Defendant Joanne Hong Bao respectfully request that the Court grant her motion to dismiss the Complaint against herself for failure to state a claim.

Date: July 31, 2022
Hoboken, New Jersey

By: ______________________________

Jonathan Ng (jonathan@whiteng.co)
Rolanzo White (rolanzo@whiteng.co)
White & Ng, LLC
221 River Street, 9th Floor
Hoboken, New Jersey 07030
201.422.2115
*Attorneys for Defendants*