**White & Ng, LLC**
190 Moore Street, Suite 204
Hackensack, New Jersey 07601
Telephone: (201) 968-5022

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| JESSY MANGAHAS, on behalf of herself and all others similarly situated, | : : : | |
| Plaintiff, | : : | Civil Action No.: 1:22-cv-04150 (LJL) |
| -against- | : : | |
| EIGHT ORANGES INC. DBA THE BAO; CHIBAOLA INC. DBA ULUH; JOANNE HONG BAO, individually, and RICHARD LAM, individually, | : : : : : | |
| Defendants. | : : | |

---

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY CERTIFICATION PURSUANT TO THE FAIR LABOR STANDARDS ACT, FOR COURT-AUTHORIZATION NOTICE TO SIMILARLY SITUATED PERSONS, AND FOR EXPEDITED DISCOVERY**

1

**Table of Contents**

**PRELIMINARY STATEMENT** ................................................................................................ 5

**BACKGROUND** ......................................................................................................................... 7

**ARGUMENT** ............................................................................................................................... 7

    **I.**    **PLAINTIFFS HAVE NOT SATISFIED THEIR BURDEN TO JUSTIFY A COURT-AUTHORIZED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS** ................. 7

        A.    **Plaintiffs Lack A Sufficient Basis Of Knowledge To Demonstrate That They And Potential Opt-In Plaintiffs Were Victims Of A Common Policy Or Plan That Violated The Law** ............................................................................................................................ 9

        B.    **Plaintiffs Rely On Conclusory Assertions And Hearsay, And Their Declarations Lack Specificity, Detail, And Credibility** ................................................................ 10

        C.    **Named Plaintiffs Are Not Similarly Situated To The Proposed Collective** ........... 12

    **II.**   **THE FORM AND TEMPORAL SCOPE OF PLAINTIFFS' PROPOSED NOTICE, AND REQUESTED RELIEF RELATED THERETO, ARE OVERBROAD AND INAPPROPRIATE** ............................................................................................................ 15

        A.    **Any Reference To The "80/20 Rule" In The Proposed Notice Is Not Justified** ..... 15

        B.    **Three Year Notice Period Is Not Justified** ............................................................ 15

        C.    **Sending Notice By Email And Text Message Is Not Justified** .............................. 16

        D.    **Reminder Letter Is Not Justified** ............................................................................ 17

        E.    **Equitable Tolling Is Not Justified** .......................................................................... 17

   **CONCLUSION** ...................................................................................................................... 18

Table of Authorities

**CASES**

*Agerbrink v. Model Serv., LLC*, No. 14 Civ. 7841 (JPO) (JCF), 2016 U.S. Dist. LEXIS 12486 (S.D.N.Y. Feb. 2, 2016) .................................................................................................. 17
*Amendola v. Bristol-Myers Squibb Co.*, 558 F.Supp. 2d 459 (S.D.N.Y 2008) .............................. 5
*Ayers v. SGS Control Servs., Inc.*, No. 03 Civ. 9078 (RMB) (RLE), 2004 U.S. Dist. LEXIS 25646 (S.D.N.Y. Dec. 21, 2004) .................................................................................. 8
*Bodrul Islam v. BYO Co. (USA), Ltd.*, No. 16 Civ. 927 (PGG), 2017 U.S. Dist. LEXIS 95798, (S.D.N.Y. June 20, 2017) ..................................................................................... 5, 8, 9
*Castillo v. United States*, 656 F.3d 135 (2d Cir. 2011) ............................................................... 17
*Dai v. Lychee House, Inc.*, No. 17-cv-6197 (DF), 2018 U.S. Dist. LEXIS 151168 (S.D.N.Y. Aug. 29, 2018) ........................................................................................................ 14
*Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 U.S. Dist. LEXIS 86577 (S.D.N.Y. Oct. 23, 2008) ......................................................................................... 8
*Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113 (S.D.N.Y. 2011) ............................................... 10
*Fernandez v. Sharp Mgmt. Corp.*, No. 16-CV-0551 (JGK) (SN), 2016 U.S. Dist. LEXIS 141916 (S.D.N.Y. Oct. 13, 2016) .................................................................................. 13
*Fu v. Mee May Corp.*, No. 15 Civ. 4549 (KPF), 2016 U.S. Dist. LEXIS 53199 (S.D.N.Y. Apr. 20, 2016) ................................................................................................... 11, 12, 13
*Garcia v. Spectrum of Creations, Inc.*, 102 F. Supp. 3d 541 (S.D.N.Y. 2015) .............................. 8
*Gordon v. Kaleida Health*, No. 08-CV-378S, 2009 U.S. Dist. LEXIS 95729 (W.D.N.Y. Oct. 14 2009) ............................................................................................................. 16
*Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469 (S.D.N.Y. 2010) ..................................... 8
*Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340 (E.D.N.Y. 2012) .................... 17
*Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989) ........................................................... 8
*Hypolite v. Health Care Servs. Of N.Y. Inc.*, 256 F. Supp. 3d 485 (S.D.N.Y. 2017) .................. 13
*Karvaly v. eBay, Inc.*, 245 F.R.D. 71 (E.D.N.Y. 2007) .............................................................. 16
*Kew Sing Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552 (S.D.N.Y. 2015) ........................ 18
*Knox v. John Varvatos Enters.*, 282 F. Supp. 3d 644 (S.D.N.Y. 2017) ................................ 17, 18
*Laroaue v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346 (E.D.N.Y. 2008) .................................... 9
*Li v. Chinatown Take-Out Inc.*, No. 16 Civ. 7787 (JCM), 2018 U.S. Dist. LEXIS 28693 (S.D.N.Y. Feb. 21, 2018) ....................................................................................... 14
*Lianyuan Feng v. Hampshire Times*, No. 14-CV-7102 (SHS) (JLC), 2015 U.S. Dist. LEXIS 29899 (S.D.N.Y. Mar. 11, 2015) ............................................................................ 12
*Lujan v. Cabana Management, Inc.*, No. 10-CV-755, 2011 U.S. Dist. LEXIS 9542 (E.D.N.Y. Feb. 1, 2011) ........................................................................................................ 14
*Mata v. Foodbridge LLC*, No. 14 Civ. 8754 (ER), 2015 U.S. Dist. LEXIS 70550 (S.D.N.Y. June 1, 2015) ................................................................................................................... 9
*Mendoza v. Casa De Cambio Delgado, Inc.*, No. 07CV2579 (HB), 2008 U.S. Dist. LEXIS 27519 (S.D.N.Y. Apr. 7, 2008) ........................................................................................ 8, 11
*Murray v. City of NY*, No. 16-cv-8072 (PKC), 2017 U.S. Dist. LEXIS 130594 (S.D.N.Y. Aug. 16, 2017) ................................................................................................................ 12, 13
*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) ...................................................................... 8
*Reyes v. Nidaja, LLC*, No. 14 Civ. 9812, 2015 U.S. Dist. LEXIS 101728 (S.D.N.Y. Aug. 3, 2015) ............................................................................................................................. 11, 12

*Reyes v. NY F&B Servs. LLC*, No. 15-CV-2882-LTS-DCF, 2016 U.S. Dist. LEXIS 21444
 (S.D.N.Y. Feb. 22, 2016) .................................................................................................. 13
*Sanchez v. JMP Ventures, L.L.C.*, No. 13 Civ. 7264 (KBF), 2014 U.S. Dist. LEXIS 14980
 (S.D.N.Y. Jan. 27, 2014) ............................................................................................... 9, 11
*Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443 (E.D.N.Y. 2014) ................................................... 16
*Tanski v. Avalonbay Cmtys., Inc.*, No. CV 15-6260 (AKT), 2017 U.S. Dist. LEXIS 112506
 (E.D.N.Y. Mar. 31, 2017) ............................................................................................ 16, 17
*Watson v. Advanced Distrib. Servs., LLC*, 298 F.R.D. 558, 565 (M.D. Tenn. 2014) ................... 16
*Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445 (S.D.N.Y. 2011) ..................... 18
*Zheng v. Good Fortune Supermarket Group (USA), Inc.*, No. 13-CV-60 (ILG), 2013 U.S. Dist.
 LEXIS 130673 (E.D.N.Y. Sep. 12, 2013) ........................................................... 9, 14, 15

**OTHER AUTHORITIES**

86 FR 60114…………………………………………………………………………………...10

Defendants Eight Oranges Inc. DBA The Bao, Chibaola Inc. DBA Uluh, Joanne Hong Bao, and Richard Lam (collectively, "Defendants"), respectfully submit this memorandum of law in opposition to the motion of the named-Plaintiff Jessy Mangahas and the other 14 opt-in-Plaintiffs (collectively, "Plaintiffs") to preliminary certify this matter pursuant to the Fair Labor Standards Act ("FLSA"), for court-authorized notice to similarly-situated persons, and for expedited discovery (the "Motion").

## PRELIMINARY STATEMENT

Defendants deny that Plaintiffs are entitled to any and all of the relief they seek by way of their Amended Complaint (the "Complaint") in this matter.

As another threshold matter, the primary relief sought by Plaintiffs – namely, for "preliminary certification" or "conditional certification" – does not exist. As this Court has previously noted, although a plaintiff might "style their motion as one for 'conditional certification' … 'neither the FLSA nor the Federal Rules of Civil Procedure provide for the certification of an FLSA collective action.'" *Bodrul Islam v. BYO Co. (USA), Ltd.*, No. 16 Civ. 927 (PGG), 2017 U.S. Dist. LEXIS 95798, at *1 n.1 (S.D.N.Y. June 20, 2017) (quoting *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 462 n.1 (S.D.N.Y 2008). Thus, the Court should only "treat Plaintiffs' motion as a request for the Court to authorize notice to potential opt-in plaintiffs," which for the reasons set forth herein – and which this Court also considered and ruled on in *Bodrul Islam* – should be denied. *Id*.

Plaintiffs, whom varied in the duration of time in which they worked for Defendants, some of whom worked less than a year and some that never worked at both The Bao and Uluh, seek to represent a collective of all servers, bartenders, bussers, and food runners (defined by Plaintiffs as "Tipped Employees") over a three year period at both The Bao and Uluh, despite their limited

5

tenures and lack of knowledge of the operating procedures at both The Bao and Uluh. Despite any other allegations set forth in the Complaint, the instant Motion and request for relief relates only to Plaintiffs' purported claims under the FLSA – which address only tip-pooling, the so-called "80/20 Rule", tip credit notice as required under federal law, and failure to reimburse uniform costs[1] – and not any claim potentially arising under state law.

As detailed below, Plaintiffs cannot satisfy their burden of demonstrating a "modest factual showing"[2] that they are "similarly situated" to all Tipped Employees who might, at any point over a three year period have potential claims at two different restaurant entities, given that, at best, the Plaintiffs only had first-hand knowledge of the employment and compensation practices of one such establishment for a limited amount of time (or weeks, in the case of some of the Plaintiffs). Moreover, while Defendants appreciate that the substantive merits of their claims are not at issue on this Motion, Plaintiffs still must make a "colorable claim for relief" and show that they were "victims of a common plan that violated the FLSA." Defendants intend to demonstrate to the Court that Plaintiffs' tip-pooling, failure to provide notice of tip credit, "80/20 Rule", and failure to reimburse for uniform costs allegations are unfounded and that Defendants operated a legally compliant tip pool and lawfully availed itself of a tip credit pursuant to clear U.S. Department of Labor Guidance that benefited (rather than "victimized") Plaintiffs. Accordingly, (i) because of Plaintiffs' broad and overreaching assertions and their failure to provide a sufficient basis for the Court to conclude that they are similarly situated to the Tipped Employees they purport to represent,

---

[1] For example, the very first page of the proposed Notice delineates the only four specific claims that are relevant to the instant Motion: [t]he lawsuit claims that (1) "Servers, bussers, runners, and bartenders (together 'Front of House Workers') share tips with a tip-ineligible managers, expeditors, dessert cooks, and soup dumpling cooks; (2) "failing to provide proper notice of applying the 'Tip Credit' under federal law; (3) "Front of House Workers to perform an excessive amount of 'side work,' past 20% of their work time"; and (4) "requiring Front of House Workers to pay for all or a portion of required uniforms without reimbursements."
[2] Defendants respectfully submits that had courts intended for this burden to be "minimal," case law would have adopted that specific term, but the use and adoption of the adjective "modest" – implying a heavier burden than "minimal" – was purposeful.

6

(ii) because Plaintiffs' declarations lack any indicia of reliability, and (iii) because of Plaintiffs' inability to make out a colorable claim for relief, the Court should deny Plaintiffs' motion. In the alternative, if the Court does authorize notice to potential opt-in plaintiffs, the Court should limit the collective to servers only for a two-year period.

## BACKGROUND

Plaintiff Mangahas filed her complaint in this action on May 20, 2022, seeking to bring a collective and class action on behalf of herself and other similarly-situated Tipped Employees of The Bao and Uluh. Thirteen other plaintiffs subsequently joined the case as opt-in plaintiffs. On August 18, 2022, Plaintiff Mangahas filed and amended complaint. One other plaintiff subsequently joined the case as opt-in plaintiff, totaling fifteen (15) total plaintiffs. As stated above, and as made clear in the Complaint, the Motion, and the proposed Notice, Plaintiffs allege that Defendants violated the FLSA by (i) making its Tipped Workers pool tips with tip-ineligible workers; (ii) failure to provide proper notice of applying "Tip Credit"; (iii) making Tipped Workers perform excessive side work, in excess of 20% of their work time; and (iv) making Tipped Workers purchase uniforms without reimbursing said workers.

In support of their Motion, Plaintiffs submitted un-notarized, self-focused declarations that fail accurately or inclusively to describe the experiences of other employees that worked at The Bao and/or Uluh during the relevant time period, all of which – individually and collectively – fail to demonstrate a modest showing required for court-authorized notice.

## ARGUMENT

I. **PLAINTIFFS HAVE NOT SATISFIED THEIR BURDEN TO JUSTIFY A COURT-AUTHORIZED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS**

7

As stated at the outset, "neither the FLSA nor Federal Rules of Civil Procedure provide for the certification of an FLSA collective action," and thus Plaintiffs' instant Motion can only "request for the Court to authorize notice to potential opt-in plaintiffs." *Bodrum Islam*, 2017 U.S. Dist. LEXIS 95798, at *1 n.1 (internal citations and quotations omitted). With respect to Plaintiffs' remaining request for relief, district courts are "<u>not required</u> to do so by [the] FLSA," but "have discretion, in appropriate cases," to authorize the opt-in process "by facilitating notice to potential plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)) (emphasis added). This Court, then, may only authorize such notice if Plaintiffs "make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *See Myers*, 624 F.3d at 554-55.

The fact that Plaintiffs' "modest factual showing" must be more than minimal is supported by case law, which requires Plaintiffs to "offer <u>substantial allegations</u> of a factual nexus between [them] and potential opt-in plaintiffs with regarding to their employer's alleged FLSA violation." *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 U.S. Dist. LEXIS 86577, at *27 (S.D.N.Y. Oct. 23, 2008) (quoting *Ayers v. SGS Control Servs., Inc.*, No. 03 Civ. 9078 (RMB) (RLE), 2004 U.S. Dist. LEXIS 25646, at *5 (S.D.N.Y. Dec. 21, 2004)) (citing *Mendoza v. Casa De Cambio Delgado, Inc.*, No. 07CV2579 (HB), 2008 U.S. Dist. LEXIS 27519, at *2 (S.D.N.Y. Apr. 7, 2008)) (emphasis added). Indeed, Plaintiffs' "modest" burden "is <u>not</u> non-existent and the factual showing…must still be based on some substance." *Garcia v. Spectrum of Creations, Inc.*, 102 F. Supp. 3d 541, 548 (S.D.N.Y. 2015) (quoting *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010)) (emphasis added). Instead, a plaintiff must provide specific facts, including where or when observations or conversations relied upon occurred. *Sanchez v. JMP*

*Ventures, L.L.C.*, No. 13 Civ. 7264 (KBF), 2014 U.S. Dist. LEXIS 14980, at *5 (S.D.N.Y. Jan. 27, 2014). These details are "critical in order for the Court to determine the appropriate scope of the proposed class and notice process." *Mata v. Foodbridge LLC*, No. 14 Civ. 8754 (ER), 2015 U.S. Dist. LEXIS 70550, at *10 (S.D.N.Y. June 1, 2015) (quoting *Sanchez*, 2014 U.S. Dist. LEXIS 14980, at *2).

Here, Plaintiffs have wholly failed to satisfy their burden because: (a) they lack a sufficient basis to demonstrate that they and potential opt-in plaintiffs were victims of a common policy that violated the law; (b) Plaintiffs rely upon conclusory assertions and hearsay, and their declarations lack specificity, detail, and credibility; and (c) Plaintiffs are not similarly situated to all Tipped Employees at both locations for a four year period. Accordingly, Plaintiffs Motion should be denied.

### A. Plaintiffs Lack A Sufficient Basis Of Knowledge To Demonstrate That They And Potential Opt-In Plaintiffs Were Victims Of A Common Policy Or Plan That Violated The Law

As a first step in this process, even though the burden is "modest," Plaintiffs still must make a "colorable claim for relief" and show that they were "victims of a common policy or plan that violated the [FLSA]." *See Zheng v. Good Fortune Supermarket Group (USA), Inc.*, No. 13-CV-60 (ILG), 2013 U.S. Dist. LEXIS 130673, at *13 (E.D.N.Y. Sep. 12, 2013) (citing *Laroaue v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346 (E.D.N.Y. 2008)). Thus, some review as to the legal basis for Plaintiffs' claims is necessary, as this Court similarly performed in *Bodrul Islam*.

#### 1. The "80/20 Rule" Is Not Uniform Amongst All Employees

The claim that Plaintiffs intend to include in their proposed Notice relates to Defendants allegedly making Tipped Workers perform excessive amounts non-tip producing work, past 20% of their workweek. As the Court is surely aware, under the FLSA, employers with tipped

employees – most commonly in the restaurant and hospitality industries – are permitted to (i) pay tipped employees at certain threshold levels below minimum wage; and (ii) utilize a "tip credit" to make up the difference between that lower threshold and minimum wage. Furthermore, the U. S. Department of Labor clarified that work that directly supports tip-producing work is allowed so long as it does not exceed 20% of the employees workweek or is performed for a continuous period of 30 minutes or more. 86 FR 60114, 60115.

Plaintiffs contend that by merely alleging that all Plaintiffs were required to spend more than twenty percent of their workweek performing non-tip producing work, assists their position that Plaintiffs have made the required showing that all tipped workers are similarly situated and that the Plaintiffs can adequately represent them. However, Plaintiffs have provided nothing more than their own unnotarized declarations based on personal observations and hearsay, while providing nothing of the specifics of the duties of the employees of the Defendants, and how much actual time was spent on non-tip producing work.

B. **Plaintiffs Rely On Conclusory Assertions And Hearsay, And Their Declarations Lack Specificity, Detail, And Credibility**

Plaintiffs lack the basis of knowledge to reliably assert facts regarding all of The Bao and Uluh's practices with respect to all Tipped Employees at both locations. Even if the Court were to find that Plaintiffs have a sufficient basis of knowledge to support some of the personal assertions in their declarations, the Motion should still be denied because Plaintiffs' submissions are otherwise conclusory and lack the details necessary to satisfy their burden.

To meet the standard for conditional certification, Plaintiffs must "establish a sufficient 'factual nexus' between their situation and the situation of other putative collective action members." *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 122 (S.D.N.Y. 2011). Additionally, submissions that are conclusory, "boilerplate[,] and virtually identical" – not to mention

10

unnotarized – such as those here, do not satisfy a Plaintiffs' burden. *Mendoza*, 2008 U.S. Dist. LEXIS 27519, at *6. Plaintiffs' reliance upon virtually identical declarations, all of which lack specificity as to any relevant issues, should be reason alone to deny the Motion. For example, the majority of each Plaintiffs' identical declarations focus on tip sharing of managers, expeditors, and soup dumpling cooks, as well as non-tip producing side work. The remainder of each Plaintiff's identical declarations focus on the fact of common ownership of both The Bao and Uluh and a scattershot of other irrelevant details.

In *Sanchez*, the court denied conditional certification, in part, because the plaintiff's affidavit, like those here, were insufficiently specific. Although the plaintiff averred that the defendant's unlawful policies were the "common practice" at the defendant's restaurants based on his observations and conversations with other employees, he did not "provide any detail as to a single such observation or conversation." 2014 U.S. Dist. LEXIS 14980, at *5 (emphasis in original). Because the plaintiff's declaration lacked such details, the court did "not know where or when these observations or conversations occurred," information that was "critical" for the court to "determine the appropriate scope of the proposed class and notice process." *Id*. Similarly, in *Reyes v. Nidaja, LLC*, in seeking conditional certification, the plaintiff submitted a declaration stating that he "observed that the other employees" working at the restaurant were not paid overtime. No. 14 Civ. 9812, 2015 U.S. Dist. LEXIS 101728, at *4-5 (S.D.N.Y. Aug. 3, 2015). However, the plaintiff did not "identify any of the other employees by name or indicate the time or circumstances surrounding his observations," nor did he "state that he had conversations with any other employee regarding their treatment, pay, job duties, or responsibilities." *Id*. at *5. The court denied conditional certification because, *inter alia*, plaintiff's non-specific averments failed to establish a common illegal policy. And, as in *Fu v. Mee May Corp.*:

> [A] plaintiff cannot simply state his belief that others are similarly situated based on conversations with or observations of those other potential opt-in members; rather, he must supply additional detail regarding the particular conversations or observations substantiating the belief There is a "consensus in this district that were a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a minimum level of detail regarding the contents of those conversations or observations."

No. 15 Civ. 4549 (KPF), 2016 U.S. Dist. LEXIS 53199, at *5-6 (S.D.N.Y. Apr. 20, 2016) (quoting *Reyes* at *7). Plaintiffs herein provide no such detail. *See also Lianyuan Feng v. Hampshire Times*, No. 14-CV-7102 (SHS) (JLC), 2015 U.S. Dist. LEXIS 29899, at *8 (S.D.N.Y. Mar. 11, 2015) (plaintiffs' affidavits, averring merely that they were "unaware of any employees who receive overtime pay," were "not a sufficient factual basis on which to conditionally certify a FLSA collective action as to all of [d]efendants non-managerial, non-exempt employees").

Accordingly, because Plaintiffs' declarations are rife with conclusory assertions, hearsay, and lack specificity, Plaintiffs fail to satisfy even their modest burden on behalf of a purported collective, and their Motion should be denied.

### C. Named Plaintiffs Are Not Similarly Situated To The Proposed Collective

Regardless of the reliability of Plaintiffs' averments or the details contained within their declarations, Plaintiffs simply are not similarly situated to the proposed collective they seek to represent because the Plaintiffs fail to describe specific instances of the alleged violations of law by the Defendants. In *Murray v. City of NY*, the Court denied plaintiffs' motion for conditional certification and notice, even where seven plaintiffs who held various job titles and were assigned to various facilities submitted declarations not dissimilar from the Plaintiffs at bar:

> These invocations [in declarations] of "knowledge and experience" and "experience and observations" do not make out a minimal showing that similarly situated employees were subject to a common policy or practice.
> ***

12

> In support of their motion, plaintiffs argue that it is eminently reasonable to expect that employees would observe their colleagues at work and therefore have knowledge about the general practices of their employer. But a [p]laintiff must offer actual evidence of a factual nexus between his own experience and the experiences of those he claims as 'similarly situated, rather than mere conclusory allegations. When a declarant cites to observations of a common policy or practice, information regarding where or when these observations or conversations occurred… is critical in order for the Court to determine the appropriate scope of the proposed class and notice process. A declaration or affidavit that is 'self-focused' and fails to describe the experiences of other employees does not make out the modest showing required for conditional certification.
>
> ***
>
> Plaintiffs also argue that the types of violations at issue here… clearly are policies applicable to all employees within DHS because of the City's computerized timekeeping system. But it does not necessarily follow that because the City uses a standard time-recording system, plaintiffs' own experiences necessarily reflect a DHS policy, as opposed to individual workplace experiences.
>
> Because the plaintiffs have not come forward with facts showing that similarly situated DHS employees subject to a common policy in violation of the FLSA, their motion for conditional certification is denied.

No. 16-cv-8072 (PKC), 2017 U.S. Dist. LEXIS 130594, at *16-24 (S.D.N.Y. Aug. 16, 2017) (internal citations and quotations omitted); *see also Hypolite v. Health Care Servs. Of N.Y. Inc.*, 256 F. Supp. 3d 485, 495-96 (S.D.N.Y. 2017) (denying conditional certification where "[t]he plaintiff's declaration and pleadings are self-focused; they offer no non-speculative basis to assess the defendants' compensation practices with respect to any other [employee]"); *Fu*, 2016 U.S. Dist. LEXIS 53199, at *4 ("Put simply, Plaintiffs cannot rest on the claim that all potential opt-ins 'would be subject to essentially the same factual and employment settings'"); *Fernandez v. Sharp Mgmt. Corp.*, No. 16-CV-0551 (JGK) (SN), 2016 U.S. Dist. LEXIS 141916, at *3 (S.D.N.Y. Oct. 13, 2016) (denying certification when plaintiffs do not "articulate any basis for their knowledge" that other employees were denied overtime pay); *Reyes v. NY F&B Servs. LLC*, No. 15-CV-2882-LTS-DCF, 2016 U.S. Dist. LEXIS 21444, at *4 (S.D.N.Y. Feb. 22, 2016) ("Plaintiffs have

failed to offer, for instance, any explanation as to the basis of their knowledge of other employees' compensation, and thus have not demonstrated that other classes of employees were 'similarly situated' to themselves."); *Li v. Chinatown Take-Out Inc.*, No. 16 Civ. 7787 (JCM), 2018 U.S. Dist. LEXIS 28693, at *8-15 (S.D.N.Y. Feb. 21, 2018) (denying conditional certification as to all of defendants' non-managerial employees); *Dai v. Lychee House, Inc.*, No. 17-cv-6197 (DF), 2018 U.S. Dist. LEXIS 151168, at *30-31 (S.D.N.Y. Aug. 29, 2018) (same).

In *Zheng*, the court analogously denied conditional certification of three employer locations, and in so doing surveyed other courts reaching similar conclusions:

> Plaintiff's foundation for conditional certification in this case is at least as weak as those in several other cases from this District, in which courts denied conditional certification as to one or more work locations. In *Lujan v. Cabana Management, Inc.*, No. 10-CV-755, 2011 U.S. Dist. LEXIS 9542, at *7 (E.D.N.Y. Feb. 1, 2011), this Court denied court-assisted notice to prospective collective action plaintiffs at a restaurant chain's Florida locations where the plaintiffs had submitted no first-hand evidence of FLSA violations at these locations. The evidence concerning these locations consisted of (1) the plaintiff's conversations with two employees, identified only by their first names, during which these workers reportedly told the plaintiff that the same violations allegedly occurring at restaurant locations in New York were also occurring in Florida; and (2) the affidavit of a would-be plaintiff reporting statements of an unnamed friend to the effect that violations identical to those in New York were happening in Florida. *Id*. Ms. Zheng's declaration, meanwhile, offers nothing more than anonymous hearsay statements that other employees suffered from the same time-shaving policy as did she.

> Plaintiff's showing is also weaker than the one ruled insufficient in *Laroque*. In that case, the plaintiffs sought certification of a collective action encompassing five Brooklyn pizzerias. 557 F. Supp. 2d at 355. Four workers from one location in Coney Island submitted affidavits detailing similar FLSA violations, and the court sustained a class of similarly situated workers at that location, notwithstanding slight variations in the allegations. *Id*. at 352-53. With respect to the other locations, however, the *Laroque* plaintiffs supplied only (1) three hearsay statements claiming that managers modified time records at those locations, and (2) one time-barred former employee's "generalized allegations of wrongdoing" at several of the chain's pizzerias. *Id*. at 355-56. Citing the "thin factual support" proffered as to those locations, the court refused to order certification. *Id*. at 356.

2013 U.S. Dist. LEXIS 130673, at *15-17 (emphasis added).

These decisions in *Murray*, *Zheng*, and all cases cited therein and related thereto, are analogous and indistinguishable to the case at bar. Accordingly, the same result is necessitated, and the Motion to send proposed notice to all Tipped Employees of both locations for a period of three years should be denied.

II. **THE FORM AND TEMPORAL SCOPE OF PLAINTIFFS' PROPOSED NOTICE, AND REQUESTED RELIEF RELATED THERETO, ARE OVERBROAD AND INAPPROPRIATE**

In the event that the Court does authorize notice to potential opt-in plaintiffs, the form and temporal scene of Plaintiff's proposed Notice – along with other requested relief related thereto – are overbroad, inappropriate, and must be denied in whole or in part as follows.

A. **Any Reference To The "80/20 Rule" In The Proposed Notice Is Not Justified**

As set forth in Section I.A, *supra*, Plaintiffs do not have any basis for pursuing a claim pursuant to the so-called "80/20 Rule," as the U.S. Department of Labor has stated, that work that directly supports tip-producing work is allowed so long as the work does not exceed 20 percent of the employee's hours worked during the workweek. As Plaintiffs have provided no specific times spent on non-tip producing work in the Complaint and Motion, any such reference in the proposed Notice must be deleted.

B. **Three Year Notice Period Is Not Justified**

Where, as here, The Bao and Uluh has abundantly shown that it has done nothing but follow the dictates and guidance of the FLSA and the U.S. Department of Labor – coupled with Plaintiffs' failure to make a sufficient preliminary showing that The Bao and Uluh has *willfully* violated the FLSA – this Court should limit the notice period to the two-year provided for non-willful violations of the FLSA. *See e.g.*, *Watson v. Advanced Distrib. Servs., LLC*, 298 F.R.D. 558, 565 (M.D. Tenn.

2014). Limiting the notice period is further justified by taking into account the limited period of time that each Plaintiff was employed by Defendants.

### C. Sending Notice By Email And Text Message Is Not Justified

In addition to a traditional first-class mailing of the proposed Notice, Plaintiffs also ask for authorization to convey the proposed Notice to potential opt-in plaintiffs by email and text message, and for expedited discovery related thereto. This is not appropriate or justified under the circumstances of this case, even if electronic notice might be "more convenient and less expensive" for Plaintiffs. As astutely noted by the Honorable I. Leo Glasser:

> Electronic communication inherently has the potential to be copied and forwarded to other people via the internet with commentary that could distort the notice approved by the Court. Electronic mail heightens the risk that the communication will be reproduced to large numbers of people who could compromise the integrity of the notice process. In addition, email messages could be forwarded to nonclass members and posted to internet sites with great ease.

*Karvaly v. eBay, Inc.*, 245 F.R.D. 71 (E.D.N.Y. 2007) (internal quotations and citations omitted); *see also Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443 (E.D.N.Y. 2014) (explaining that notification by email could create risks of distortion or misleading notification through modification of the notice itself or the addition of commentary).

In a more recent case on this same issue, the court again denied plaintiffs' requests to disseminate notice via email, noting that the general concern of courts on this issue "have not been alleviated since *Sharma*," which itself was based on *Karvaly*. *See Tanski v. Avalonbay Cmtys., Inc.*, No. CV 15-6260 (AKT), 2017 U.S. Dist. LEXIS 112506, at *57-58 (E.D.N.Y. Mar. 31, 2017). The court in *Tanski* went even further, "find[ing] that the same concerns arising from sending notice via email are relevant in the context of text messages." *Id.*; *see also Gordon v. Kaleida Health*, No. 08-CV-378S, 2009 U.S. Dist. LEXIS 95729 (W.D.N.Y. Oct. 14 2009) (denying request for opt-in plaintiffs' phone numbers and email addresses). Thus, Defendants respectfully

requests that Plaintiffs' request to disseminate opt-in notice via email and text message, and expedited discovery related thereto, be denied.

### D. Reminder Letter Is Not Justified

Plaintiffs' overreach continues. Without Plaintiffs setting forth any particular circumstances to necessitate a "reminder letter" before any "original notice" even is authorized or sent out, this request also should be denied. Courts often "do not permit plaintiffs the opportunity to distribute such a [reminder] notice on the grounds that it is unnecessary and could be interpreted as encouragement by the court to join the lawsuit." *Tanksi*, 2017 U.S. Dist. LEXIS 112506, at *60 (citing *Agerbrink v. Model Serv., LLC*, No. 14 Civ. 7841 (JPO) (JCF), 2016 U.S. Dist. LEXIS 12486 (S.D.N.Y. Feb. 2, 2016) (internal citations and quotation marks omitted); *see also Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 357 (E.D.N.Y. 2012) (recognizing that most plaintiffs do not request reminder notices and that "there has been no great harm resulting from this practice," and that plaintiffs did not identify a reason why such notice was "necessary in this particular case," denying the plaintiffs' request to send a reminder notice on these grounds). Thus Defendants respectfully requests that Plaintiffs' request to send a "reminder letter" be denied.

### E. Equitable Tolling Is Not Justified

Finally, "[t]he Second Circuit has repeatedly cautioned that 'equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances.'" *Knox v. John Varvatos Enters.*, 282 F. Supp. 3d 644, 657 (S.D.N.Y. 2017) (quoting A.Q.C. *ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (internal quotation marks and alterations omitted)). The FLSA "explicitly measures the statute of limitations from the date an opt-in plaintiff joins the lawsuit," and courts within this district often refuse to "grant blanket equitable tolling [as the Plaintiffs have sought], instead requiring future opt-in plaintiffs to making individualized showings." *Id*. at 660

(citing *Kew Sing Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 566 (S.D.N.Y. 2015) ("Plaintiffs' request for equitable tolling is… denied, but individual plaintiffs may seek such tolling upon opting-in and demonstrating its applicability to his or her case."); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011)).

Furthermore, despite Plaintiffs' argument that they seek equitable tolling "to avoid inequitable circumstances," and they are sure to raise the "remedial purposes of the FLSA" in reply, their remedy rests with the legislature, not the judiciary: "while Congress could have institute a statutory scheme under which opt-in FLSA plaintiffs benefit from the filing date of the original plaintiff (similar to the regime that governs class actions under Fed. R. Civ. P. 23), <u>Congress did not do so</u>." *Knox*, 282 F. Supp. 3d at 660 (emphasis added). Thus Defendants respectfully requests that Plaintiffs' blanket request to equitably toll the statute of limitations for all potential opt-in plaintiffs be denied.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully submits that the Plaintiffs' Motion should be denied in its entirety.

Dated: Hackensack, New Jersey
September 26, 2022

                                               White & Ng, LLC

By: _____
Jonathan Ng
Rolanzo R. White
190 Moore Street, Suite 204
Hackensack, New Jersey 07601
Phone: (201) 968-5022
Facsimile: (202) 916-8998
E-mail: jonathan@whiteng.co
*Attorneys for Defendants*