**FITAPELLI & SCHAFFER, LLP**
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSY MANGAHAS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>EIGHT ORANGES INC. DBA THE BAO; CHIBAOLA, INC. DBA ULUH; JOANNE HONG BAO, individually, and RICHARD LAM, individually,<br><br>Defendants. | No: 1:22-cv-04150 (LJL) |

**PLAINTIFF'S REPLY IN SUPPORT OF PRELIMINARY CERTIFICATION PURSUANT TO THE FAIR LABOR STANDARDS ACT, FOR COURT-AUTHORIZED NOTICE TO SIMILARLY SITUATED PERSONS, AND FOR EXPEDITED DISCOVERY**

**I.    Summary.**

The question before the Court is simple: Has Plaintiff met her minimal burden to show that she (a tipped worker) and other tipped workers at two related restaurants "together were victims of a common policy or plan that violated the law?" We submit that Plaintiff has done so through her 30 page First Amended Complaint, her 45-paragraph declaration outlining her time at both locations, the declaration of two-opt ins (who worked at the restaurants), and documents (tip sheets and paystubs) in their possession. Defendants provide no basis to counter Plaintiff's substantial allegations, nor provide anything to demonstrate that Plaintiff was the only one subject to these complained of policies and practices. As such, the Court should grant Plaintiff's Motion and order that FLSA notice be sent to the putative collective members.

1

## II. Argument.

### A. The Court knows the §216(b) standard of proof; Defendants' argument to heighten it should be rejected.

Throughout their opposition, Defendants ask the Court to apply a heightened standard; specifically, that Plaintiffs' burden "must be more than minimal." *See* Defendants' Memorandum of Law In Opposition ("Opp. Memo.") at p.8. This is wrong. On the contrary, the case cited by Defendants states that a plaintiff's modest factual showing "may be satisfied with substantial allegations" and that "[i]ndeed, the 'plaintiffs burden is **minimal** because the determination that the parties are similarly situated is merely a preliminary one." *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859(PKC), 2008 WL 4702840, at *9 (S.D.N.Y. Oct. 23, 2008) (emphasis added). This Court has likewise recognized the two-step process and that the burden at this stage is "minimal" (though of course, not non-existent). *See*, e.g.*, Han v. Madison Ave. Realties, LLC*, No. 22 Civ. 382 (LJL), 2022 WL 2609003 at *3 (S.D.N.Y. July 8, 2022) (Liman J.). Thus, any argument to heighten Plaintiffs' evidentiary burden can easily be put aside.

### B. Defendants' attacks on the submitted declarations can be easily put aside.

Defendants' gripes about Plaintiffs' declarations do not warrant denial of FLSA notice. As an initial matter, declarations in federal court need not be notarized so long as they comply with 28 U.S.C. § 1746. Here, the declarations submitted are subscribed by the declarations "as true under penalty of perjury," dated, and are substantially in the form required by § 1746. Therefore, there is no legal significance that they are unnotarized.

Second, Plaintiffs' declarations do not rely on conclusory assertions; they rely upon their personal experiences and observations of their coworkers. Each Plaintiff identified individuals/positions that should not have received tips, the type of side work performed, information related to pre-shift and post-shift time spent performing side work, and provided

names of other employees they witnessed performing similar duties. *See e.g.*, **Exhibit[1] ("Ex.") D,** Declaration of Jessy Mangahas ¶¶ 7, 8, 10, 11,16-18, 27-33; **Ex. E,** Declaration of Thinley Kalsang ¶¶ 7, 9-11, 15, 20-25; **Ex. F,** Declaration of Wen Bin Zhu ¶¶ 7-9, 11, 12, 16-18, 22, 24-29. These declarations outline Plaintiffs' personal experiences relating to the claims at hand, and "to the best of their knowledge, and on the basis of their observation," shared experiences with members of the proposed class. This is sufficient. *See, e.g.*, *Carranza v. VBFS, Inc.*, No. 20 Civ. 02635 (PAE)(KHP), 2021 WL 1233546, at *2 (S.D.N.Y. Apr. 2, 2021) ("A showing that plaintiffs 'were subjected to certain wage and hour practices at the defendants' workplace and to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed class' is a sufficient basis from which to infer a 'common policy' required for conditional certification at this stage.") (quotations omitted). In addition to side work claims, the Declarations outline experiences related to notice, invalid tip pool arrangements, and allegations related to the common operations of the Restaurants. That any statement about co-workers is or could be considered "hearsay" does not warrant denial, as "courts regularly rely on . . . hearsay statements in determining the propriety of sending notice in FLSA conditional collective action certifications." *Martinenko v. 212 Steakhouse*, No. 22 Civ. 518 (LJL), 2022 WL 1227140, at *3 (S.D.N.Y. Apr. 26, 2022) (Liman, J.).

### C. Defendants' litany of cases are distinguishable and consider vastly different declarations and evidence before the Court.

To rebut Plaintiffs' strong showing, Defendants rely on multiple distinguishable cases where plaintiffs submitted vastly different declaration(s). For example, Defendants argue that Plaintiffs "must provide specific facts, including where or when observations or conversations relied upon occurred." *See* Opp. Memo. at p.8. However, in *Sanchez v. JMP Ventures, L.L.C.*, the

---

[1] All exhibits were attached to the Ortiz Declaration in support of Plaintiff's Motion. *See* ECF No. 38.

court reached that conclusion because the plaintiff provided a single declaration with generalized allegations molded into a declaration that read like the complaint and did not detail a single observation or conversation. No. 13 Civ. 7264 KBF, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014). Similarly, in *Mendoza v. Casa De Cambio Delgado, Inc.,* the court stated that the "principal defect" in the affidavits were that "not one Plaintiff affidavit purport[ed] a factual nexus with other putative employees." No. 07CV2579 (HB), 2008 WL 938584, at *2-3 (S.D.N.Y. Apr. 7, 2008).[2] Here, Plaintiff's declarations provide such a factual nexus – they identify others who performed similar work subject to similar practices.

Additional cases relied upon by Defendants are distinguishable because the single declarations used had very generalized statements about other employees; quite different than Plaintiffs' declarations here. *See Reyes v. Nidaja, LLC*, No. 14 CIV. 9812, 2015 WL 4622587, at *2 (S.D.N.Y. Aug. 3, 2015) (holding that a single declaration with general statement that others did not receive overtime pay not sufficient); *Fu v. Mee May Corp.,* No. 15 CIV. 4549 (KPF), 2016 WL 1588132, at *4 (S.D.N.Y. Apr. 20, 2016) (neither the amended complaint or declaration included job titles, duties, names of prospective opt-in plaintiffs); *Lianyuan Feng v. Hampshire Times*, No. 14-CV-7102 SHS JLC, 2015 WL 1061973, at *1 (S.D.N.Y. Mar. 11, 2015) (in their affidavits plaintiffs stated there were "unaware of any employees who received overtime pay" but did not provide names, duties or hours worked).

Here, each declaration is tailored to that Plaintiff's experience and is based on their observations. These submissions are consistent with what courts, including this one, accept at the conditional certification phase and are more than what has been offered in other matters where conditional certification has been granted. *See, e.g.*, *Marcial v. New Hudson Fam. Rest. Inc.*, No.

---

[2] Additionally, the depositions, earning reports, amended complaint, and affidavits plaintiff presented contradicted one another, therefore, failing to satisfy the low standard. *Id.*

4

18 Civ. 0663 (NSR)(JCM), 2019 WL 1900336, at *7 (S.D.N.Y. Apr. 29, 2019) ("Plaintiff and the opt-in plaintiffs each provide declarations indicating that they worked for Defendant in similar positions [], regularly worked over forty hours per week, and knew that other employees of Defendants had schedules like their own that resulted in overtime work."); *Carranza*, 2021 WL 1233546, at *4 ("In this District, courts routinely grant conditional collective certification based solely on the personal observations of one plaintiff's affidavit."); *Filho v. OTG Management, LLC*, No. 19 Civ. 8287 (ALC)(SN), 2021 WL 1191817, at *2 (S.D.N.Y. Mar. 30, 2021) (granting conditional certification where evidence consisted of "sworn statements of Plaintiffs' and other Tipped Workers' personal experiences and their observations of others' experiences" as it pertained to side work); *Hernandez v. Bare Burger Dio Inc*., No. 12 CIV. 7794 RWS, 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (certification granted based on a single declaration alleging other tipped employees "were required to engage in non-tipped activities exceeding 20% of the workday"); *Khamsiri v. George & Grank's Japanese Noodle Rest. Inc*., No. 12 Civ. 0265, 2012 WL 1981507, at *1 (S.D.N.Y. June 1, 2012) (granting conditional certification based on a single affidavit, based observations that plaintiff and other employees in tipped positions, who performed work "similar" to hers, were paid less than the statutory minimum and not compensated for overtime). Accordingly, Plaintiffs have met their burden.

In sum, Plaintiffs have met their minimal burden to demonstrate "substantial allegations" that they were subject to common policies and practices that, if proven true, violate the FLSA. *See Varghese v. JP Morgan Chase & Co.*, No. 14 Civ. 1718 (PGG), 15 Civ. 3023 (PGG), 2016 WL 4718413, at *8 (S.D.N.Y. Sept. 9, 2016) (stating that burden is whether there is sufficient proof to "support a reasonable inference that plaintiffs' experiences reflected a company-wide policy").

### D. **Plaintiffs' Proposed Notice Documents & Method is Proper.**

#### i. *Any approved notice should reference the side work 20% claim.*

Any issue with information outlining or explaining the side work (aka the 80/20 claim) can be put aside. As discussed above, Plaintiffs submit sufficient information relating to the types of side work, and amount of time spent performing such side work. The point of FLSA notice is to inform readers in as clear language as possible the claims being sought in the case. This is exactly what Plaintiffs' proposed notice does. This argument should be rejected.

#### ii. *The proper time period is 3 years, not 2 years as requested by Defendants.*

Plaintiff has alleged a willful violation of the FLSA in her Amended Complaint. *See* FAC ECF No. 25 ¶¶ 107-108,112,146, 150, 155. While Defendants may oppose a finding of willfulness, it is well-settled that courts in this District provide notice to a collective class using a three-year period of time. *See, e.g.*, *Martinez v. JVA Indus.*, No. 20 Civ. 7977, 2021 WL 1263133, at *4 (S.D.N.Y. Apr. 6, 2021) (Liman, J.) ("Courts have conditionally certified classes comprised of persons employed over the three-year period prior to the filing of a complaint '[o]ut of an abundance of caution[ ] and seeking to avoid any merits-based determinations' at an early stage in the litigation."); *Kucker v. Petco Animal Supplies Stores, Inc.*, No. 14 Civ. 9983 (DF), 2016 WL 237425, at *10 (S.D.N.Y. Jan. 19, 2016) ("Where willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action."). Indeed, Defendants' cited case is from outside this Circuit. As such, this argument can be put aside.

#### iii. *Given the broad remedial purpose of the FLSA and the collective's population, multiple means of notice is appropriate.*

The Court should reject Defendants' thinly veiled attempts to chill participation by limiting notice to solely mail. As this Court has commented just earlier this year, "[i]t is customary that notice is disseminated by first-class mail as well as by email because 'given the realty of

communication today, email notification is more effective at notifying potential opt-in plaintiffs than mailed notice alone." *Martinenko*, 2022 WL 1227140, at *7. Given the putative collective is comprised of hospitality employees, we submit that text notice is also appropriate given the reality that hospitality worker tend to be more transient than other industries. *See Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985, at *5 (S.D.N.Y. July 13, 2015); *Millin v. Brooklyn Born Chocolate, LLC*, No. 19 Civ. 3346, 2020 WL 2198125, at *3 (E.D.N.Y. May 6, 2020) (objecting to notice by email and text message is "outdated and not in touch with the reality of current life . . . [s]imply put, email, text message and other electronic means of communication is far more prevalent than snail mail, whether fortunately or not").[3] For this reason, a reminder letter is an appropriate means "to inform as many potential plaintiffs as possible of the collective action and their right to opt-in." *See Flood v. Carlson Restaurants Inc.*, No. 14 Civ. 2740 (AT) 2015 WL 260436, *2 (S.D.N.Y. Jan. 20, 2015) (granting a reminder letter).

Again, Defendants squarely miss the point and cites to more distinguishable cases. In *Karvaly v. eBay, Inc.,* the court reasoned that notice by electronic mail was inappropriate because Defendants were "popular targets of unscrupulous email spoofing schemes," therefore it was likely that prospective class members would delete or ignore the email notices. 245 F.R.D. 71, 91 (E.D.N.Y. 2007). Meanwhile, in *Tanski v. Avalonbay Communities, Inc.,* the court specifically stated that the reasoning in *Bhumithanarn v. 22 Noodle Mkt. Corp.,* which is present in this instant case, was absent thus the court decided to decline the text message notice. 2017 WL 10858910, at *20 (E.D.N.Y. Mar. 31, 2017). Last, Defendants, fail to mention that in *Guzelgurgenli v. Prime Time Specials Inc.,* the plaintiffs did not respond to an objection to the reminder notice. 883 F.

---

[3] We submit that this was made worse by the COVID-19 pandemic which greatly affected hospitality workers given long shutdowns.

Supp. 2d 340, 358 (E.D.N.Y. 2012). In sum, a robust notice with mail, email, text, and a reminder, is appropriate and in line with the remedial purposes of the FLSA.

### iv. *Equitable tolling is appropriate if necessary.*

We anticipate the Court will make an expeditious ruling on this motion. Thus, we leave it in the Court's discretion whether to key the three-year period from the date Plaintiff filed her Motion or the date a decision is made.

## III. CONCLUSION

Plaintiff has demonstrated that she, the opt-in plaintiffs, and other Tipped Workers at The Bao and Uluh were subject to common policies and practices that, if ultimately proven true, would violate the FLSA and NYLL. Defendants provide no basis for this Court to determine that the complained of policies do not affect other Tipped Workers, or that these policies are applicable only to Plaintiff or the 14 opt-in Plaintiffs. As such, the Court should grant Plaintiff's Motion and allow notice to go to the putative collective members so that they can make decisions about their time-sensitive rights.

Dated: New York, New York
October 3, 2022

Respectfully submitted,

**FITAPELLI & SCHAFFER, LLP**

By:

/s/ Armando A. Ortiz

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Armando A. Ortiz
Katherine K. Bonilla
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375