```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
JESSY MANGAHAS, on behalf of herself and all others            :
similarly situated,                                            :
                                                               :
                              Plaintiff,                       :      22-cv-4150 (LJL)
                                                               :
                -v-                                            :      OPINION AND ORDER
                                                               :
EIGHT ORANGES INC. et al,                                      :
                                                               :
                              Defendants.                      :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/18/2022

LEWIS J. LIMAN, United States District Judge:

Individual defendant Joanne Hong Bao ("Hong Bao") moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the First Amended Complaint (the "Complaint") against her for failure to state a claim for relief. Dkt. No. 28.

## BACKGROUND

For purposes of deciding this motion, the Court accepts the well-pleaded allegations of the Complaint as true, supplemented by documents incorporated by reference.

Plaintiff Jessy Mangahas ("Plaintiff" or "Mangahas") is an employee of defendant Eight Oranges Inc. d/b/a The Bao located at 13 St. Marks Place, New York, NY ("The Bao") and Chibaola Inc., d/b/a Uluh located at 152 Second Avenue, New York, NY ("Uluh") (collectively, the "Restaurants"). Dkt. No. 25 ¶¶ 1, 43. She began working for the Restaurants as a front-of-house worker in approximately 2018 and still works for them. *Id.* ¶ 43.

The Bao is a Shanghai-style xiao long bao soup dumpling restaurant. *Id.* ¶ 5. It is owned and operated by Defendants Eight Oranges, Inc. ("Eight Oranges"), Richard Lam ("Lam"), and Hong Bao. *Id.* ¶ 2. The Bao is the trade name for defendant Eight Oranges. *Id.* ¶ 57. Uluh promotes itself as "offer[ing] a modern edge to traditionally crafted dishes from the many

regions of China and Asia." *Id.* ¶ 5.  Uluh is the trade name for defendant Chibaola Inc. ("Chibaola") and is owned and operated by Chibaola, Lam, and Hong Bao. *Id.* ¶ 65.  The Restaurants are located within blocks of one another in lower Manhattan and share the same address for service of process (13 St. Mark's Place). *Id.* ¶¶ 1, 55, 63.[1]

Plaintiff brings this case as a putative class action and a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of a collective or class of servers, runners, bussers, bartenders, and barbacks (collectively, "Tipped Workers") who worked at The Bao and Uluh. *Id.* ¶¶ 1, 39–40.  Plaintiff asserts FLSA collective action claims on behalf of Tipped Workers employed at the Restaurants from May 20, 2019 to the date of final judgment in this matter, *id.* ¶ 102, and New York Labor Law ("NYLL") class action claims on behalf of Tipped Workers employed at the Restaurants between October 5, 2015 and the date of final judgment in this matter, *id.* ¶ 113.

Plaintiff alleges that the Restaurants were operated as a single integrated enterprise that jointly employed her and similarly situated Tipped Workers.  *Id.* ¶ 6.  The Restaurants had common management and ownership, *id.* ¶ 50, and Plaintiff and Tipped Workers were directed to work between the Restaurants at Defendants' direction; for example, Tipped Workers were directed to work at both Restaurants on a continuous basis and also when one Restaurant was short-staffed, *id.* ¶ 7.  The Restaurants routinely shared supplies.  *Id.* ¶ 8.  During all relevant times, the two Restaurants have had the same employment policies, practices, and procedures for all Tipped Workers.  *Id.* ¶ 52.

---

[1] The Complaint defines Eight Oranges, Chibaola, Lam, and Hong Bao as Defendants and the Court follows that convention here.

2

The Complaint alleges that Lam owned and operated the Restaurants at all relevant times, that he maintained a direct and significant management role at the Restaurants, that he has been actively involved in managing the day-to-day operations of the Restaurants, and that he makes determinations regarding the hiring and firing of employees. *Id.* ¶¶ 72–75. It also alleges that the New York State Department of Labor identifies Lam as the Chief Executive Officer of the Restaurants, and that he has the power to transfer assets and liabilities of the Restaurants, to stop any illegal pay practices, to declare bankruptcy on behalf of the Restaurants, to enter into contracts on behalf of the Restaurants, and to close, shut down, and/or sell the Restaurants. *Id.* ¶¶ 76–81. It makes similar allegations with respect to Hong Bao: according to the Complaint, Hong Bao owned and operated the Restaurants, maintained a direct and significant management role at the Restaurants, was actively involved in managing day-to-day operations at the Restaurants, made determinations regarding the hiring and firing of employees, and had the power to stop any illegal pay practices, to transfer assets and/or liabilities of the Restaurants, to declare bankruptcy on behalf of the Restaurants, to enter into contracts on behalf of the Restaurants, and to close, shut down, and/or sell the Restaurants. *Id.* ¶¶ 84–85, 87, 90, 93–97. It also alleges that Hong Bao was at the Restaurants approximately two times per week, was a participant in the Restaurants' group chat with Tipped Workers, and gave directives to Plaintiff and Tipped Workers including with respect to side work to be performed and scheduling. *Id.* ¶¶ 86, 88–89. Hong Bao identified herself to the New York State Liquor Authority as the president, principal, and sole shareholder of The Bao. *Id.* ¶ 91. In a deposition taken in a state court case in 2018, she admitted to being the owner and principal of The Bao. *Id.* ¶ 92. Lam and Hong Bao are husband and wife. *Id.* ¶ 2 n.2.

3

Plaintiff alleges that the Defendants violated the requirements under the FLSA and NYLL pursuant to which they could take a tip credit towards hourly rates paid to Tipped Workers. *Id.* ¶ 11.  In particular, Defendants required Plaintiff and other Tipped Workers to engage in a tip distribution scheme pursuant to which they were required to share tips with employees working as managers, expeditors, soup dumpling cooks, and dessert cooks who were not entitled to share tips under the FLSA and NYLL. *Id.* ¶¶ 13–14.  In addition, Defendants failed to provide Plaintiff and other Tipped Workers with notification of the tipped minimum wage rate or tip credit provisions of the FLSA and/or NYLL. *Id.* ¶ 12.  Defendants also required Plaintiff and other Tipped Workers to spend more than 20% of their worktime performing non-tip producing side work duties that were related to their tipped occupation and to perform non-tipped producing side work unrelated to their tipped occupation. *Id.* ¶ 18.  The non-tip producing side work includes cleaning bathrooms, cleaning windows, picking up supplies from the opposite restaurant, shoveling snow and applying salt, cleaning shelves, scrapping the dining room and the kitchen floor, cleaning the sidewalk, preparing "to go" orders, throwing out garbage, assisting with dishes, cleaning garbage from the bar and host stand, and setting up and breaking down the indoor and outdoor tables of the Restaurants. *Id.* ¶ 22.  As some of these duties are not related to Plaintiff's duties as a Tipped Worker, Plaintiff and similarly situated Tipped Workers allege that they are engaged in dual occupations for which they are entitled to full minimum wage. *Id.* ¶ 23.

The Complaint alleges a slew of other labor law violations including that Defendants would take unlawful deductions from Tipped Workers' compensation, such as the value of any customer walk outs, plate and glass breakage, and incorrect customer orders, and that Defendants would also deduct an hour from the Tipped Workers' hours for lunch at The Bao regardless of

4

whether the worker took an hour off from work. *Id.* ¶¶ 24–26. Defendants required Tipped Workers to purchase their t-shirt uniforms, *id.* ¶ 27, failed to pay Tipped Workers the spread of hours premium pay required by the NYLL, *id.* ¶ 28, and failed to provide Tipped Workers with proper annual wage notices or accurate wage statements required by the NYLL, *id.* ¶¶ 30–31.

Plaintiff alleges that Defendants' conduct violated (1) the minimum wage provisions of the FLSA, 29 U.S.C. § 201, *et seq.*, *id.* ¶¶ 140–46 (First Cause of Action); (2) the overtime wage provisions of the FLSA (by failing to pay Plaintiff and members of the FLSA Collective at a rate of 1.5 times the full minimum wage for hours in excess of forty per week), *id.* ¶¶ 147–50 (Second Cause of Action); (3) the misappropriated tip provisions of the FLSA, *id.* ¶¶ 151–55 (Third Cause of Action); (4) the minimum wage provisions of the NYLL, *id.* ¶¶ 156–65 (Fourth Cause of Action); (5) the overtime wage provisions of the NYLL, *id.* ¶¶ 166–69 (Fifth Cause of Action); (6) the tip misappropriation provisions of the NYLL, *id.* ¶¶ 170–75 (Sixth Cause of Action); (7) provisions of the NYLL that required reimbursement for the purchase of the t-shirts, *id.* ¶¶ 176–78 (Seventh Cause of Action); (8) the spread of hours provisions of the NYLL, *id.* ¶¶ 179–81 (Eighth Cause of Action); (9) the annual time of hire wage notice provisions of the NYLL, *id.* ¶¶ 182–84 (Ninth Cause of Action); and (10) the wage statement provisions of the NYLL, *id.* ¶¶ 185–87 (Tenth Cause of Action). Plaintiff Mangahas also brings individual claims for retaliation under the FLSA, *id.* ¶¶ 188–92 (Eleventh Cause of Action), and under the NYLL, *id.* ¶¶ 193–97 (Twelfth Cause of Action).

## PROCEDURAL HISTORY

This action was initiated by complaint filed on May 20, 2022. Dkt. No. 1. On August 18, 2022, Plaintiff filed the operative First Amended Complaint. Dkt. No. 25. All Defendants, except Hong Bao, sued individually, have answered. Dkt. No. 32. Hong Bao filed her motion to dismiss on September 1, 2022. Dkt. No. 28. The motion was accompanied by a memorandum

5

of law, a Schedule K-1 for Eight Oranges, a New York S Corporation Shareholders' Information Schedule for Eight Oranges, and the affidavits of Hong Bao and a worker at The Bao named Jian Bin Wu.  Dkt. Nos. 29–31.  On September 26, 2022, Plaintiff filed her memorandum in opposition to the motion to dismiss, which was accompanied by the declaration of counsel putting forth Eight Oranges, Inc.'s New York State Liquor Authority license before the Court.  Dkt. Nos. 40, 41.  Hong Bao did not file a reply in support of her motion with the Court.

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 557 (2006)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This "does not impose a probability requirement at the pleading stage" but rather "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]."  *Twombly*, 550 U.S. at 556.  That is, a complaint need not allege "detailed factual allegations," but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.

In reviewing a motion to dismiss under Rule 12(b)(6), a court "accept[s] all factual allegations as true, and draw[s] all reasonable inferences in the plaintiff's favor."  *Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and a complaint must offer more than "labels

and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive dismissal, *Twombly*, 550 U.S. at 555.

In considering a Rule 12(b)(6) motion, which "challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence, a court adjudicating such a motion may review only a narrow universe of materials.  Generally, [a court] do[es] not look beyond 'facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken.'" *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (alterations adopted) (quoting *Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)).  "The following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer,[2] (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are 'integral' to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case." *LeChase Constr. Servs., LLC v. Escobar Constr., Inc.*, 2019 WL 2743637, at *6 & n.4 (N.D.N.Y. July 1, 2019) (citing cases); *see also Semente v. Empire Healthchoice Assurance, Inc.*, 147 F. Supp. 3d 117, 120 (E.D.N.Y. 2015) (providing that the "four corners" requirement "has been interpreted broadly" to include the four exceptions outlined above).

---

[2] A document attached to an answer is cognizable on a motion to dismiss only when the plaintiff is the movant. *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305–06 (2d Cir. 2021); *Yookel, Inc. v. United States Steel Corp.*, 2022 WL 542379, at *6–7 (E.D.N.Y. Feb. 23, 2022).

**DISCUSSION**

Hong Bao argues that the Complaint contains insufficient allegations to demonstrate that she is an employer under either the FLSA or the NYLL. Defendant argues that Hong Bao did not have the ability to hire and fire employees, she did not control or supervise the work schedules or conditions of the employees, she did not have the authority to determine the rate and method of payment for the employees, she did not maintain the employment records for either Eight Oranges or Chibaola, she was not a shareholder of either entity, and she did not participate in the management of the Restaurants. Dkt. No. 29 at 7–9.

FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "The Second Circuit treats the term 'employer' pursuant to the FLSA as a 'flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances.'" *Lopez v. MNAF Pizzeria, Inc.*, 2021 WL 1164336, at *4 (S.D.N.Y. Mar. 25, 2021) (quoting *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 141–42 (2d Cir. 2008)). "Courts utilize the 'economic reality' test to determine whether a particular individual is an employer." *Id.* "This four-factor test considers 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Id.* (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999), *holding modified by Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003)).

A person need not "be responsible for managing plaintiff employees—or, indeed, . . . have directly come into contact with the plaintiffs, their workplaces, or their schedules," to be an employer under FLSA. *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013); *see also Henao*

*v. Parts Authority, LLC*, 2021 WL 2784528, at *6 (S.D.N.Y. July 2, 2021) ("The law does not require that an individual directly interact with employees to be considered their employer under FLSA."); *De Quan Lu v. Red Koi, Inc.*, 2020 WL 7711410, at *6 (S.D.N.Y. Dec. 29, 2020) (same). Nor need he or she "have been personally complicit in FLSA violations; the broad remedial purposes behind the statute counsel against such a requirement. The statute provides an empty guarantee absent a financial incentive for individuals with control, even in the form of delegated authority, to comply with the law." *Catsimatidis*, 722 F.3d at 110; *see Keawsri v. Ramen-Ya Inc.*, 2021 WL 3540671, at *6 (S.D.N.Y. Aug. 10, 2021). It is sufficient that the individual defendant had control over the nominal employer "in a manner that relate[d] to plaintif[f's] employment" or, put otherwise, had "individual involvement in [the restaurants] in a manner that affect[ed] employment-related factors such as workplace conditions and operations, personnel, or compensation." *Catsimatidis*, 722 F.3d at 109.

The Complaint contains sufficient factual allegations to nudge Plaintiff's "claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 547, and "to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]," *id.* at 556; *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011). The Complaint does not just allege that Hong Bao owned and operated the Restaurants, Dkt. No. 25 at ¶¶ 2–4, 84, but also that she was at the Restaurants approximately twice a week and actively involved in managing their day-to-day operations, *id.* ¶ 86, and had the ability to stop any illegal pay practices, *id.* ¶ 93, declare bankruptcy, *id.* ¶ 95, and transfer the assets and liabilities of the Restaurants, *id.* ¶ 94. It also alleges her involvement in the management of the personnel at the Restaurants, including that she gave directions to the employees about the work to be performed. *Id.* ¶¶ 89–90. The Complaint also alleges that Hong Bao has identified herself as an owner and principal of The

Bao in both an application to the New York State Liquor Authority and a deposition. *Id.* ¶¶ 91–92. The application to the New York State Liquor Authority[3] highlights the strength of Plaintiff's allegations. Hong Bao represents that she will take an active part in the operation of The Bao, including by devoting 11 hours a day to the Restaurant, six days a week. Dkt. No. 41-1 at 7. It states that the Principals will manage the Restaurant and lists Hong Bao as the only Principal. *Id.* at 3–4. Although Hong Bao argues that the application dates from 2014, which is outside the relevant period for the case, it also contains a statement requiring the New York State Liquor Authority to be notified if there is any change in the information provided in the application. *Id.* at 8.

The thrust of Hong Bao's argument appears to be that these allegations are contradicted by certain pieces of evidence that she submits in support of her motion to dismiss. Dkt. Nos. 29–31. Specifically, in support of her motion to dismiss, Hong Bao includes the affidavits of herself and Jian Bin Wu. Dkt. Nos. 30–31. Hong Bao swears that she was not the owner of Eight Oranges or Chibaola during the relevant time period in this case, did not hold a management position with either Eight Oranges or Chibaola, and did not participate in the management of the day-to-day operations of the Restaurants. Dkt. No. 30 ¶¶ 4, 6–7. She states that she did not have any control over Plaintiff, rarely visits the Restaurants, does not normally involve herself with the management duties of the Restaurants, and that her husband (with two other individuals) oversees the day-to-day operations of the Restaurants and the overall management of the businesses. *Id.* ¶¶ 7–10. Bin Wu was employed as a runner at The Bao from 2017 to 2022. Dkt.

---

[3] That document—dated September 2014—is directly referred to in the Complaint and is relied upon by Plaintiff to support her claim and thus can be deemed to be incorporated by reference into the Complaint. Dkt. No. 25 ¶ 91; *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). The Court may thus rely on it in ruling on a motion to dismiss. *See id.*

No. 31 ¶¶ 3–4.  He swears that during his employment he was supervised by Lam (and the two others), he rarely had any interaction with Hong Bao, the rare interaction was normally limited to "small talk," and, to his knowledge, Hong Bao only visited The Bao occasionally and was not present at the restaurant often.  *Id.* ¶¶ 7, 11–12.  He states that the Team Leader or Lam determined his wages.  *Id.* ¶ 6.  Hong Bao also submits two tax documents from 2018 and 2019 for Eight Oranges in support of her motion to dismiss, neither of which list her as a shareholder in the company.  Dkt. Nos. 29-1 & 29-2.

To start, none of the supplemental evidence is properly before the Court on this motion to dismiss.  The affidavits and the tax documents are not attached as exhibits to the Complaint, the court may not take judicial notice of them,[4] and they are neither incorporated by reference in the Complaint nor "integral" to the Complaint.  *Escobar Constr., Inc.*, 2019 WL 2743637, at *6 & n.4.  In particular, there is no "clear, definite, and substantial reference" to the affidavits in the Complaint such that they could be deemed incorporated by reference.  *McKeefry v. Town of Bedford*, 2019 WL 6498312, at *3 (S.D.N.Y. Dec. 2, 2019) (quoting *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010)).  Nor does Plaintiff rely on the affidavits for her claim such that they could be deemed integral.  *See Global Network Comm'cns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006).  Indeed, the affidavits in many respects contradict the well-pleaded allegations of the Complaint.  The Court thus cannot consider them in a motion

---

[4] Even if this Court could take some form of judicial notice of this evidence, it would not provide a basis for dismissing Plaintiff's claims.  *See Chepak v. Metro. Hosp.*, 555 F. App'x 74, 77 (2d Cir. 2014).  "Judicial notice may be taken of documents outside the pleadings to establish the fact of their existence and the scope, but not the truth, of their content."  *Chiaramonte v. Animal Med. Ctr.*, 2014 WL 3611098, at *4 (S.D.N.Y. July 22, 2014); *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008).  Here, Hong Bao relies on these for the truth of their representations—*i.e.*, that she is not an "employer" of The Bao—and thus "[j]udicial notice is inappropriate in this setting."  *Animal Med. Ctr.*, 2014 WL 3611098, at *4.

directed to the sufficiency of the pleading. *See Rice v. Smithtown Volkswagen*, 321 F. Supp. 3d 375, 384 (E.D.N.Y. 2018) ("[T]he Court will wait to review the evidence until after the parties benefit from complete discovery.").

The Court also rejects the claim that because Hong Bao's husband and two others were managers of the Restaurants and employers within the meaning of the FLSA and NYLL (as the affidavits claim) that Plaintiff is necessarily not an employer. "[N]either the FLSA nor NYLL limit personal liability to a single individual employer." *De Quan Lu v. Red Koi, Inc.*, 2020 WL 7711410, at *7 (S.D.N.Y. Dec. 29, 2020). "For purposes of the FLSA and NYLL, '[a]n individual may simultaneously have multiple 'employers' . . . in which case, 'all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the [FLSA and NYLL].'" *Fallon v. 18 Greenwich Avenue, LLC*, 2021 WL 1105066, at *3 (S.D.N.Y. Mar. 23, 2021) (quoting *Martin v. Sprint United Mgmt. Co.*, 273 F. Supp. 3d 404, 421 (S.D.N.Y. 2017)). That Lam may have been employer thus does not, as a matter of law, preclude that Hong Bao was also an employer.

For these reasons, Hong Bao's arguments are without merit.

## CONCLUSION

The motion to dismiss is denied. The Clerk of Court is respectfully directed to close Dkt. No. 28.

SO ORDERED.

Dated: October 18, 2022
New York, New York

LEWIS J. LIMAN
United States District Judge