

28 Liberty Street, 30th Floor • New York, NY 10005
Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

October 19, 2022

**VIA CM/ECF**
Hon. Lewis J. Liman, U.S.D.J.
Southern District of New York
500 Pearl Street, Courtroom 15C
New York, New York 10007

      Re:    *Mangahas v. Eight Oranges Inc. DBA The Bao, et al.*, No. 22 Civ. 04150 (SDNY)

Dear Judge Liman:

      We represent the Plaintiffs and putative class and collective in the above referenced matter. We write pursuant to Your Honor's Individual Rules of Practice 4(c) and submit this letter motion in support of a protective order regarding Defendants' written discovery.

      Enclosed as **Exhibit A** are a representative set of the written discovery (60 RFPs and 25 interrogatories) that were served on the Named Plaintiff and 14 Opt-in Plaintiffs (collectively "Plaintiffs").[1] An excess number is not only the issue here – the written requests seek information that is wholly irrelevant to this wage and hour case, and have no other reason other than to harass Plaintiffs and chill participation. For the following reasons, the Court should issue a protective order in favor of Plaintiffs, and require Defendants to re-serve written requests that are reasonable in number and subject matter. Prior to making this request, the undersigned sent a formal meet and confer letter to Defendants (attached as **Exhibit B**) on October 13, 2022, and asked for times to meet and confer. To date, counsel for Defendants have not responded to this request.

    **I.**    **This Court has the Authority to Limit Discovery to Plaintiffs.**

      "[Rule] 26(b)(1) and 26(b)(2)(C) give the Court authority to limit the frequency and extent of discovery otherwise allowed by the Federal Rules if, among other reasons, the discovery is not proportional to the needs of the case, if the burden or expense of the proposed discovery outweighs its likely benefit, and if it is unreasonably cumulative or duplicative." *Mikiyuk v. Cision US Inc.*, No. 21-cv-510, 2021 WL 5449606, at *2 (S.D.N.Y. Nov. 22, 2021) (Liman, J.). As this Court has made clear, "courts must balance the need for information, the information's importance in resolving the issues and the relief requested with the burden of discovery." *Id.* Moreover, "[t]he purpose for which the discovery is sought, including whether it is sought to mount a scorched earth defense, or is undertaken with the purpose or effect of harassment of absent class members or of altering the membership." *Id.*

    **II.**    **The Court Should Limit the Number of Written Requests.**

      Plaintiffs are not yet asking that only a certain percentage of opt-ins be subject to written discovery. While that may be a consideration after the close of the notice period, we recognize that

---

[1] These requests were served on September 30, 2022, making responses due October 31, 2022.

Fitapelli & Schaffer, LLP
October 19, 2022
Page 2 of 3

---

to date there are a total of 15 Plaintiffs in the case. Therefore, the number is not yet so excessive to prevent these Plaintiffs being subject to written discovery.[2] *See Mikiyuk*, 2021 WL 5449606, at *3.

Presently, each Plaintiff is to answer 85 written discovery requests. Across the 15 Plaintiffs, there will be a total of 1,275 written requests. This is excessive and overburdensome. Courts recognize that attorney time is necessary to answer written discovery requests. *See*, *e.g.*, *In re U. S. Fin. Sec. Litig.*, 74 F.R.D. 497, 497-98 (S.D. Cal. 1975) (noting an attorney may spend 10 minutes answering a discovery question). Even today with updated technology, assuming a nominal time of 3 minutes to review a request with a client, each Plaintiff would spend 4.25 hours[3] on the telephone just going through these requests.

Plaintiffs ask for a protective order limiting the number of written requests to 10 RFPs and 5 interrogatories.[4] This number tracks this Court's decision in *Mikiyuk* with regards to RFPs.

### A. Interrogatories Should Be More Limited at this Stage in the Litigation.

While there were more interrogatories allowed in *Mikiyuk*, we believe that 5 interrogatories is appropriate given Local Rule 33.3, which limits contention interrogatories at the beginning of cases. Here, many of the interrogatories served largely violate Local Rule 33.3, and otherwise request improper information:

- ROG 1:      Plaintiffs' address, date of birth, social security number;[5]
- ROGS 4, 5:  The factual detail of all communication between Plaintiff and Defendants relating to the terms and conditions of employment and this current litigation;
- ROG 7:      Whether Plaintiff entered any agreements with Defendants;
- ROG 10;     Factual detail regarding Defendants knowingly and willfully failing to pay Plaintiff:
- ROG 14:     Whether Plaintiff is currently employed and if not why; and
- ROG 17:     Plaintiff to identify the amount of any tips received.

Responses to these interrogatories would involve potentially "long narrative explanations" that go against the terms and spirit of Local Rule 33.3. *See In re Weatherford*, 2013 WL 5788680, at *3 (S.D.N.Y. Oct. 28, 2013). At this early stage in the case, contention interrogatories are not necessary nor will advance the ball. Discussions of additional interrogatories can wait until the close of the notice period, as it was in *Mikiyuk*, to determine a proper representative sample and see what is actually necessary to vet the claims on a collective basis.

---

[2] Though of course, depending on the size of the ultimate collective, this may be all that Defendants should get. But, that's an issue for another day.

[3] 3 minutes x 85 written requests = 255 minutes. 255 minutes divided by 60 minutes is 4.25 hours.

[4] We have offered that the Named Plaintiff be subject to 30 RFPs and 10 Interrogatories.

[5] Social security numbers should not be discoverable in wage matters. *See Uto v. Job Site Services Inc.*, 269 F.R.D. 209, 212 (E.D.N.Y. 2010) (granting protective order as to social security numbers).

Fitapelli & Schaffer, LLP
October 19, 2022
Page 3 of 3

### B. The RFPs are Overbroad, Not Proportional, and Unduly Burdensome.

The RFPs contain multiple duplicative requests for documents that should already be in the possession of Defendants. For instance, many of the document requests seek documents or payroll information that is (or at least should be) in Defendants' possession:

- Documents demonstrating hours worked: RFPs 5, 6, 7, 8, 10, 11, 15, 48, 49, 51; and
- Documents request demonstrating pay practices & payroll information (such as wage notices given, wages paid and tips received) that are in the possession of Defendants: RFPs 2, 3, 4, 5, 6, 7, 8, 10, 11, 14, 15, 17, 21, 24, 48, 49, 53.

The FLSA mandates that employers maintain such records and that they be readily available for inspection upon 72-hour notice. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.7. Peppering Plaintiffs with duplicative responses for documents already in Defendants' possession "is not likely to advance the ball." *Goodman v. Burlington Coat*, 292 F.R.D. 230, 243 (D.N.J. 2013).

The RFPs also delve into inappropriate subject matters, such as:
- Communications/telephone calls made during any work shifts regarding any subject matter: RFPs 12, 13;
- Tax returns (with all attachments) of Plaintiffs and documents demonstrating pay from concurrent employment: RFPs 16, 22, 23;
- Unemployment documents: RFP 33;
- All documents concerning any lawsuits Plaintiffs were party to (including copies of all pleadings, motions, court decisions, etc.): RFP 32;
- All documents concerning subsequent employment, including job applications: 3 RFPs 4, 35, 37; and
- "Every version" of resumes submitted to "any employer": RFP 36

The above subject matters are wholly unwarranted for this case. *See, e.g.*, *Xiao Hong Zheng v. Perfect Team Corporation,* No. 17-CV-01839, 2018 WL 3133942, at *1 (E.D.N.Y. June 26, 2018) (barring tax return production); *Lopez v. Guzman*, No. 17-CV-1668, 2018 WL 11411132, at *7 (E.D.N.Y. Nov. 27, 2018) (request for insurance policy and unemployment insurance benefits was overly broad and irrelevant); *Centeno-Bernuy v. Becker* Farms, 219 F.R.D. 59, 60 (W.D.N.Y. 2003) (issuing protective order regarding subsequent employment information). Moreover, this is *not* a salary misclassification case where resumes (however non-probative they may be), could arguably be discoverable. Thus, several of these requests are simply not appropriate and are really only made for overburdening Plaintiffs and chilling participation.

We would welcome a conference with Your Honor to discuss these matters and respectfully request a protective order that prohibits the use of written requests as a sword.

We thank the Court for its time and attention to our request.

Sincerely,
/s/ Armando A. Ortiz