```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
JESSY MANGAHAS, on behalf of herself and all others              :
similarly situated,                                              :
                                                                 :
                                     Plaintiffs,                 :    22-cv-4150 (LJL)
                                                                 :
            -v-                                                  :    MEMORANDUM AND
                                                                 :         ORDER
EIGHT ORANGES INC. et al,                                        :
                                                                 :
                                     Defendants.                 :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/24/2022

LEWIS J. LIMAN, United States District Judge:

Plaintiffs in this wage-and-hour case brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the New York Labor Law move for a protective order, pursuant to Federal Rule of Civil Procedure 26(b)(1) and 26(b)(2)(C), limiting the written requests for production of documents and the interrogatories that Defendants may serve on the Named Plaintiff and the fourteen opt-in Plaintiffs in this case and objecting to certain of the interrogatories as exceeding those permitted by local rule and to certain of the requests for production of documents as overbroad, not proportional, and unduly burdensome.  Dkt. No. 46.

Defendants have served sixty requests for production of documents and twenty-five interrogatories on each of Named Plaintiff and the fourteen opt-in Plaintiffs.  *See* Dkt. No. 46-1.

The Court has the authority to limit the frequency and extent of discovery otherwise allowed by the Federal Rules if, among other reasons, the discovery sought is not proportional to the needs of the case, the burden or expense of the proposed discovery outweighs its likely benefit, or it is unreasonably cumulative or duplicative.  Fed. R. Civ. P. 26(b)(1), (b)(2)(C). Here, "the size of the collective is not so large that the service of written discovery on all class

members would be impracticable or overly burdensome." *Mikityuk v. Cision US Inc.*, 2021 WL 5449606, at *3 (S.D.N.Y. Nov. 22, 2021). Moreover, "[a]llowance of . . . limited written discovery of each of the opt-in is not harassing and would not, on the facts of this case, serve to deter others either from joining this action or from joining similar such actions in the future." *Id.*

Here, certain of the interrogatories call for information beyond that permitted by local rule and certain of the requests for production of documents call for documents that appear either not to be relevant to a claim or defense, or to expose Plaintiffs to undue burden or expense, or to be disproportionate to the needs of the case and the likely benefit of the discovery. Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(iii).

Local Civil Rule 33.3(a) provides that interrogatories served at the commencement of discovery must be limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents." Local Civil Rule 33.3(a). During discovery, interrogatories may extend to other topics only "(1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court." Local Rule 33.3(b).

The following interrogatories are permitted under Local Rule 33.3 and are not excessive: 2, 3 (limited to the identification of persons with whom the plaintiff has spoken regarding the allegations of the complaint), 13, 21, 23, 24, and 25. For each of these interrogatories, the answering plaintiff shall provide the relevant names of witnesses but is not required to provide further detail regarding the substance of communications. In addition, where the interrogatories ask for relevant documents, the answering plaintiff shall provide information on the existence, custodian, location, and general description of the documents, but need not produce those

documents with its answer to the interrogatories.  Thus, for example, as to Interrogatory Numbers 2, 21, 23, and 25, the answering plaintiff shall answer the interrogatory in full.  However, as to Interrogatory Number 3, the answering plaintiff will not be required to describe communications or to produce documents relating to those communications.  And, as to Interrogatory Number 13, the interrogatory will be limited to the first clause and to a general description of any relevant documents consistent with Local Rule 33.3; the answering plaintiff will not be required to provide a description of the complaint or the remaining information requested.  In addition, Plaintiff shall answer the portion of Interrogatory Number 14 that asks whether the Plaintiff is currently employed by Defendants.  The remainder of the interrogatories seek information beyond that contemplated by Local Rule 33.3(a) and Defendants have made no showing that the information would be more efficiently and practically obtained through an interrogatory.

In addition, certain of the requests for production of documents either exceed that permitted by Rule 26 or are unreasonable.  Request Numbers 16 and 23 call for tax return information.  "Due to 'the private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns,' courts 'have long been reluctant' to order discovery of tax returns." *Xiao Hong Zheng v. Perfect Team Corp.*, 739 F. App'x 658, 660 (2d Cir. 2018) (quoting *Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y. 1979)).  "A party seeking to compel production of tax returns in civil cases must meet a two-part showing that: '(1) the returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source.'" *Lopez v. Guzman*,  2018 WL 11411132, at *3 (E.D.N.Y. Nov. 27, 2018) (quoting *Sadofsky v. Fiesta Prods, LLC*, 252 F.R.D. 143, 149 (E.D.N.Y. 2008)); *see*

*Trudeau v. N.Y. State Consumer Prot. Bd.*, 237 F.R.D. 325, 331 (N.D.N.Y. 2006) ("Routine discovery of tax returns is not the rule but rather the exception."). Defendants have not shown any "compelling need" for this information. *Id.* Thus, a protective order is granted to the extent that such requests call for tax return information.

Request Number 12 calls for "[a]ll email communications, text messages, SMS messages, instance messages, Facebook or social media messages, blogs, or any other electronic or wireless communication posted by or sent by Plaintiff during hours that Plaintiff alleges that Plaintiff was working for Defendants," and Request Number 13 calls for "[a]ll documents concerning telephone calls made by or received by Plaintiff during the hours that Plaintiff alleges that Plaintiff was working for Defendants." Dkt. No. 46-1. Although the information sought is arguably relevant to Plaintiffs' claims and Defendants' defenses, it also is disproportionate to the needs of the case and unduly burdensome and would expose Plaintiffs to unnecessary annoyance and embarrassment. *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 490–91 (S.D.N.Y. 2016) (parties are "protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas." (internal quotation marks and citation omitted)).

Request Number 24 calling for "[a]ll documents . . . concerning any communications between Plaintiff and any current or former officer, employee, or agent of Defendants concerning any of the subject matter of this lawsuit" is plainly overbroad. So is Request Number 25. Furthermore, Defendants have not shown the relevance of the documents requested in Request Number 33, which calls for documents concerning unemployment insurance and other benefits, or any need for such documents.

Request Number 34 calls for "[a]ll documents concerning any employment held by Plaintiff subsequent to Plaintiff's employment with the Defendants," Request Number 35 calls for "[a]ll documents concerning Plaintiff's efforts to secure employment subsequent to Plaintiff's employment with the Defendants," and Request Number 37 calls for "[a]ll documents and things evidencing the amount of income earned and/or received by Plaintiff . . . from the last date of employment to the present," including tax returns. Although documents with respect to whether Plaintiffs worked at other businesses while employed by Defendants may be relevant to this action, documents regarding subsequent employment are not relevant and can lead to intimidation and harassment. *See Centeno-Bernuy v. Becker Farms*, 219 F.R.D. 59, 61-62 (W.D.N.Y. 2003). For the same reason, although Request Number 36 which calls for "[e]very version of Plaintiff's resume as submitted to any employer, Defendants included, or potential employer," is permissible to the extent that it calls for resumes submitted to Defendants, it is otherwise overbroad.

Request Number 41 which calls for "[a]ny and all documents in your possession or control referring in any way to Defendants" is overbroad as are Request Numbers 45 and 46.

The motion for a protective order against having to respond to the following requests for production of documents is granted: 12, 13, 16, 23, 24, 25, 33, 34, 35, 37, 41, 45, 46. In addition, Plaintiffs need only produce the resume(s) they provided to Defendants in response to Request for Production 36. The motion for a protective order is otherwise denied.

The Clerk of Court is respectfully directed to close Dkt. No. 46.

SO ORDERED.

Dated: October 24, 2022
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge