UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                  :

JESSY MANGAHAS, *on behalf of herself and all others*   :
*similarly situated,*                             :

                    Plaintiff,       :

              -v-                 :

EIGHT ORANGES INC. DBA THE BAO; CHIBAOLA,  :
INC. DBA ULUH; JOANNE HONG BAO, *individually,*  :
and RICHARD LAM, *individually,*         :

              Defendant.      :

                                    :

------------------------------------------------------------------X

22-cv-4150 (LJL)

OPINION AND ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/01/2023

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Jessy Mangahas (along with opt-in plaintiffs) moves, pursuant to Federal Rules of Civil Procedure 15 and 16, to file a second amended complaint.  Dkt. No. 64.

## BACKGROUND

      Familiarity with the prior proceedings in this case is presumed.  The action was initiated by complaint filed on May 20, 2022.  Dkt. No. 1. On August 18, 2022, plaintiff filed the operative amended complaint.  Dkt. No. 25.  Plaintiff Jessy Mangahas ("Plaintiff" or "Mangahas") is an employee of defendant Eight Oranges Inc. d/b/a The Bao located at 13 St. Marks Place, New York, NY ("The Bao") and Chibaola Inc., d/b/a Uluh located at 152 Second Avenue, New York, NY ("Uluh") (collectively, the "Restaurants").  Dkt. No. 25 ¶¶ 1, 43. Plaintiff brings this case as a putative class action and a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of a collective or class of servers, runners, bussers, bartenders, and barbacks (collectively, "Tipped Workers") who worked at The Bao and Uluh.  *Id.* ¶¶ 1, 39–40.  Plaintiff asserts FLSA collective action claims on behalf of

Tipped Workers employed at the Restaurants from May 20, 2019 to the date of final judgment in this matter, *id.* ¶ 102, and New York Labor Law ("NYLL") class action claims on behalf of Tipped Workers employed at the Restaurants between October 5, 2015 and the date of final judgment in this matter, *id.* ¶ 113.  Plaintiff alleges that the Defendants violated the tip credit provisions of the FLSA and the NYLL.  *Id.* ¶ 11.  The Complaint alleges a slew of other labor law violations including that Defendants would take unlawful deductions from Tipped Workers' compensation, such as the value of any customer walk outs, plate and glass breakage, and incorrect customer orders, and that Defendants would also deduct an hour from the Tipped Workers' hours for lunch at The Bao regardless of whether the worker took an hour off from work.  *Id.* ¶¶ 24–26.  Defendants required Tipped Workers to purchase their t-shirt uniforms, *id.* ¶ 27, failed to pay Tipped Workers the spread of hours premium pay required by the NYLL, *id.* ¶ 28, and failed to provide Tipped Workers with proper annual wage notices or accurate wage statements required by the NYLL, *id.* ¶¶ 30–31.

Plaintiff alleges that Defendants' conduct violated (1) the minimum wage provisions of the FLSA, 29 U.S.C. § 201, *et seq.*, *id.* ¶¶ 140–46 (First Cause of Action); (2) the overtime wage provisions of the FLSA (by failing to pay Plaintiff and members of the FLSA collective at a rate of 1.5 times the full minimum wage for hours in excess of forty per week), *id.* ¶¶ 147–50 (Second Cause of Action); (3) the misappropriated tip provisions of the FLSA, *id.* ¶¶ 151–55 (Third Cause of Action); (4) the minimum wage provisions of the NYLL, *id.* ¶¶ 156–65 (Fourth Cause of Action); (5) the overtime wage provisions of the NYLL, *id.* ¶¶ 166–69 (Fifth Cause of Action); (6) the tip misappropriation provisions of the NYLL, *id.* ¶¶ 170–75 (Sixth Cause of Action); (7) provisions of the NYLL that required reimbursement for the purchase of the t-shirts, *id.* ¶¶ 176–78 (Seventh Cause of Action); (8) the spread of hours provisions of the NYLL, *id.* ¶¶

179–81 (Eighth Cause of Action); (9) the annual time of hire wage notice provisions of the NYLL, *id.* ¶¶ 182–84 (Ninth Cause of Action); and (10) the wage statement provisions of the NYLL, *id.* ¶¶ 185–87 (Tenth Cause of Action). Plaintiff Mangahas also brings individual claims for retaliation under the FLSA, *id.* ¶¶ 188–92 (Eleventh Cause of Action), and under the NYLL, *id.* ¶¶ 193–97 (Twelfth Cause of Action).

By opinion and order of October 18, 2022, the Court granted Plaintiff's motion to have this case conditionally certified as a collective action under FLSA and authorized the dissemination of notice to the Tipped Workers.  Dkt. No. 43.  The Court also denied the motion of individual defendant Joanne Hong Bao to dismiss the complaint as against her for failure to state a claim for relief.  Dkt. No. 44.  Section 216(b) notice went out to putative collective members on January 4, 2023 and the notice period closed on March 6, 2023.  To date, twenty-seven plaintiffs have joined this action including Mangahas.   Dkt. Nos. 52–61, 65 at 2.

The Case Management Plan and Scheduling Order entered in this case on September 2, 2022, provides that any motions by Plaintiff to amend shall be made by September 28, 2022 (save for the addition of opt-in plaintiffs which would be based on the notice period deadline if the Court granted the motion to conditionally certify a collective).  Dkt. No. 28.  It also provided for fact discovery to be completed no later than August 29, 2023 and all discovery to be completed by October 13, 2023.  *Id.*  Discovery deadlines were extended by three months by this Court at a conference held in this matter on April 25, 2023.

Plaintiff first filed a letter motion for leave to file a second amended complaint on March 20, 2023.  Dkt. No. 62.  The Court denied that letter motion without prejudice to renewal by formal motion.  Dkt. No. 63.  On March 29, 2023, Plaintiff filed a formal motion to file a second amended complaint along with a memorandum of law and a declaration in support of the motion.

Dkt. Nos. 64–66, 71.  Defendants filed a memorandum of law in opposition to the motion on

April 12, 2023.  Dkt. No. 69.  Plaintiff filed a reply memorandum of law on April 19, 2023.  Dkt.

No. 76.

The proposed second amended complaint makes several revisions to the amended

complaint.  It adds food packers to the list of tip-ineligible positions at the Restaurants (in

addition to the already alleged managers, expeditors, soup dumpling cooks and dessert cooks).  It

adds Pitchaya Wohlfahrt as a named plaintiff[1] and asserts a claim of retaliation in violation of the

FLSA and NYLL on behalf of her stemming from Defendants' termination of her employment

on March 1, 2023, following her joinder to the case on February 2, 2023.[2]  Finally, it asserts that

Defendants filed a frivolous defamation lawsuit against Mangahas and two other opt-in Plaintiff

on March 9, 2023, in retaliation for the filing of this lawsuit.  Dkt. No. 68-1.

The lawsuit was filed in New York State Supreme Court, New York County on March 9,

2023, by Chibaola and asserts causes of action for defamation per se, defamation, and tortious

interference with Uluh's business.  It alleges that on or about September 8, 2022 false and

defamatory comments were published in a Chinese-language news outlet widely read in the New

York Chinese-speaking community, named Sing Tao Daily ("Singtao").  The article alleges that

Uluh has cockroaches and other hygiene problems.  Dkt. No. 66-1 ¶ 8.  The complaint alleges

that the defendants, including Mangahas and two others who are opt-in plaintiffs here, were the

---

[1] The name of the additional proposed plaintiff is spelled Pitchaya in the proposed second amended complaint.  Dkt. No. 68-1.  However, the correct spelling of Ms. Wohlfahrt's first name apparently is Pitchaya.

[2] The proposed second amended complaint states that Ms. Wohlfart joined the lawsuit on February 2, 2022 and that her pay was decreased in retaliation for joining the lawsuit on February 12, 2022.  Dkt. No. 68-1 ¶¶ 173–74.  This appears to be an error, and the Court assumes that these dates should instead read February 2, 2023 and February 12, 2023, as the opt-in period did not open until 2023.

source of the statements and planned to use the defamatory statements and their dissemination in the news to harm Uluh.  *Id.* ¶ 10.  The allegation is based on information provided to Uluh by two confidential informants who were asked to join the scheme and declined.  *Id.* ¶¶ 10–13.  The state court complaint is verified by Richard Lam, the President of Chibaola and a defendant in the federal lawsuit in front of this Court.  Dkt. No. 66-1 at ECF p. 9.

## DISCUSSION

Three rules are applicable here.  Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading with the leave of the court in the absence of the opposing party's written consent.  Fed. R. Civ. P. 15(a)(2).  Federal Rule of Civil Procedure 21 permits the court, "[o]n motion or on its own," to add a party "on just terms."  Fed. R. Civ. P. 21.  Federal Rule of Civil Procedure 16 provides that the court's scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

As a general matter, under Rule 15(a), "[l]eave to amend a complaint [is to] be freely given when justice so requires."  *Dougherty v. Town of N. Hempsted Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002) (citing Fed. R. Civ. P. 15(a)).  The court may deny such a motion only on grounds of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility."  *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995).  However, "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

Under Rule 21, a court may allow a party to be added or removed "at any time, on just terms."  Fed. R. Civ. P. 21.  "In deciding whether to permit joinder, courts apply the same standard of liberality afforded to motions to amend pleadings under Rule 15."  *New York Wheel Owner LLC v. Mammoet Holding B.V.*, 2020 WL 4926379, at *21 (S.D.N.Y. Aug. 21, 2020)

(quoting *Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008)).

However, "[w]hen a party files a motion to amend after the pleading deadline set forth in the case management plan and scheduling order, Fed. R. Civ. P. 16(b) governs and the party must establish 'good cause' to amend its pleadings." *Pristine Jewelers NY, Inc. v. Broner*, 492 F. Supp. 3d 130, 131–32 (S.D.N.Y. 2020) (citing *Sherman v. Fivesky, LLC*, 2020 WL 5105164, at *1 (S.D.N.Y. Aug. 31, 2020)).  This is not a forgiving standard.  "To show good cause, a movant must demonstrate diligence before filing her motion, such that despite the movant's effort, the deadline to amend the pleadings could not have been reasonably met." *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 197 (S.D.N.Y. 2014).  "'[T]he good cause standard of Rule 16 is not satisfied when the proposed amendment rests on information that the party knew or should have known, in advance of the deadline.'"  *Sherman*, 2020 WL 5105164, at *1 (quoting *DeCastro v. City of New York*, 2020 WL 4932778, at *7 (S.D.N.Y. Aug. 24, 2020)).  "The Court 'also may consider other relevant factors, including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice [non-movants].'"  *Weng v. HungryPanda US, Inc.*, 2021 WL 1750305, at *2 (S.D.N.Y. May 4, 2021) (quoting *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)).  "Even if good cause is established . . . , a court may deny a motion to amend if the proposed amendment 'would be futile, unduly prejudicial, or otherwise improper . . . .'"  *DeCastro*, 2020 WL 4932778, at *7 (quoting *Youngers v. Virtus Inv. Partners Inc.*, 2017 WL 5991800, at *6 (S.D.N.Y. Dec. 4, 2017)).

Defendants argue that Plaintiff has failed to establish good cause for the amendment and any amendment would be futile, cause undue delay, and prejudice Defendants.  Dkt. No. 69 at 5.

Defendants argue that Plaintiff has failed to identify why it could not have identified food packers as additional tip-ineligible positions earlier, that the addition of the second class representative should have been pursued earlier, that Ms. Wohlfahrt was terminated for non-retaliatory reasons based on the fact that she was unable to memorize the menu, and that the defamation lawsuit was not retaliatory and was based on well-pled facts. *Id.* at 5–7.

Plaintiff's motion is granted in part and denied in part. The motion to add Ms. Wohlfahrt as a named plaintiff and her allegations of retaliation are granted. There is a difference between filing a consent to join a FLSA collective action and being a named plaintiff in a lawsuit alleging FLSA and NYLL claims on behalf of a putative class. The consent allows the opt-in to join in the FLSA collective and binds her to its resolution. *See Cheng v. Via Quadronno LLC*, 2022 WL 1210839, at *3 (S.D.N.Y. Apr. 25, 2022). Unless and until a Rule 23 class is certified, however, the opt-in is a plaintiff only "with respect to the FLSA claims and not with respect to the NYLL claims." *Id.* Plaintiff has shown good cause for the joinder of Ms. Wohlfahrt as a named plaintiff and Defendants have not identified any prejudice. Until Section 216(b) notice was sent, Ms. Wohlfahrt would not necessarily have known of the existence of this action or of her rights under the labor laws or of the claims that those rights were being violated. That was, in part, the purpose of the Section 216(b) notice. The proposed amendment was filed shortly after the notice period closed. *Cf. Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 198 (S.D.N.Y. July 2, 2014) (holding that "good cause" standard was established for adding four new named plaintiffs alleging state and federal claims when conditional certification was not granted and notice not authorized until after deadline for amending pleadings). There is no basis to believe Ms. Wohlfahrt held off on asking to be joined as a named plaintiff for some strategic reason or that her participation in the lawsuit as a named plaintiff will cause undue delay or create prejudice.

NYLL claims and class claims already are being asserted by Plaintiff Mangahas.  The prosecution of identical claims by Ms. Wohlfahrt should not change the dimensions of this case in any significant respect.

There also is no reason to deny Ms. Wohlfahrt the opportunity to litigate in this case her claims for FLSA and NYLL retaliation.  Defendants do not argue, nor could they, that Ms. Wohlfahrt could have asserted the claims earlier or that the failure to do so was the result of some lack of diligence.  Accepting her allegations as true, Defendants terminated Ms. Wohlfahrt's employment on or about March 1, 2023, following her joinder to the case on February 2, 2022.  Plaintiff first asked to file the second amended complaint on March 20, 2023. There was no undue delay.  *See Lema v. Fitzon Construction/Ren Corp.*,  2022 WL 1321596, at *4 (E.D.N.Y. May 3, 2022) ("Courts routinely find that a party acted diligently under Rules 15 and 16 where the basis for the claim arose several months before the party requested the amendment.").

The amendment also is not futile.  FLSA provides that it is "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [FLSA]." 29 U.S.C. § 215(a)(3).  Similarly, the NYLL provides that an employer shall not "discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee . . . because such employee has made a complaint . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates [the NYLL]."  NYLL § 215(a)(1). A plaintiff alleging retaliation under FLSA and NYLL must first establish a prima facie case of retaliation by showing (1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal

connection between the protected activity and the adverse employment action. *See Mullins v. City of New York*, 626 F.3d 47, 53–54 (2d Cir. 2010); *Santi v. Hot in Here, Inc.*, 2019 WL 290145, at *4 (S.D.N.Y. Jan. 22, 2019) (noting that FLSA and NYLL retaliation claims are governed by the same standard).

Ms. Wohlfahrt has pleaded all three elements. The consent to join the action is protected activity. *See Mullins v. City of New York*, 634 F. Supp. 2d 373, 388 (S.D.N.Y. 2009), *aff'd*, 626 F.3d 47 (2d Cir. 2010) ("By joining this action and providing deposition and trial testimony, plaintiffs undoubtedly engaged in protected activity known to the defendants."); *Mullins v. City of New York*, 554 F. Supp. 2d 483, 491 (S.D.N.Y. 2008), *adhered to*, 634 F. Supp. 2d 373 (S.D.N.Y. 2009) (participating in lawsuit may be protected activity); *Raspanti v. Four Amigos Travel, Inc.*, 2007 WL 9723808, at *3 (M.D. Fla. Apr. 12, 2007), *aff'd*, 266 F. App'x 820 (11th Cir. 2008) ("Raspanti joined the Martinez-Keller suit as an opt-in plaintiff, on April 6, 2005. This constitutes the first element of a retaliation claim under the FLSA, 'protected activity.'"). The termination of her employment constitutes an employment action disadvantaging her. *See* 29 U.S.C. § 215(a)(3) (specifically mentioning discharge as an adverse employment action); NYLL § 215(a)(1) (same). Finally, a causal connection between an adverse action and a plaintiff's protected activity may be established "by showing that the protected activity was closely followed in time by the adverse action." *Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons,* 842 F.2d 590, 593 (2d Cir. 1988). Defendants counter that Ms. Wohlfahrt was terminated for performance reasons and submit an affidavit to that effect. Dkt. No. 69-1 ¶¶ 4–9. At this stage, however, the Court must take the allegations as true and, taking them as true, Ms. Wohlfahrt's retaliation claims in the proposed second amended complaint are not futile and state a claim for relief.

The Court reaches the same conclusion with respect to the addition of the allegations regarding the food packers.  Although "the good cause standard of Rule 16 is not satisfied when the proposed amendment rests on information that the party knew or should have known, in advance of the deadline," *Sherman*, 2020 WL 5105164, at *1 (citations omitted), Plaintiff has sufficiently demonstrated that it did not have enough information to add the allegations concerning the food packers until after the opt-in period had closed.  Plaintiff stated at the conference held on April 25, 2023 that, prior to the opt-in period, it did not have sufficient information to confidently allege that food packers were impermissibly permitted to share tips in violation of the FLSA and NYLL and that it obtained the information to allege the claim only as a result of the opt-in process.  There also appears to be little prejudice that Defendants would suffer from allowing Plaintiff to amend its complaint to add these allegations.  *See Werking v. Andrews*, 526 Fed. App'x. 94, 96 (2d Cir. 2013) ("We will find 'good cause' where the moving party has demonstrated 'diligence,' and the amendment would not significantly prejudice the non-moving party.").  Defendants did not identify any prejudice they would suffer from addition of these allegations at the April 25, 2023 conference, *see Scott*, 300 F.R.D. at 198 ("The burden of demonstrating prejudice rests with the non-movant."), and Plaintiff stated that addition of the allegations would likely involve only tailored requests for certain documents and some additional questions asked at already-scheduled depositions, *id.* (amendment is not prejudicial where it would not require defendant to "expend 'significant additional resources' to conduct discovery" or would not "'significantly delay' the resolution of the dispute." (citation omitted)). Defendants have argued that Plaintiff will not be able to show that the packers were tip-ineligible and that the packers performed customer-facing functions but, as previously stated, the Court must take the allegations as true.

Finally, the Court denies the motion to amend to include allegations with respect to the lawsuit in New York State Supreme Court.  "[D]istrict courts in this Circuit have held that 'baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions, even though they do not arise strictly in an employment context.'"  *Kim v. Lee*, 2023 WL 2317248, at *3 (2d Cir. Mar. 2, 2023) (quoting *Romero v. Bestcare, Inc.*, 2018 WL 1702001, at *5 (E.D.N.Y. Feb. 28, 2018), *report and recommendation adopted*, 2018 WL 1701948 (E.D.N.Y. Mar. 31, 2018) (citing cases)).  The Second Circuit has further "assume[d], without deciding, that frivolous counterclaims could well dissuade a reasonable worker from pursuing an FLSA claim."  *Id.*  Plaintiff grounds the amendment on the claim that the state court lawsuit is frivolous.[3]  The allegation that a lawsuit is frivolous constitutes a legal conclusion; it is not an allegation of fact.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citation omitted)).  In *Kim v. Lee*, the Second Circuit stated that "[a] claim is frivolous if it is based on an 'inarguable legal conclusion' or 'fanciful factual allegation.'"  *Kim v. Lee*, 2023 WL 2317248, at *3 (2d Cir. Mar. 2, 2023) (quoting *Pillay v. INS*, 45 F.3d 14, 16 (2d Cir. 1995)).  The Court also stated that "[t]o be baseless, a [c]laim must '[h]av[e] no basis in fact or sound reason.'"  *Id.* (quoting *Baseless*, *Black's Law Dictionary* (11th ed. 2019)).

---

[3] The Court therefore need not separately consider the question whether even if the state court complaint were non-frivolous, it could be retaliatory.  *See Kim v. Lee*, 2023 WL 2317248, at *3 n.5; *cf. Kim v. Lee*, 576 F. Supp. 3d 14, 31 (S.D.N.Y. 2021) ("To sustain a claim of retaliation based on the filing of a lawsuit or a counterclaim, the plaintiff must allege both that the lawsuit or counterclaim was filed both 'with a retaliatory motive' and that it was filed 'without a reasonable basis in fact or law.'" (citation omitted)).

Plaintiff does not allege facts to support that the state court lawsuit is either baseless or frivolous.  It identifies statements that are defamatory on their face and contains allegations of fact directly linking the defendants named in that lawsuit to the making of the statements.[4]  The question for retaliation is whether the employer's action would dissuade a *reasonable* worker from pursuing a FLSA claim, not whether it had an impact on these plaintiffs.  To be sure, "[a] litigation, with the expense it costs to defend and the risk it can bring to reputation, on its face, would appear to be an action that could be injurious to the ability to maintain current employment or secure future employment and an act that well might dissuade a reasonable worker from making a charge of discrimination" or of a FLSA violation.  *Sherman*, 2020 WL 5105164, at *5.  "At the same time, however, the Supreme Court has recognized that '[t]he right of access to the courts is . . . one aspect of the right to petition' the government for a redress of grievances secured by the First Amendment to the Constitution."  *Id.* (quoting *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972)).  And "no reasonable employee should expect that the employer-defendant would simply surrender in the face of litigation."  *Id.* at *6.  Plaintiff will have to litigate whether Defendants' claim has merit and whether it is retaliatory in state court.  This Court will not open a separate front for litigation over the Singtao article in federal court.

## CONCLUSION

The motion to amend is granted in part and denied in part.  Plaintiff shall file a second amended complaint limited to the amendments permitted by this Opinion and Order by no later than seven days after the date of this Opinion and Order.

---

[4] The Court may consider the state court complaint which is incorporated into the proposed second amended complaint by reference and which has been provided to the Court by Plaintiff through a declaration.  *See Kim*, 2023 WL 2317248, at *2.

The Clerk of Court is respectfully directed to close Dkt. No. 64.


SO ORDERED.


Dated: May 1, 2023
     New York, New York
                                            LEWIS J. LIMAN
                                 United States District Judge