UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSY MANGAHAS, and PITCHAYA WOHLFAHRT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>EIGHT ORANGES INC. DBA THE BAO; CHIBAOLA, INC. DBA ULUH; JOANNE HONG BAO, individually, and RICHARD LAM, individually,<br><br>Defendants. | Case No. 22 Civ. 04150 (LJL) |

**DECLARATION OF ARMANDO A. ORTIZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION UNDER FED. R. CIV. P. 23**

I, Armando A. Ortiz, affirm under the penalties of perjury as follows:

1.      I am a partner of Fitapelli & Schaffer, LLP ("Counsel" or "F&S") in New York, New York, counsel of record for Plaintiffs in this matter. F&S is a well-respected and nationally recognized employment litigation firm based in New York City that represents plaintiffs in a variety of employment matters, including individual and class action litigation involving wage and hour, discrimination, and harassment claims, as well as contract and severance negotiations.

2.      I am one of the lawyers primarily responsible for prosecuting Plaintiffs' claims.

3.      I submit this Declaration to place before the Court certain facts and documents relied upon by Plaintiffs in their Motion for Class Certification under Fed. R. Civ. P. 23.

**Counsel's Work to Date**

4.      Before initiating the instant action, F&S conducted a thorough investigation into Defendants' business locations and ownership, which included research into their wage and hour policies and/or practices applicable to Tipped Workers, factual and legal research into the

1

underlying merits of potential plaintiffs' claims and possible defenses, factual and legal research as to the proper measure of damages, and the likelihood of collective and class action certification.

5.  Further, F&S conducted an in-depth interview with Jessy Mangahas ("Ms. Mangahas") and other subsequent opt-in Plaintiffs who worked for Defendants. This interview helped F&S determine the hours that Tipped Workers were working, the wages they were paid, the nature of their duties, and Defendants' tip sharing practices.

6.  On May 20, 2022, Jessy Mangahas ("Ms. Mangahas") filed the original complaint in this case seeking damages against Eight Oranges Inc. d/b/a The Bao, Chibaola, Inc. d/b/a Uluh, Joanne Hong Bao, and Richard Lam (collectively, "Defendants"). ECF No. 1. On August 18, 2022, Ms. Mangahas filed an Amended Complaint, bringing forth individual retaliation claims, in addition to the class claims originally alleged. ECF No. 25.

7.  Defendants filed a Motion to Dismiss Joanne Hong Bao from this case, which Plaintiffs opposed. The Court ultimately denied the Motion to Dismiss on October 18, 2022.

8.  During this time, Plaintiffs filed their Motion for Conditional Certification Pursuant to the FLSA, which was opposed by Defendants. After full briefing, the Court granted this motion and ordered FLSA notice be sent. ECF No. 43.

9.  Prior to FLSA Notice, there were 17 opt-in Plaintiffs in the case. After FLSA Notice, nine (9) additional opt-in Plaintiffs joined during FLSA Notice.

10. Currently, there are a total of 27 Plaintiffs in this case, inclusive of Named and Opt-in Plaintiffs.

11. On March 29, 2023, Ms. Mangahas sought leave to file a Second Amended Complaint, adding Pithchaya Wohlfahrt as a co-Class Representative, alleging that food packers also

received tips despite being tip-ineligible, and adding in additional allegations of retaliation against Ms. Mangahas and Ms. Wohlfahrt individually. ECF Nos. 64-66.

12. On April 19, 2023, F&S filed a Motion for Temporary Restraining Order regarding ongoing retaliation, which was fully briefed and required an in-person argument. ECF Nos. 72-79. The Court ultimately denied the Motion for Temporary Restraining Order/Preliminary Injunction and granted Plaintiffs' request to file a Second Amended Complaint in part.

13. During the course of discovery, Plaintiffs and Opt-in Plaintiffs have produced several dozens of documents in their possession, both via Rule 26 Initial Disclosures and also when responding to Defendants' written discovery requests. F&S, on behalf of Plaintiffs, filed a Motion for Protective Order, which narrowed down applicable discovery requests.

14. Named Plaintiffs Ms. Mangahas and Ms. Wohlfahrt have been actively involved in this case and are responsive to the needs of the case. For instance, Ms. Mangahas has responded to served written discovery request from Defendants. Although Defendants did not serve Ms. Wohlfahrt with written discovery requests, she produced relevant documents in her possession pursuant to Rule 26 Initial Disclosures. Ms. Mangahas sat for her deposition on November 28, 2023, and Mr. Wohlfahrt sat for her deposition on November 14, 2023.

15. The Parties agreed that a total of fourteen (14) Plaintiffs would be chosen to sit for their deposition in this case. To date, Defendants have taken the depositions of the above Named Plaintiffs along with six (6) additional opt-in Plaintiffs. The Parties are currently scheduling the remaining depositions to be held.

16. Plaintiffs took the Rule 30(b)(6) deposition of Richard Lam as corporate witness for the Defendants on November 27, 2023. Plaintiffs have requested a follow up date for additional

3

corporate witness(es) to cover the topic of side work at the Restaurants. Plaintiffs also intend to take the individual depositions of the named Defendants prior to fact discovery closure.

17. Plaintiffs have also made efforts to secure the appearance of third-party witnesses for deposition, which are ongoing.

18. During the course of discovery, Defendants produced, among other voluminous records, specific payroll records for 26 Plaintiffs and 104 putative class members. F&S had devoted significant resources to reviewing these many thousands of pages of production, and will continue to process them in preparation for trial.

19. F&S created the summary chart attached as **Exhibit 14** which summarizes these voluminous records. F&S recorded the name of individuals, recorded whether they had payroll from Eight Oranges Inc. or Chibaola, Inc. (or both), recorded the number of relevant payroll entries per person, and recorded whether the payroll records also had any wage notices. Not all of Defendants' production is bates labeled; thus, where available, the chart included bates ranges. Copies of these underlying documents may be made available to the Court at its request.

20. The Parties have conferred and agreed that principal briefs in support and opposition shall be up to 30 pages pursuant to Your Honor's Individual Rules.

### F&S Qualifications

21. F&S has significant experience prosecuting wage and hour cases, such as this one, and has obtained in excess of $200 million for workers. F&S has been appointed as class and collective counsel in many federal cases across the country. *See, e.g.*, *Smith v. Akela Contracting LLC*, No. 22 Civ. 01186, ECF No. 104 (S.D.N.Y. July 12, 2023); *Freeman v. Tyson Foods, Inc.*, ECF No. 43, No. 5:21 Civ. 05175, at 14, 19 (W.D. Ark. Aug. 18, 2022); *Lanning v. Wells Fargo Bank, N.A.*, No. 20 Civ. 2055, ECF No. 55 (S.D.N.Y. Nov. 24, 2021); *Gillett v. Zara USA*, No. 20 Civ.

03734, 2021 WL 1731836, at *8 (May 3, 2021); *Spiciarich v. The Gorman Group, LLC*, No. 20 Civ. 646, ECF No. 31 (N.D.N.Y. Apr. 15, 2021); *Bruno v. Wells Fargo Bank N.A.*, No. 19 Civ. 587 (RJC), 2021 WL 964938 (W.D. Pa. Mar. 15, 2021); *Hernandez v. Lochend Energy Services*, No. 20 Civ. 00064, ECF No. 44 (D.N.D. March 5, 2021); *Bruton v. Pioneer Natural Resources Company*, No. 20 Civ. 00203, ECF No. 20 (W.D. Tex. Jan. 27, 2021); *Kirby v. FIC Restaurants, Inc.*, No. 19 Civ. 1306 (FJS/ML), 2020 WL 3501398 (N.D.N.Y. Jun. 29, 2020); *Lu v. OD Inspections*, No. 20 Civ. 02063, ECF No. 24 (S.D. Tex. Dec. 24, 2020); *LeJeune v. Mammoth Energy Services, Inc.,* No. 19 Civ. 00286, ECF No. 102 (W.D. Tex. July 31, 2020); *Millin v. Brooklyn Born Chocolate*, No. 19 Civ. 3346, 2020 WL 2198125 (E.D.N.Y. May 6, 2020); *Warren v. MBI Energy Services, Inc.*, No. 19 Civ. 00800, ECF No. 33 (D. Colo. Feb. 25, 2020); *Carr v. Patriot Well Solutions, LLC*, No. 5:19 Civ. 00212, ECF No. 62 (W.D. Tex. Feb. 11, 2020); *Murillo v. Berry Bros. General Contractors, Inc.*, No. 6:18-cv-1434, 2019 WL 4640010 (W.D. La. Sept. 23, 2019); *Black v. P.F. Chang's China Bistro, Inc.*, No. 16 Civ. 03958, ECF No. 95 (N.D. Ill. Nov. 16, 2018); *Schaefer v. M&T Bank Corporation*, No. 14 Civ. 06622, ECF No. 90 (S.D.N.Y. Nov. 1, 2018); *De Jesus et al. v. Incinia Contracting, Inc.*, No. 17 Civ. 5733 (KHP), 2018 WL 3343236 (S.D.N.Y. June 22, 2018); *Suarez v. Rosa Mexicano Brands Inc.*, No. 16 Civ. 5464 (GWG), 2018 WL 1801319, (S.D.N.Y. April 13, 2018); *Zorrilla v. Carlson Rests., Inc.*, No. 14 Civ. 2740 (AT), 2018 WL 1737139 (April 9, 2018); *Alverson v. BL Restaurant Operations LLC*, No. 16 Civ. 00849 (OLG) (RBF), 2017 WL 5491998 (W.D.T.X. Nov. 11, 2017); *Sanchez v. Bentzys Construction, Inc.*, No. 16 Civ. 07072 (E.D.N.Y. Sept. 19, 2017); *Hotaranu v. Star Nissan Inc.*, No. 16 Civ. 5320 (KAM) (RML), 2017 WL 1390808 (E.D.N.Y. April 12, 2017); *Crosby et al. v. Lasership, Inc.*, No. 15 Civ. 08694 (GWG), ECF No. 171 (S.D.N.Y. June 30, 2017); *Almonte v. Marina Ice Cream Corp.*, No. 16 Civ. 00660 (GBD), 2016 WL 7217258 (S.D.N.Y. Dec. 8, 2016); *Illoldi v. Koi NY LLC*, No. 1:15 Civ. 06838 (VEC), 2016 WL 5900218

(S.D.N.Y. Oct. 7, 2016); *Hadel v. Gaucho*, No. 15 Civ. 3706 (RLE), 2016 WL 3647600 (S.D.N.Y. June 30, 2016); *Chhab v. Darden Restaurants Inc.*, No. 11 Civ. 08345 (NRB), 2016 WL 3004511 (S.D.N.Y. May 20, 2016); *Karic v. The Major Automotive Companies, Inc.*, No. 09 Civ. 5708 (CLP), 2016 WL 1745037 (S.D.N.Y. April 27, 2016); *Gonqueh v. Leros Point to Point, Inc.*, 14 Civ. 5883 (GHW), 2016 WL 791295 (S.D.N.Y. Feb. 26, 2016); *Bravo v. Palm W. Corp.*, No. 14 Civ. 9193 (SN), 2015 WL 5826715 (S.D.N.Y. Sept. 30, 2015); *Long v. HSBC USA Inc.*, No. 14 Civ. 6233 (HBP), 2015 WL 5444651 (S.D.N.Y. Sept. 11, 2015); *Carpenter v. Paige Hospitality Group, LLC*, No. 13 Civ. 4009 (GBD), 2015 U.S. Dist. LEXIS 82771 (S.D.N.Y. June 2, 2015); *Hamadou v. Hess Corporation*, No. 12 Civ. 250 (JLC), 2015 WL 3824230 (S.D.N.Y. June 18, 2015); *Espinoza v. Wanrong Trading Corp.*, No. 13 Civ. 1727 (FB), ECF No. 33 (E.D.N.Y. December 23, 2014); *Flynn v. N.Y. Dolls Gentlemen's Club*, No. 13 Civ. 6530 (PKC)(RLE), 2014 WL 4980380 (S.D.N.Y. Apr. 28, 2015); *Flores v. One Hanover, LLC*, No. 13 Civ. 5184 (AJP), ECF No. 40 (S.D.N.Y. June 9, 2014); *Simsek v. New York State Catholic Health Plan, Inc.*, No. 11 Civ. 5393 (FB)(JMA), 2014 U.S. Dist. LEXIS 22979 (E.D.N.Y. Feb. 14, 2014); *Diombera v. The Riese Organization, Inc.*, No. 12 Civ. 8477 (RJS)(HP), ECF No. 73 (S.D.N.Y. Oct. 21, 2013); *Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12 Civ. 4216 (WHP)(RLE), 2013 WL 4734818 (S.D.N.Y. Sept. 3, 2013); *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693 (PGG), 2013 WL 5492998 (S.D.N.Y. Oct. 2, 2013); *Tiro v. Pub. House Investments, LLC*, No. 11 Civ. 7679 (CM), 2013 WL 4830949 (S.D.N.Y. Sept. 10, 2013); *Chang v. BD Stanhope, LLC*, No. 10 Civ. 8577 (TPG), ECF No. 48 (S.D.N.Y. Nov. 15, 2012); *Girault v. Supersol 661 Amsterdam, LLC*, No. 11 Civ. 6835 (PAE), 2012 WL 4748101 (S.D.N.Y. Oct. 4, 2012); *Lovaglio v. W & E Hospitality Inc.*, No. 10 Civ. 7351 (LLS), 2012 WL 2775019 (S.D.N.Y. July 6, 2012); *Matheson v. The Glazier Group, Inc.*, No. 09 Civ. 4212 (DAB),

2011 WL 6268216 (S.D.N.Y. Dec. 13, 2011); *O'Dell. v. AMF Bowling Centers, Inc.*, No. 09 Civ. 759 (DLC), 2009 WL 6583142 (S.D.N.Y. Sept. 18, 2009).

22. Brian Schaffer received a *Juris Doctor* degree (dean's list) from New York Law School in 2003. He was admitted to the bar of the State of New York in 2004 and is also admitted to the bars of the Second Circuit Court of Appeals and the United States District Courts for the Southern, Eastern, Northern, and Western Districts of New York. Mr. Schaffer is a member in good standing of each of these bars. Mr. Schaffer became a partner of F&S in January 2008. Prior to starting F&S, he was employed by The Law Firm of Louis Ginsberg, P.C., a firm that specializes in the representation of individuals in employment law. Thereafter, Mr. Schaffer was employed by two civil litigation firms in Manhattan, Freiberg & Peck, LLP and Weiner, Millo & Morgan, LLC. Since starting F&S in 2008, Mr. Schaffer has exclusively represented plaintiffs in employment litigation and other employee rights matters. He has successfully argued cases in the New York State Appellate Division. Mr. Schaffer is a member of the National Employment Lawyers Association ("NELA"), NELA's New York Chapter, the New York County Lawyer's Association ("NYCLA"), and the American Bar Association ("ABA"). He has served as a panelist at CLE presentations for wage and hour issues for NELA, NYCLA, NYC Bar Association, Lawline, and the American Conference Institute. Mr. Schaffer has frequently been contacted by the media and the press to discuss current employment law related issues, and he was a contributing editor to the ABA's 2015 and 2018 FLSA treatises. In 2018, Mr. Schaffer was appointed to the NELA/NY Wage and Hour Law committee.

23. I have been employed at F&S as a partner since January 2022 and prior to that, I was an associate attorney at F&S since May 2015. I graduated from Boston College in 2009 and received my J.D. from Suffolk University Law School in 2012, *cum laude*. While in law school, I

7

was a member of the Journal of High Technology Law, and served as a judicial intern to the Honorable Robert Tochka in the Dorchester Division of the Boston Municipal Court. I have been admitted to practice in the state of New York since 2015 after first being admitted in the states of Massachusetts (2012) and Florida (2013). Prior to joining F&S, I practiced wage & hour law at a boutique plaintiffs' firm in Miami, Florida. During my time at F&S, I have exclusively represented Plaintiffs in employment litigation, focusing on wage and hour class/collective actions – and have successfully litigated and resolved cases as both a supporting and lead attorney. I am also admitted in the United States District Court for the Southern, Eastern, and Northern Districts of New York, the Southern and Middle Districts of Florida, the District of Massachusetts, the District of Colorado, the District of North Dakota, the Western District of Arkansas, and the Second Circuit Court of Appeals. I am a member of NELA and NELA's New York Chapter, and have served as a panelist at a CLE presentation for wage and hour issues for NYCLA.

24.     Katherine Bonilla has been employed at F&S since November 2021 as an associate attorney. Ms. Bonilla graduated from John Jay College of Criminal Justice in 2015 and received her J.D. from The Benjamin N. Cardozo School of Law in 2019. While in law school, Ms. Bonilla was a Notes Editor for the Journal of International & Comparative, Policy & Ethics Law Review, and interned at the New York State Attorney General's office and the National Labor Relations Board. Ms. Bonilla was admitted to practice in the state of New York in 2020. Prior to joining F&S, Ms. Bonilla worked at a boutique employment firm where she worked on cases focusing on employment discrimination and sexual harassment. During her time at F&S, Ms. Bonilla has exclusively represented Plaintiffs in employment litigation, focusing on wage and hour class/collective actions – and has successfully litigated and resolved cases as both a supporting

and lead attorney. She is also admitted in the United States District Court for the Southern District of New York. Ms. Bonilla is a member of NELA.

## EXHIBITS

25. Attached hereto as **Exhibit 1** are true and correct excerpts from the Rule 30(b)(6) Deposition of Richard Lam taken on November 27, 2023.

26. Attached hereto as **Exhibit 2** are true and correct copies of tip sheets for Chibaola Inc. Annotation in red (if any) was added by counsel.

27. Attached hereto as **Exhibit 3** are true and correct print outs from The Bao's and Uluh's webpages.

28. Attached hereto as **Exhibit 4** are true and correct excerpts from Eight Orange Inc.'s New York State Liquor Authority application. Annotation in red (if any) was added by counsel.

29. Attached hereto as **Exhibit 5** are true and correct excerpts from Chibaola Inc.'s New York State Liquor Authority application. Annotation in red was added by counsel.

30. Attached here to as **Exhibit 6** are true and correct copies of text messages received and exchanged in discovery in this case.

31. Attached hereto as **Exhibit 7** are true and correct copies of text messages received and exchanged in discovery in this case.

32. Attached hereto as **Exhibit 8** are true and correct copies of paystubs from both Eight Oranges Inc. and Chibaola Inc. that were provided to Jessy Mangahas.

33. Attached hereto as **Exhibit 9** are true and correct excerpts from the deposition of Jessy Mangahas.

34. Attached hereto as **Exhibit 10** are true and correct excerpts from the deposition of Wen Ben Zhu.

35. Attached hereto as **Exhibit 11** are true and correct excerpts from the deposition of Jason Cedeno.

36. Attached hereto as **Exhibit 12** are true and correct excerpts from the deposition of Keno Dacusin.

37. Attached hereto as **Exhibit 13** are true and correct copies of text messages exchanged in discovery.

38. Attached hereto as **Exhibit 14** is a true and correct copy of Counsel's FRE 1006 Summary Chart outlined above.

39. Attached hereto as **Exhibit 15** are true and correct copies of handbooks received during discovery.

40. Attached hereto as **Exhibit 16** are true and correct excerpts from Jessy Mangahas' payroll production given by Defendants.

41. Attached hereto as **Exhibit 17** are true and correct excerpts from Pithchaya Wohlfahrt's payroll production given by Defendants.

42. Attached hereto as **Exhibit 18** are true and correct excerpts from Opt-In Plaintiffs' payroll production given by Defendants.

43. Attached hereto as **Exhibit 19** are true and correct excerpts from putative class members' payroll production given by Defendants.

44. Attached hereto as **Exhibit 20** are true and correct excerpts from Defendants' Responses to Plaintiffs' First Request for the Production of Documents.

45. Attached hereto as **Exhibit 21** are true and correct copies of all wage notices produced by Defendants in this case.

46. Attached hereto as **Exhibit 22** are true and correct copies of tip sheets from Eight Oranges produced by Defendants in this case.

47. Attached hereto as **Exhibit 23** are true and correct excerpts from the deposition of Thinley Kalsang.

48. Attached hereto as **Exhibit 24** are true and correct excerpts from the deposition of Upendra Shahi.

49. Attached hereto as **Exhibit 25** are true and correct excerpts from the deposition of Pithchaya Wohlfahrt.

50. Attached hereto as **Exhibit 26** are true and correct excerpts from the deposition of Jose Roman.

51. Attached hereto as **Exhibit 27** are true and correct copies of work schedules received and exchanged during discovery.

52. Attached hereto as **Exhibit 28** are true and correct copies of work schedules received and exchanged during discovery.

53. Attached hereto as **Exhibit 29** are true and correct copies of documents received and exchanged during from Pithchaya Wohlfahrt in this case

54. Attached hereto as **Exhibit 20** is a true and correct copy of Plaintiffs' proposed Class Notice.

Dated: New York, New York
December 7, 2023

            Respectfully submitted,

         By: /s/ Armando A. Ortiz
            Armando A. Ortiz

            **FITAPELLI & SCHAFFER, LLP**
            Brian S. Schaffer
            Armando A. Ortiz
            Katherine Bonilla
            28 Liberty Street, 30th Floor
            New York, NY 10005
            Telephone: (212) 300-0375

            *Attorneys for Plaintiffs and*
            *the Putative Class and Collective*