UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSY MANGAHAS, and PITHCHAYA WOHFLAHRT, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br> -against-<br><br>EIGHT ORANGES INC. DBA THE BAO; CHIBAOLA, INC. DBA ULUH, JOANNE HONG BAO, individually, and RICHARD LAM, individually,<br><br>        Defendants. | Case No.: 1:22-cv-04150 (LJL) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION FOR SUMMARY JUDGMENT

**WHITE & NG, LLC**
Jonathan Ng, Esq.
Rolanzo R. White, Esq
190 Moore Street, Suite 204
Hackensack, New Jersey 07601
Telephone: (201) 968-5022

*Attorneys for Defendants*

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................................... 1

**STATEMENT OF FACTS** ................................................................................................... 1

**APPLICABLE LEGAL STANDARD FOR SUMMARY JUDGMENT** ................................. 5

**ARGUMENT** ....................................................................................................................... 6

   **I.   Summary judgment should be granted in favor of Defendant Bao because she was not an employer under FLSA and NYLL.** ................................................................................. 6

      a.   Status of Defendant Bao as Plaintiffs' employer. .......................................................... 6

**CONCLUSION** ................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Alvarez v. 40 Mulberry Rest., Inc.*, 2012 U.S. Dist. LEXIS 143317 (S.D.N.Y. Oct. 3, 2012), 2012 WL 4639154 (S.D.N.Y. Oct. 3, 2012) ................................................................................... 5, 6

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ....... 5, 6

*Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184 (S.D.N.Y. 2003) ...................... 7

*Byrnie v. Town of Cromwell Bd. Of Educ.*, 243 F.3d 93 (2d Cir. 2001) ........................................ 5

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ....................... 5

*Chen v. St. Beat Sportswear, Inc.*, 364 F. Supp. 2d 269 (E.D.N.Y. 2005) .................................... 7

*Golden Pac. Bancorp v. FDIC*, 375 F.3d 196 (2d Cir. 2004) ........................................................ 6

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999) ...................................................... 7

*Holcomb v. Iona Coll.*, 521 F. 3d 130 (2d Cir. 2008) ................................................................... 5

*Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013) .................................................................... 8

*Raquer v. Café Buon Gusto Corp.*, 2012 U.S. Dist. LEXIS 141975, 2012 WL 4494882 (S.D.N.Y. Sept. 28, 2012) ............................................................................................................... 6, 7

*Scotto v. Almenas*, 143 F.3d 105 (2d Cir. 1998) .......................................................................... 5

*Shibetti v. Z Rest., Diner & Lounge, Inc.*, 478 F. Supp. 3d 403 (E.D.N.Y. 2020) ......................... 8

*Spicer v. Pier Sixty LLC*, 269 F.R.D. 321 (S.D.N.Y. 2010) .......................................................... 7

*Woodman v. WWOR-TV, Inc.*, 411 F.3d 69 (2d Cir. 2005) ........................................................... 5

*Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003) ........................................................... 7

**Statutes**

29 U.S.C. § 201 ............................................................................................................................... 1

29 U.S.C. § 203(d) .......................................................................................................................... 6

**Rules**

Fed. R. Civ. P. 56(c) ........................................................................................................... 5

# PRELIMINARY STATEMENT

On or about May 20, 2022, Plaintiffs commenced the instant action against Defendants Eight Oranges Inc. d/b/a The Bao ("Eight Oranges"), Chibaola, Inc. d/b/a Uluh ("Chibaola") (collectively referred hereinafter as "Corporate Defendants"), Richard Lam ("Lam"), individually, and Joanne Hong Bao ("Bao"), individually, seeking damages for allegedly unpaid minimum wages, overtime wages, tip misappropriation, failure to reimburse uniform purchases, spread of hours pay, failure to provide proper annual wage notices, failure to provide accurate wage statements, and retaliation under Fair Labor Standard Act ("FLSA") 29 U.S.C. § 201 *et seq.* and New York Labor Law ("NYLL").

Because Defendant Bao never directly or indirectly controlled the Plaintiffs' work at either Eight Oranges or Chibaola, Defendant Bao was not an employer of the employees of Eight Oranges or Chibaola under the FLSA and NYLL. Furthermore, the Defendants maintain that The Bao and Uluh are two independent enterprises that do not amount to a single integrated enterprise under the FLSA and NYLL.

Accordingly, Defendants respectfully move for partial summary judgment seeking that Plaintiffs' complaint be dismissed with prejudice in its entirety as to Defendant Joanne Hong Bao.

# STATEMENT OF FACTS

1. Defendant Eight Oranges is a corporation that operates a Chinese restaurant called The Bao in New York, New York. *See* Paragraph 9 of Defendant Lam's Declaration (hereinafter "Lam Decl."); Exhibit 1 of the Affirmation of Jonathan Ng (hereinafter "Ng Aff."), a printout of The Bao's menu from its website.

2. Defendant Chibaola is a corporation that operates a Chinese restaurant called Uluh in New York, New York. *See* Lam Decl. ¶ 10; Exhibit 2 of Ng Aff., a printout of Uluh's menu from its website.

3. Defendant Eight Oranges is a corporation that was incorporated under the laws of the State of New York on or about March 19, 2014. *See* Lam Decl. ¶ 5; Exhibit 3 of Ng Aff., a printout of New York State's Department of State Entity Information page for Defendant Eight Oranges.

4. Defendant Chibaola is a corporation that was incorporated under the laws of the State of New York on or about October 6, 2016. *See* Lam Decl. ¶ 6; Exhibit 4 of Ng Aff., a printout of New York State's Department of State Entity Information page for Defendant Chibaola.

5. Defendant Lam is the sole owner of 100% of the shares of the stock of Defendant Eight Oranges. *See* Lam Decl. ¶ 7; Exhibit 5 of Ng Aff., a copy of Defendant Eight Orange's 2018 Schedule K-1 (hereinafter "Exh. 5").

6. Defendant Lam is the sole owner of 100% of the shares of the stock of Defendant Chibaola. *See* Lam Decl. ¶ 8; Exhibit 6 of Ng Aff., a copy of Defendant Chibaola's 2018 Schedule K-1 (hereinafter "Exh. 6").

7. Defendant Bao is the wife of Defendant Lam. *See* Lam Decl. ¶ 11.

8. Defendant Lam oversaw the management operations of both Eight Oranges and Chibaola. *See* Lam Decl. ¶ 16.

9. Defendant Bao does not hold any formal management position at Eight Oranges or Chibaola. *See* Paragraph 9 of Defendant Bao's Declaration (hereinafter "Bao Decl.").

10. Defendant Bao does not participate in the management operations of either Eight Oranges or Chibaola. *See* Bao Decl. ¶ 10.

11. The individual known as Lu Mei Zhang ("Ms. Zhang") is a former employee of the Defendants and assisted Defendant Lam in running the restaurants, including but not limited to payroll. *See* Page 55: Lines 3-19 of Exhibit 7 of Ng Aff., a copy of Defendants' Rule 30(b)(6)-Richard Lam Deposition Transcript (hereinafter "Lam Tr.").

12. Plaintiff Upendra Shahi was a team leader and manager at Eight Oranges. *See* Page 14: Lines 3-13 of Exhibit 11 of Ng Aff., a copy of the Deposition Transcript of Plaintiff Upendra Shahi (hereinafter "Shahi Tr.").

13. The authority to hire or fire employees at either Eight Oranges or Chibaola remained with Defendant Lam, Ms. Zhang, and the team leaders of Eight Oranges and Chibaola. *See* Lam Decl. ¶ 16; Lam Tr. at 93:6-7; Shahi Tr. at 21-22: 19-25, 1-18; Page 27: Lines 22-24 of Exhibit 13 of Ng Aff., a copy of the Deposition Transcript of Plaintiff Yi Zhang (hereinafter "Zhang Tr."); Page 11: Lines 17-19 of Exhibit 16 to Ng Aff., a copy of the Deposition Transcript of Plaintiff Wochao Chen (hereinafter "Chen Tr.").

14. Defendant Lam, Ms. Zhang, and other team leaders at Eight Oranges and Chibaola were responsible for supervising and controlling employee work schedules or conditions of employment. *See* Lam Decl. ¶ 16; Shahi Tr. at 11: 15-25; Page 18: Lines 1-7 of Exhibit 9 of Ng Aff., a copy of the Deposition Transcript of named Plaintiff Jessy Mangahas (hereinafter "Mangahas Tr."); Mangahas Tr. at 35: 5-17; Page 10: Lines 6-17 of Exhibit 15 of Ng Aff., a copy of the Deposition Transcript of Plaintiff Ying Ying Yuan (hereinafter "Yuan Tr.").

15. Defendant Lam, Ms. Zhang, and other team leaders of Eight Oranges and Chibaola were responsible for determining the rate and method of payment with the help of Defendant Lam's accountant. *See* Lam Decl. ¶ 16; Lam Tr. at 71: 16-24; Mangahas Tr. at 39: 6-16, 40: 1-19; Shahi Tr. at 32: 18-24.

16. Defendant Lam and Ms. Zhang were the only individuals who maintained the employment records for Eight Oranges and Chibaola. *See* Lam Decl. ¶ 16; Lam Tr. at 54: 16-25, 55: 2-25.

17. Defendant Bao lacks fluency in the English language. As such, Defendant Bao does not maintain any of the employment records for either Eight Oranges or Chibaola. *See* Page 75: Lines 9-25, Page 76: Lines 1-3 of Exhibit 8 of Ng Aff., a copy of the Deposition Transcript of Defendant Bao (hereinafter "Bao Tr.").

18. Defendant Bao has no ownership interest in Defendant Eight Oranges. *See* Lam Decl. ¶ 7; Exh. 5 of Ng Aff.

19. Defendant Bao has no ownership interest in Defendant Chibaola. *See* Lam Decl. ¶ 8; Exh. 6 of Ng Aff.

20. Defendant Bao was not present at Eight Oranges or Chibaola on a daily basis. Defendant Bao's visitation at Eight Oranges and Chibaola varied to the level that it was impractical for her to be perceived to control or manage any of Eight Oranges or Chibaola's employees. *See* Bao Tr. at 45: 12-25, 46: 2-12; Mangahas Tr. at 91: 18-25, 92: 2-25, 93: 2-25.

21. Defendant Eight Oranges had Ms. Zhang and other team leaders, Plaintiff Shahi, being one of the team leaders, manage and control the day-to-day operations, as well as conditions of employment of employees at Eight Oranges in the absence of Defendant Lam. *See* Mangahas Tr. at 29: 18-25, 30: 1-25; Lam Tr. at 93: 2-17.

22. Defendant Chibaola had Ms. Zhang and other team leaders, Adu, being one of the team leaders, manage and control the day-to-day operations and conditions of employment of employees at Chibaola in the absence of Defendant Lam. *See* Lam Tr. at 93: 2-17; Mangahas Tr. at 34: 5-20.

23. Defendant Bao's involvement in the operations of Eight Oranges and Chibaola was minuscule, to the point that her involvement was nothing more than general observations or opinions that any reasonable person who visited the restaurants may have had. *See* Mangahas Tr. at 92: 7-25, 93: 1-23.

## **APPLICABLE LEGAL STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate when the record demonstrates that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

For a motion for summary judgment to be granted, "the movant bears the burden of demonstrating the absence of material factual question; in making this determination, the Court must view all facts in the light most favorable to the non-movant." *Alvarez v. 40 Mulberry Rest., Inc.*, 2012 U.S. Dist. LEXIS 143317, at *8 (S.D.N.Y. Oct. 3, 2012), 2012 WL 4639154 (S.D.N.Y. Oct. 3, 2012), citing *Celotex Corp.*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Holcomb v. Iona Coll.*, 521 F. 3d 130, 132 (2d Cir. 2008).

"Even where facts are disputed, in order to defeat summary judgment, the nonmoving party must offer enough evidence to enable a reasonable jury to return a verdict in its favor." *Byrnie v. Town of Cromwell Bd. Of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001), citing *Anderson*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986); *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998); *see also Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d Cir. 2005).

Therefore, the non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful. *Golden Pac. Bancorp v. FDIC*, 375 F.3d 196, 200 (2d Cir. 2004); *see also Alvarez*, 2012 U.S. Dist. LEXIS 143317, at *8 (S.D.N.Y. Oct. 3, 2012), 2012 WL 4639154 (S.D.N.Y. Oct. 3, 2012) ("A party may not rely on mere speculation or conjecture as to the nature of the facts to overcome a motion for summary judgment, because conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist.)

"Only disputes over facts that might affect the outcome of the suit under the governing law will preclude a grant of summary judgment." *Alvarez*, 2012 U.S. Dist. LEXIS 143317, at *8 (S.D.N.Y. Oct. 3, 2012), 2012 WL 4639154 (S.D.N.Y. Oct. 3, 2012), *citing Anderson*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

For the reasons set forth below, Defendants will prove that Defendant Bao is not an employer under the FLSA and NYLL.

## ARGUMENT

**I. Summary judgment should be granted in favor of Defendant Bao because she was not an employer under FLSA and NYLL.**

    a. Status of Defendant Bao as Plaintiffs' employer.

        *i. FLSA Standard*

"The FLSA defines 'employer' as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" *See Raquer v. Café Buon Gusto Corp.*, 2012 U.S. Dist. LEXIS 141975 at *9-10, 2012 WL 4494882 (S.D.N.Y. Sept. 28, 2012); 29 U.S.C. § 203(d).

An employment relationship exists under the FLSA when the "economic reality" is such that the alleged employer possesses the power to control the workers in question. *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

A person or entity need not possess "formal control" over a worker to qualify as an employer; the person or entity may simply exercise "functional control" over the worker in question. *See Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72 (2d Cir. 2003).

Factors relevant to determining control over a worker's employment include whether the alleged employer (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; or (4) maintained employment records. *See Herman*, 172 F.3d at 139 (2d Cir. 1999); *see also Raquer*, 2012 U.S. Dist. LEXIS 141975 at *10, 2012 WL 4494882 (S.D.N.Y. Sept. 28, 2012).

No one of the four factors standing along is dispositive. *See Herman*, 172 F. 3d at 139 (2d Cir. 1999). The existence of all four indicia of employment can be sufficient to establish employer status. *See Zheng*, 355 F.3d at 69. However, employer status does not require the existence of all four, and a court should consider any other factors it deems relevant. *See id*. at 69, 71-72.

    ii.    NYLL Standard

Courts in the second circuit hold that the New York Labor Law embodies the same standards for employment as the FLSA. *See Chen v. St. Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 278 (E.D.N.Y. 2005); *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321 (S.D.N.Y. 2010) ("Courts have interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA."); *Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 189 (S.D.N.Y. 2003) ("Because New York Labor Law and the FLSA embody similar

standards with respect to the legal issues before [this Court], [this Court] will consider the federal law in deciding whether defendants were joint employers").

Therefore, the NYLL and FLSA regularly apply the same test to determine whether an individual is defined as an "employer" under the FLSA and NYLL.

   *iii. Examination of the status of Defendant Bao as Plaintiffs' employer under the "economic reality" test*

The question of whether an employer-employee relationship exists under the FLSA is based on the aforementioned "economic reality" test, taking into account the totality of the circumstances. See *Shibetti v. Z Rest., Diner & Lounge, Inc.*, 478 F. Supp. 3d 403, 413 (E.D.N.Y. 2020), citing *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013). Furthermore, courts in the Second Circuit generally look to the aforementioned four non-exclusive factors to determine the "economic reality" of a putative employment relationship. See *id*.

In the current matter at hand, Defendant Bao is the wife of Defendant Lam. As such, Defendant Bao did, at times, visit the restaurants of The Bao and Uluh. Furthermore, Defendant Bao did comment on certain issues while at the restaurants. However, her comments should not be construed as control over the employees of either of the restaurants. Defendant Bao's involvement in the restaurants did not amount to the level of her being classified as an employer under the FLSA and NYLL.

Defendant Bao does not own any shares of Defendant Eight Oranges or Chibaola. The sole shareholder of the Corporate Defendants is Defendant Lam and Defendant Lam alone. Therefore, Defendant Bao has no ownership interest in the Corporate Defendants who employed Plaintiffs.

As the Corporate Defendants were owned by Defendant Lam, Defendant Bao did not have significant control over or be involved in the Corporate Defendants' operation, management, or any other major business decision-making. Therefore, Defendant Bao did not exercise operational

control of significant aspects of the Corporate Defendants' day-to-day operations. Defendants emphasize that Defendant Bao was not at the restaurants on a daily basis. Defendant Bao's time at the restaurants varied greatly, from once a month to once a week. *See* Shahi Tr. at 110: 3-11.

First, there is no material proof that unequivocally demonstrates that Defendant Bao actually participated in the hiring or firing of employees for the Corporate Defendants. The opt-in Plaintiff, Upendra Shahi, testified in his deposition that during his tenure at Eight Oranges, he was given authority to hire and fire employees as the restaurant needed or did not need help. Plaintiff Shahi further testified that he would "share the opinion with Joanne and Richard" regarding his hirings and firings. *See* Shahi Tr. at 22: 4-18. This could imply that Defendant Bao was involved with the hiring and/or firing process at The Bao. However, upon further analysis of testimony provided by other opt-in plaintiffs, it is more likely than not that the authority to hire and fire employees at The Bao was with Defendant Lam, Plaintiff Shahi, and Ms. Zhang. Meanwhile, the hiring and firing of employees at Uluh was more likely than not handled by various individuals, such as Defendant Lam, Ms. Zhang, and an individual named Adu. None of whom were Defendant Bao. Specific examples include Plaintiff Shahi testifying that he was hired by Defendant Lam, named Plaintiff Jessy Manghas, who was hired by Defendant Lam at The Bao and Ms. Zhang at Uluh, and opt-in Plaintiff Wochao Chen, who was hired by Adu at Uluh. *See* Shahi Tr. at 7: 14-15; Mangahas Tr. at 10: 13-15, 16: 5-6; Chen Tr. at 11: 17-19. Additionally, Defendant Lam testified in the Rule 30(b)(6) deposition that the team leaders at The Bao and Uluh were the individuals who were primarily delegated the authority to hire and fire employees as determined by the needs of the restaurants. Because of this, the factor of the authority to hire and fire employees for purposes of determining whether an individual is an employer under the FLSA and

NYLL, should be in favor of Defendant Bao not being an employer as she did not have that authority.

Second, the authority to supervise and control employee work schedules and conditions of employment at The Bao and Uluh ultimately fell in the hands of Defendant Lam, who, in turn, delegated this authority to various individuals, such as Plaintiff Shahi at The Bao or Ms. Zhang a/k/a "Mei" at Uluh, but not to his wife, Defendant Bao. Plaintiff Shahi testified in his deposition that during his time working as a team leader at The Bao, he was given the authority to set the schedules for himself and other employees at The Bao. At Uluh, opt-in Plaintiff Ying Ying Yuan testified that she continued to work at Uluh because Ms. Zhang, the manager, was able to give her an accommodating schedule while she was in school. *See* Yuan Tr. at 30: 17-25. Additionally, opt-in Plaintiff Wen Bin Zhu testified that while working at Uluh, only Ms. Zhang, Adu, and Richard handled the scheduling of employees' work schedules. *See* Page 19: Lines 19-25 of Exhibit 12 to Ng Aff., a copy of the Deposition Transcript of Plaintiff Wen Bin Zhu (hereinafter "Zhu Tr."). Given the limited amount of time Defendant Bao spent at either restaurant, no reasonable juror could find that Defendant Bao was adequately equipped to determine the work schedules of employees at the restaurants. As to the authority to supervise and control the conditions of employment at The Bao and Uluh, Defendant Bao did not have the ability to do so. Once again, the authority to control the conditions of employment lay in the hands of Defendant Lam, who, like the authority to hire and fire employees, delegated to the team leaders of The Bao and Uluh. As Plaintiff Mangahas testified, her supervisors who oversaw her daily performance while at The Bao were "Jimmy", Plaintiff Shahi, and Ms. Zhang. *See* Mangahas Tr. at 29: 18-21. While the other named Plaintiff, Pithchaya Sirisawad a/k/a Wohflahrt testified that her manager was Adu. *See* Page 13: Lines 7-13 of Exhibit 10 to Ng Aff., a copy of the Deposition Transcript of Plaintiff

10

Pithchaya Sirisawad (hereinafter "Sirisawad Tr."). Although, Plaintiff Mangahas did testify that Defendant Bao would occasionally comment on the quality of the dishes served at the restaurants or comment on something that needed cleaning, these were mere observations that any reasonable person would make. It is not enough to definitively show that Defendant Bao controlled the conditions of employment as an employer under the FLSA or NYLL.

Third, the rate and method of payment for the Plaintiffs and other tipped employees of the Corporate Defendants were determined by their accountant, Chris Miu, in accordance with the relevant labor laws, then implemented by Defendant Lam and the restaurant team leaders, as testified by Defendant Lam. Based on the testimonies of multiple opt-in plaintiffs, Defendant Bao was not involved in the payroll operations of the Corporate Defendants. Defendant Lam testified that Mei was his bookkeeper, and then there are various testimonies from multiple opt-in plaintiffs that state that Mei and Defendant Lam were the ones who handled paying employees. Furthermore, Plaintiff Shahi specifically testified that if he wanted to give a raise to anyone, he would need to check with Mei and Defendant Lam, but made no indication that Defendant Bao had any input into determining an employee's rate and payment method. *See* Shahi Tr. at 76: 4-11. There simply is no factual basis for a reasonable jury to determine that Defendant Bao had the authority to determine the rate and method of payment of the employees of the Corporate Defendants. If anything, the rate and method of payment of employees, solely remained in the hands of Defendant Lam and Mei. For this reason, the factor of whether an individual had the authority to determine the rate and method of payment of employees for purposes of determining whether an individual was an employer under the FLSA and NYLL should be in favor of Defendant Bao not being an employer.

Lastly, as to who maintained the employment records of the Corporate Defendants, Defendant Lam testified that records were kept at a physical office in the basement of Uluh, which they were primarily maintained by Defendant Lam and Mei. Furthermore, Defendant Bao testified that she did not maintain the records for The Bao or Uluh, and given her lack of ability to read English, it is implausible that she maintained the records for The Bao and Uluh.

Defendants maintain that there is no legal or factual basis for a reasonable jury to return a verdict finding that Defendant Bao was an employer of the Plaintiffs, especially when the Plaintiffs' unsupportive claim of their employment with said defendant cannot pass the well-established "economic reality" test. Because the question of whether a particular defendant is an employer under the FLSA and NYLL is a question of law, the Defendants motion for partial summary judgment to dismiss the Plaintiff's complaint in its entirety as to Defendant Bao must be granted when there is no genuine issue of material fact for a fact finder to determine.

## **CONCLUSION**

Even if the evidence presented was generously analyzed, no reasonable jury should be able to find that Defendant Bao was an employer of the Plaintiffs and other employees under the FLSA or NYLL. As with many other minority-owned small businesses in America, the spouse of the owner normally assists the owner spouse when there is help is absolutely needed. However, when it comes to liability under the FLSA and NYLL, the non-owner spouse should not be liable for the actions of the spouse who was actually the employer.

In the instant action, Defendant Bao was not the Plaintiffs' employer under the FLSA and NYLL. Therefore, Defendants move the Court for an order dismissing Plaintiffs' complaint in its entirety as to Defendant Bao, and for such and other relief as the Court may seem just and proper, together with attorney's fees, costs, and disbursements of this action.

Dated: Hackensack, New Jersey
      April 22, 2024

Respectfully submitted,

/s/ Jonathan Ng
Jonathan Ng, Esq.
Rolanzo R. White, Esq.
190 Moore Street, Suite 204
Hackensack, New Jersey 07601
(201) 968-5022
jonathan@whiteng.co
*Attorneys for Defendants*

## **CERTIFICATE OF BRIEF LENGTH CONFERRAL**

I hereby certify that pursuant to the Court's Individual Rules of Practice the Parties agreed that principal briefs in support of and in opposition to this Motion should be no more than 40 pages in length.

/s/ Jonathan Ng
Jonathan Ng, Esq.