UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JESSY MANGAHAS, and PITHCHAYA
WOHLFAHRT, on behalf of themselves
and all others similarly situated,

       Plaintiffs,

 -against-

EIGHT ORANGES INC. DBA THE BAO;
CHIBAOLA, INC. DBA ULUH; JOANNE
HONG BAO, individually, and RICHARD
LAM, individually,

       Defendants.

Case No.: 1:22-cv-04150-LJL

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTIONS IN LIMINE**

  Defendants respectfully submit this memorandum of law in opposition to Plaintiffs' Motions in Limine to preclude Defendants from calling certain witnesses to testify at trial. For the reasons set forth below, Plaintiffs' motion should be denied.

## INTRODUCTION

  Plaintiffs seek to exclude witnesses on the basis that Defendants failed to disclose them pursuant to Rule 26 of the Federal Rules of Civil Procedure ("FRCP") and during discovery. However, this request disregards the fact that these witnesses' identities were disclosed in payroll records provided during discovery and that their testimony is directly relevant to issues of damages. Exclusion of these witnesses would unfairly prejudice Defendants and impede the presentation of key evidence essential to a fair adjudication of this case.

## ARGUMENT

**I. THE IDENTITIES OF THE WITNESSES WERE DISCLOSED IN PAYROLL RECORDS PRODUCED TO PLAINTIFFS**

Contrary to Plaintiffs' assertions, the identities of the proposed witnesses were included in the payroll records produced by Defendants during discovery. Rule 26(e) requires a party to supplement disclosures if the additional information has not otherwise been made known to the opposing party during the discovery process. Here, Plaintiffs were provided with voluminous payroll records that included the names of the proposed witnesses, making their identities known to Plaintiffs during discovery. Furthermore, Mr. Wu had previously submitted an affidavit in this matter in support of Ms. Hong Bao's pre-answer motion to dismiss. Plaintiffs' claim of surprise or lack of awareness is therefore unfounded.

## II. DEFENDANTS IDENTIFIED THESE WITNESSES ONLY UPON RE-INSPECTION

The voluminous nature of discovery in this case, including the extensive payroll records, necessitated a thorough re-inspection of documents to determine which individuals possess pertinent information. Defendants' recent identification of these witnesses reflects diligence in reviewing discovery materials and does not constitute bad faith or willful concealment. Importantly, Mr. Wu and Ms. Zhou are expected to provide testimony regarding damages, while Ms. Rachata and Ms. Amnuaychottha are expected to provide testimony regarding Ms. Hong Bao's involvement at The Bao and Uluh. Both of which are central issues in this litigation.

## III. EXCLUDING THESE WITNESSES WOULD UNFAIRLY PREJUDICE DEFENDANTS

Excluding these witnesses would severely prejudice Defendants by depriving them of an opportunity to present evidence directly relevant to the calculation of damages. The FRCP states that a "party that without substantial justification fails to disclose information required by Rule 26(a) … is not, unless such failure is harmless, permitted to use as evidence at a trial … any

witness ... not so disclosed." *Fed. R. Civ. P. 37(c)(1)*. Here, the failure to disclose is harmless, as Plaintiffs have pointed out in their Motion, the proposed testimonies of the unidentified witnesses

## IV. PLAINTIFFS' CLAIMS OF UNDUE PREJUDICE AND DELAY ARE OVERSTATED

Plaintiffs argue that allowing these witnesses to testify will result in undue prejudice and delay due to the age of this case. However, the age of the case does not warrant the exclusion of relevant testimony, particularly when Plaintiffs were aware of these witnesses' identities from discovery materials. Moreover, Plaintiffs argue that due to lacking the opportunity to examine and/or depose the witnesses, while Defendants supposedly had access to these witnesses, it must be pointed out that Mr. Wu and Ms. Zhou had not been in the employ of The Bao and Uluh for a prolonged period of time, and Ms. Rachata and Ms. Amnuaychottha are only expected to testify as to a very narrow subject. Furthermore, Defendants have not had the chance to depose or examine Mr. Wu and Ms. Zhou, meaning that any prejudice faced by Plaintiffs regarding these two witnesses is negated by the fact that Defendants may face the same prejudice. Lastly, Plaintiffs will have the same opportunity as Defendants, to examine these witnesses at trial, and if there are any further concerns regarding the undue delay, the testimonies of these witnesses could specifically be limited to the proposed testimonies in the Joint Pretrial Order.

## V. CLASS MEMBERS MAY PARTICIPATE IN CLASS ACTION LITIGATION

Plaintiffs contend that absent class members should not be permitted to testify as adverse witnesses for Defendants, asserting that such testimony is inconsistent with class action practice. However, this assertion is unfounded. Mr. Wu and Ms. Zhou have not been employed at The Bao or Uluh for a significant period of time, and Defendants have not had the opportunity to depose or examine these witnesses during discovery. As such, it is premature and speculative to conclude that these witnesses are adverse to Plaintiffs' interests. Plaintiffs asserted that a heavy burden is

placed on defendants to justify discovery on absent class members. *See Indergit v. Rite Aid Corporation*, No. 08 Civ. 9361, 2015 WL 7736533, at *1 (S.D.N.Y. Nov. 30, 2015). However, by allowing these witnesses to testify, the Court ensures that all relevant and probative evidence is available for consideration and available for Defendants to build their case. The witnesses Plaintiffs seek to preclude are not being compelled to participate actively in the litigation; rather, their testimony will address discrete issues of damages critical to Defendants' defense.

## VI.   BOTH PARTIES FACE EQUAL PREJUDICE DUE TO LIMITED DISCLOSURE

Defendants are in the same position as Plaintiffs regarding Mr. Wu and Ms. Zhou, as neither party has deposed or examined them. Allowing their testimony would not create an unfair advantage but rather ensure that the factfinder has access to all relevant evidence necessary to resolve the damages dispute fairly.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motions in Limine to preclude Defendants from calling the proposed witnesses at trial.

Date:   November 18, 2024          Respectfully submitted,
        Hackensack, New Jersey

                                                 By:   /s/ Jonathan Ng
                                                       Jonathan Ng, Esq.

                                                       WHITE & NG, LLC
                                                       190 Moore Street, Suite 204
                                                       Hackensack, New Jersey 07601
                                                       Tel: (201) 968-5022
                                                       Fax: (202) 916-8998
                                                       jonathan@whiteng.co

                                                       *Attorneys for Defendants*