UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
JESSY MANGAHAS, and PITCHAYA WOHLFAHRT, :
*on behalf of themselves and all others similarly situated*, :
:
                            Plaintiffs, :    22-cv-4150 (LJL)
:
              -v- :    MEMORANDUM AND
:            ORDER
EIGHT ORANGES INC. d/b/a THE BAO, CHIBAOLA :
INC. d/b/a ULUH, JOANNE HONG BAO, and :
RICHARD LAM :
:
                          Defendants. :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Defendants' motion in limine seeking to preclude Plaintiffs' admission of Keno Dacusin's deposition in lieu of live testimony, Dkt. No. 173, is denied.[1] Plaintiffs have made a showing of Dacusin's unavailability under Rule 32(a)(4)(B), which states that "[a] party may use for any purpose the deposition of a witness, . . . if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4)(B). Dacusin presently resides in Honolulu, Hawaii and there is no indication Plaintiffs are responsible for his relocation. Dkt. No. 180-2. The Court thus admits the deposition testimony of Dacusin. *See AmTrust N. Am., Inc. v. KF&B, Inc.*, 2020 WL 5552522, at *2–3

---

[1] Plaintiffs state that they have withdrawn Wen Bin Zhu's deposition designations and will present Zhu as a live witness. Dkt. No. 179 at 1. The Court therefore does not address the portion of Defendants' motion in limine that seeks to preclude Plaintiffs' admission of Zhu's deposition in lieu of live testimony, Dkt. No. 173.

& n.5 (S.D.N.Y. Sept. 16, 2020); *Williams v. City of New York*, 2023 WL 2911023, at *7–8 (S.D.N.Y. Apr. 12, 2023).

Plaintiffs' motion in limine seeking to exclude the testimony of Linze Wu, Zeqi Zhou, Suttiprapa Rachata, and Napatwaran Amnuaychottha is denied. Rule 26(a)(1) requires only the identification of witnesses likely to have discoverable information and Rule 26(e) requires an update only if the "corrective information has not otherwise been made known to [Plaintiff] during the discovery process." Fed R. Civ. P. 26(a)(1), (e). Plaintiffs would have known from Defendants' responses to Plaintiffs' interrogatories as well as from document production that these individuals were likely to have discoverable information. *See Howard Univ. v. Borders*, 2022 WL 3568477, at *2 (S.D.N.Y. Aug. 17, 2022) (collecting cases). Furthermore, although Wu and Zhou are members of the Rule 23 class, courts in this District have recognized that a defendant's ability to mount an effective defense may occasionally outweigh the competing interests of the absent class members in remaining passive. *See, e.g.*, *Indergit v. Rite Aid Corp.*, 2015 WL 7736533, at *1–3 (S.D.N.Y. Nov. 30, 2015); *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 70–71 (S.D.N.Y. 2020).

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 170 and 173.

SO ORDERED.

Dated: November 22, 2024
      New York, New York

                                              LEWIS J. LIMAN
                                        United States District Judge