

28 Liberty Street, 30th Floor • New York, NY 10005
Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

June 24, 2025

**VIA CM/ECF**
Hon. Lewis J. Liman, U.S.D.J.
U.S. District Court for the
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

*Re: Mangahas v. Eight Oranges Inc. et al.*, No. 22 Civ. 04150 (S.D.N.Y.)

Dear Judge Liman:

We represent the Plaintiffs and Class Members in the above-referenced matter. We write to update the Court on the progress of settlement and request that the Court reschedule the currently scheduled July 17, 2025 telephonic fairness hearing to the same day that there would be a final approval hearing in this matter if preliminary approval is granted.

As the Court will recall, this case was settled in principle in late November 2024 just a few days prior to the opening of trial. The Court set a fairness hearing for July 17, 2025, with a supporting letter due July 10, 2025. ECF No. 190. Since this order, the Parties have negotiated the long form agreement over the past several months and as of yesterday finalized it for execution and are awaiting signatures.

The Parties respectfully request that the July 17, 2025 hearing be adjourned because it will be duplicative of what can be expected at the final fairness hearing should the Court grant preliminary approval of the settlement.[1] Courts in this Circuit often grant preliminary approval without hearing a hearing or court appearance. *See, e.g.*, *In re Appharvest Securities Litigation*, No. 21 Civ. 07985 (LJL), 2024 WL 967258, at *1 (S.D.N.Y. March 6, 2024) (granting preliminary approval without hearing) (Liman, J.); *Abarza v. Spirit Pharmaceuticals* LLC, No. 23 Civ. 03637 (JMW), 2025 WL 1519147, at *1 (E.D.N.Y. May 28, 2025) (granting preliminary approval without hearing). This makes sense considering that preliminary approval requires only "an initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *See Chhab v. Darden Restaurants, Inc.*, No. 11 Civ. 8345 (NRB), 2016 WL 3004511, at *1 (S.D.N.Y. May 20, 2016).

Respectfully, we submit this fairness hearing would be better held after the notice process where the Court would have full knowledge of the notice process (*i.e.* – any opt outs, objections, etc.). Additionally, adjourning this conference would conserve judicial and party resources, including the costs associated with an interpreter for Ms. Wohlfahrt, where its topics would be duplicative of a final fairness hearing that would be held in the future. Plaintiffs would keep the July 10, 2025 deadline for the filing of the formal motion for preliminary approval motion.

---

[1] This settlement is a traditional Rule 23 opt out settlement that contemplates a motion for preliminary approval and one for final approval after the notice period ends. Anything that would be addressed at a *Cheeks* conference would be also discussed at a final approval hearing.

Fitapelli & Schaffer, LLP
June 24, 2025
Page 2

    This is the first request for an adjournment of the July 17, 2025 hearing. There are no other scheduled appearances before the Court at this time.

    We thank the Court for its time and attention to this matter.

                                       Sincerely,

                                       /s/ Armando A. Ortiz

                                     Armando A. Ortiz

Enclosure

CC:    Defendant Counsel (via ECF)