UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSY MANGAHAS, and PITHCHAYA WOHLFAHRT, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>  -against-<br><br>EIGHT ORANGES INC. DBA THE BAO; CHIBAOLA, INC. DBA ULUH; JOANNE HONG BAO, individually, and RICHARD LAM, individually,<br><br>                Defendants. | Case No. 22 Civ. 04150 (LJL) |

**ORDER GRANTING
PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Having considered Plaintiffs' Motion for Final Approval of Class Action Settlement, the supporting memorandum of law and the Declarations of Armando Ortiz and Sara Schwermer-Sween and exhibits thereto, the oral arguments presented at the October 21, 2025 Fairness Hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:**

1. This Order incorporates by reference the definitions in the parties' Settlement Agreement and Release (the "Settlement Agreement") dated July 10, 2025. ECF No. 194-1.

2. This Court approves the Settlement Agreement and its terms—except the reversion provision as specified in the Court's Opinion and Order dated October 30, 2025—and finds that the settlement is fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e).

3. The Court also certifies the proposed class under Fed. R. Civ. P. 23(e) (the "Class")

for settlement purposes.

4. For the purposes of settlement, the Court finds that the Class meets the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

5. Fitapelli & Schaffer, LLP ("F&S") meets the adequacy requirement of Rule 23(a)(4) and the Court confirms its prior order appointing F&S as Class Counsel and the Named Plaintiffs as the Class Representatives.

6. The Court finds reasonable and approves the service awards requested for the Named Plaintiffs Jessy Mangahas and Pithchaya Wohlfahrt and the Opt-In Plaintiffs Ying Ying Yuan, Yonfeng Situ, Upendra Shahi, Jason Cedeno, Keno Dacusin, Thinley Kalsang, Vorrawala Aphiromden, Wen Bin Zhu, Wochao Chen, Yi Zhang, Jose Rodriguez, and Prathana Phiphatchotika. ECF No. 194-1 ¶ 3.4.

7. The Court grants Class Counsel's request for attorneys' fees and costs in the amount of $583,333.33, which is 33.3% of the settlement. The award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims.

8. The Court approves $35,000.00 in administrative costs to Rust Consulting as outlined in the Settlement Agreement.

9. The Final Effective Date will be thirty (30) days following the date of this Order. If rehearing, reconsideration or appellate review is sought, the Effective Date shall be upon the Court's entry of a final order resolving any appeals.

10. Defendants shall fund the remainder of the Settlement pursuant to paragraph 3.1(B) of the Settlement Agreement, which shall be the later of November 14, 2025 or 15 days after the Effective Date.

3

11.   The claims administrator will disburse settlement checks to Class Members, Court-approved attorneys' fees and expenses, and the Court-approved service award within seven (7) after the settlement is funded.

12.   The parties shall apply to the Court for an order granting (1) a *cy pres* award to a labor-law related charity of their choosing with any settlement funds remaining from uncashed or undelivered checks and (2) an award reimbursing Defendants for the additional administrative costs as specified in the Court's Opinion and Order dated October 30, 2025.

13.   The Court will retain jurisdiction over the interpretation and implementation of the Settlement Agreement.

14.   The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this 30th day of October, 2025.

_____
Hon. Lewis J. Liman, United States District Judge

3