

28 Liberty Street, 30th Floor • New York, NY 10005

Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

April 6, 2026

**VIA CM/ECF**
Hon. Lewis J. Liman, U.S.D.J.
U.S. District Court for the
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

***Re: Mangahas v. Eight Oranges Inc. et al.*, No. 22 Civ. 04150 (S.D.N.Y.)**

Dear Judge Liman,

We represent the Plaintiffs, opt-in Plaintiffs, and the Class in the above referenced matter. We write to request an in person conference mandating Defendants' appearance to discuss their refusal to comply with the funding obligations of the Court-approved settlement.

***Relevant Procedural History***

The Court granted final approval of the $1.75 million class settlement on October 30, 2025, subsequently entering final judgment on October 31, 2025. ECF Nos. 211-213. As Defendants previously deposited $500,000.00 into an escrow account established by Rust Consulting, the Settlement Agreement mandates that the remaining $1.25 million dollars be deposited no later than fifteen days after the Effective Date.[1] As defined in the Settlement Agreement, the Effective Date is the later of: 1) 30 days after final approval if no appeal is taken, or 2) the entry of a final order and judgment after all appeals are resolved or the time to do so has expired. (ECF No. 206-1 ¶ 1.8).

Defendants delayed the Effective Date through various post final approval requests. For instance, Defendants moved for reconsideration for the Court's reversion rejection on November 13, 2026. The Court rejected this on December 10, 2025. ECF No. 221. Then, Defendants filed a Notice of Appeal on January 9, 2026, appealing the Court's decision on reversion. During this time, the Effective Date had been stayed even though the appeal did not address any other parts of the Final Approval Order.

On March 19, 2026, the Second Circuit Court of Appeals entered a mandate with the District Court confirming that the appeal was dismissed. ECF No. 223. Thus, per the Settlement Agreement, the Effective Date is March 19, 2026. Therefore, funding of the remaining settlement payment was due April 2, 2026.

---

[1] The Settlement Agreement may be located at ECF No. 206-1 ("Settlement Agreement"). Mailing of settlement checks to Class Members would then occur seven days after funding. Settlement Agreement ¶ 3.5(D).

Fitapelli & Schaffer, LLP
April 6, 2024
Page 2

### *Defendants' Breach of Funding Obligation*

The Defendants are in breach of the Settlement Agreement because funding has not yet occurred. While in normal circumstances a delay of a few days would not necessitate immediate Court intervention, this case is an outlier.

On January 20, 2026, Counsel for the Parties had a telephone call where Defendants' Counsel asked for more time to pay. Given the Defendants' various business ventures (including *new* restaurants opening after the settlement was reached), Class Counsel informed Defendants' Counsel any extensions of time to pay would only be considered upon full financial disclosure that proved an inability to make timely payment. Part of this disclosure would include both personal and individual tax returns, among other items. On March 17, 2026, only corporate disclosures were produced to Class Counsel.

The Parties held another almost hour-long telephone call on March 25, 2026. Class Counsel outlined again all of Defendants' successful business ventures and informed Defendants that an inability to pay has not been demonstrated, especially considering the lack of individual tax returns. Class Counsel reiterated that no extensions of time would be given with what was disclosed, and frankly, if additional time to pay is requested then it would require an additional payment of money above the remaining Settlement Payment. In sum, we put the ball in Defendants' court to come to us with full financial disclosure and a monetary offer to delay payment. To date, Defendants have not provided any additional financial disclosure or any offers to extend the time to pay.

### *Relief Requested*

We respectfully request that the Court schedule an in-person conference to discuss Defendants' breach of the agreement and mandate Mr. Lam and Ms. Hong Bao's to attend, as we do not believe they are taking their obligations under the settlement agreement seriously.

We thank the Court for its time and attention to this issue.

Sincerely,

/s/ Armando A. Ortiz
Armando A. Ortiz

*Counsel for Plaintiffs, Opt-in Plaintiffs, and Class Members*

CC:   Defendants' Counsel (via ECF)